IN THE UNITED STATES COURT OF FEDERAL CLAIMS

FILED
JAN - 9 2006
U.S. COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **J & J Fernandez Ventures, L.P., a California Limited Partnership and JMJV Management Corporation as General Partner and as Tax Matters Partner,** | § | |
| **Plaintiffs,** | § | **Case No.** ____ |
| **v.** | § | |
| **United States of America,** | § | |
| **Defendant.** | § | |

**COMPLAINT FOR READJUSTMENT OF PARTNERSHIP ITEMS UNDER CODE SECTION 6226**

Plaintiffs J & J Fernandez Ventures, L.P., a California limited partnership, and JMJV Management Corporation as general partner and as Tax Matters Partner (collectively "Plaintiffs"), file this Complaint for Readjustment of Partnership Items under 26 U.S.C. § 6226 (the "Complaint") against Defendant, The United States of America. In support of this Complaint, Plaintiffs will show the Court as follows:

## I. PLAINTIFFS

1. **Plaintiff J & J Fernandez Ventures, L.P.** (the "Partnership") is a California limited partnership, with federal employer identification number 33-0883605. The Partnership's principal place of business is located at 5431-C Avenida Encinas, Carlsbad, California, 92008.

2. **Plaintiff JMJV Management Corporation** ("JMJV") is a California corporation and general partner of the Partnership, with federal employer identification

number 33-0883604. JMJV's principal place of business is located at 5431-C Avenida Encinas, Carlsbad California, 92008. For the taxable years at issue, JMJV filed an IRS Form 1120S as a Subchapter-S corporation and held a .017% general partnership interest in the Partnership.

3. JMJV is the Tax Matters Partner of the Partnership for the taxable years at issue.

## II. PARTIES PURSUANT TO 26 USC § 6226(c) AND NOTICE OF FINAL PARTNERSHIP ADMINISTRATIVE ADJUSTMENT

4. **Joseph M. Fernandez and Joan V. Fernandez** ("Mr. and Mrs. Fernandez") are U.S. citizens and residents of the State of California, with a mailing address of 3930 Skyline Drive, Carlsbad, California, 92008. Joseph M. Fernandez's social security number is 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, and Joan V. Fernandez's social security number is 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. Mr. and Mrs. Fernandez filed a joint Form 1040 return for the taxable years at issue.

5. Mr. and Mrs. Fernandez are co-grantors of the **Fernandez Family Trust** (the "Family Trust"), a California trust and partner of the Partnership, with federal employer identification number 91-6495988. The trust's principal place of business is located at 3930 Skyline Drive, Carlsbad, California, 92008. The Family Trust is classified as a grantor trust under Subchapter J of the Internal Revenue Code (the "Code"), and therefore is disregarded as an entity separate from Mr. and Mrs. Fernandez for federal income tax purposes. For the taxable years at issue, the Family Trust filed an IRS Form 1041 as a grantor trust and held a 48.983% limited partnership interest in the Partnership.

6. **The Joseph M. Fernandez Descendants' Trust f/b/o Dean M. Fernandez** is a South Dakota trust and partner of the Partnership, with federal identification number 91-

6500141. The trustee of the trust is North Point Trust Company, LLC. and the trust's principal place of business is located at 1719 W. Main Street, Suite 401, Rapid City, South Dakota, 57702. For the taxable years at issue, the trust filed an IRS Form 1041 as a complex trust and held a 12.75% limited partnership interest in the Partnership.

7. **The Joseph M. Fernandez Descendants' Trust f/b/o Nichole M. Fernandez** is a South Dakota trust and partner of the Partnership, with federal identification number 91-6522308. The trustee of the trust is North Point Trust Company, LLC. and the trust's principal place of business is located at 1719 W. Main Street, Suite 401, Rapid City, South Dakota, 57702. For the taxable years at issue, the trust filed an IRS Form 1041 as a complex trust and held a 12.75% limited partnership interest in the Partnership.

8. **The Joan V. Fernandez Descendants' Trust f/b/o Dean M. Fernandez** is a South Dakota trust and partner of the Partnership, with federal identification number 91-6500142. The trustee of the trust is North Point Trust Company, LLC. and the trust's principal place of business is located at 1719 W. Main Street, Suite 401, Rapid City, South Dakota, 57702. For the taxable years at issue, the trust filed an IRS Form 1041 as a complex trust and held a 12.75% limited partnership interest in the Partnership.

9. **The Joan V. Fernandez Descendants' Trust f/b/o Nichole M. Fernandez** is a South Dakota trust and partner of the Partnership, with federal identification number 91-6522309. The trustee of the trust is North Point Trust Company, LLC. and the trust's principal place of business is located at 1719 W. Main Street, Suite 401, Rapid City, South Dakota, 57702. For the taxable years at issue, the trust filed an IRS Form 1041 as a complex trust and held a 12.75% limited partnership interest in the Partnership.

10. Collectively, the above Joseph M. Fernandez Descendants' Trust f/b/o Dean M. Fernandez, Joseph M. Fernandez Descendants' Trust f/b/o Nichole M. Fernandez, Joan V. Fernandez Descendants' Trust f/b/o Dean M. Fernandez, and Joan V. Fernandez Descendants' Trust f/b/o Nichole M. Fernandez are referred to herein as the "Descendants' Trusts."

11. The Partnership timely filed its partnership return (IRS Form 1065) for the taxable years ended December 31, 2001, December 31, 2002 and December 31, 2003 with the Internal Revenue Service located in Ogden, Utah.

12. On October 13, 2005, the Commissioner of Internal Revenue (the "Commissioner") issued a Notice of Final Partnership Administrative Adjustment (the "FPAA") against the Partnership for the taxable years ended December 31, 2001, December 31, 2002 and December 31, 2003. A copy of the FPAA is attached hereto as Exhibit "A." The Commissioner issued the FPAA to each of the Plaintiffs from the following address: Internal Revenue Service ("IRS"), P.O. Box 66781, Stop 4020 STL, St. Louis, MO, 63166.

13. The proposed adjustments set forth in the FPAA would result in deficiencies for the Plaintiffs for the taxable years 2001, 2002 and 2003 because each Plaintiff is a partner in the Partnership as described above.

14. Plaintiffs are filing this Complaint within ninety days after the day on which the FPAA was mailed to JMJV, Tax Matters Partner.

15. According to Code Sections 6226(a), 6226(c), and 6226(d), Plaintiffs have standing to bring this Complaint.

## III. DEFENDANT

16. Defendant is The United States of America and may be served, pursuant to Rule 4 of the Rules of the United States Court of Federal Claims, through delivery by the Clerk of the United States Court of Federal Claims to the U. S. Attorney General of five copies of the Complaint.

## IV. STATEMENT OF CASE

17. This is a civil action arising under Section 6226(a) of the Code for the redetermination of final partnership administrative adjustments to the Partnership's Form 1065 return for the taxable years ended December 30, 2001, December 31, 2002, and December 31, 2003, as set forth by the Commissioner in the FPAA.

18. The Commissioner erroneously determined that the Partnership's adjusted basis in the shares of Invitrogen Corporation common stock it sold during the taxable years at issue was zero (-0-) for purposes of determining gain or loss on the sale of such stock under Code Section 1001. Consequently, the Commissioner erred in determining that the Partnership recognized net long-term capital gain of $13,839,889, $16,444,890, and $9,751,537 for the taxable years 2001, 2002, and 2003, respectively, instead of $3,326,833, $4,757,946, and $3,031,537, respectively, as reported on the Partnership's returns for those taxable years. The Commissioner also erroneously determined that penalties under Code Section 6662 should be imposed. Moreover, the Commissioner erred, among other reasons, because the statute of limitation bars his determinations and because the FPAA is invalid.

## V. JURISDICTION AND VENUE

19. Code Sections 6226(a) and 6226(c) confer jurisdiction on this Court.

20. For jurisdiction purposes, Plaintiffs have complied with the requirements of Code Section 6226(e) by depositing the amount by which their respective federal income tax liability would be increased if treatment of the Partnership's partnership items on their tax returns for the tax years at issue were made consistent with the treatment of those partnership items as adjusted by the Commissioner in the FPAA. These deposits were remitted to the Internal Revenue Service located at 3651 South Interregional Highway, Austin, Texas 78741.

21. Plaintiffs have made the following deposits for the taxable years at issue:

| | **Amount of Deposit** | | |
|---|---|---|---|
| **Plaintiff** | **2001** | **2002** | **2003** |
| Joseph M. and Joan V. Fernandez[1] | $591,481.00 | $1,317,498.00 | $308,144.00 |
| Joseph M. Fernandez Descendants' Trust f/b/o Dean M. Fernandez | $278,565.00 | $302,332.00 | $80,542.00 |
| Joseph M. Fernandez Descendants' Trust f/b/o Nichole M. Fernandez | $278,565.00 | $302,332.00 | $80,538.00 |
| Joan V. Fernandez Descendants' Trust f/b/o Dean M. Fernandez | $278,565.00 | $302,332.00 | $81,387.00 |
| Joan V. Fernandez Descendants' Trust f/b/o Nichole M. Fernandez | $278,565.00 | $302,332.00 | $79,950.00 |

22. True and correct copies of the deposits sent to the IRS are attached to this Complaint as Exhibit "B."

[1] Mr. and Mrs. Fernandez, as co-grantors of the Family Trust, a grantor trust disregarded for federal income tax purposes and the sole owner of JMJV, an S-corporation for federal income tax purposes, both of which are partners of the Partnership for the taxable years at issue, have deposited the amount by which their federal income tax liability would be increased if the treatment of the Partnership's items for the taxable years at issue were made consistent with the treatment of those items as set forth in the FPAA.

## VI. DESCRIPTION OF TRANSACTIONS

23. Plaintiffs entered into the following transactions (the "Transactions"), which provide the basis for the issues in this case.

24. On or about December 8, 1999, the Family Trust entered into a short sale transaction involving U.S. Treasury securities (the "Short Sale").

25. On or about December 9, 1999, the Family Trust and JMJV formed the Partnership. In connection therewith, JMJV contributed to the Partnership a note in exchange for a 0.017% general partner interest. The Family Trust contributed to the Partnership the Short Sale proceeds and the corresponding obligation to close the Short Sale, together with 1,250,341 shares of common stock in Invitrogen Corporation, in exchange for a 99.983% limited partner interest.

26. On December 10, 1999, as part of their estate planning, Mr. and Mrs. Fernandez created the Joseph M. Fernandez Descendents' Trust and the Joan V. Fernandez Descendents' Trust. Mr. and Mrs. Fernandez funded each trust with an installment note in the original principal amount of $500,000.

27. On December 15, 1999, the Partnership closed the Short Sale.

28. On December 16, 1999, the Family Trust sold to each of the Joseph M. Fernandez Descendents' Trust and the Joan V. Fernandez Descendents' Trust a 25.50% limited partnership interest in the Partnership in exchange for a note from each trust in the original principal amount of $15,693,783 (collectively, the "Notes"). Each Note was secured by the respective trust's limited partner interest in the Partnership in accordance with the terms of the Note and the Pledge and Security Agreement executed by the parties in connection therewith and effective as of the same date.

29. Both the Joseph M. Fernandez Descendents' Trust and the Joan V. Fernandez Descendents' Trust had the ability to repay the Notes, and in fact, have repaid the full amounts owed under the Notes plus accrued interest.

30. All payments due under the Notes were made in a timely fashion, and in fact were made before the due date of payment according to the terms of the Notes.

31. Neither the Partnership's transfer of the partnership interests to each of the Joseph M. Fernandez Descendents' Trust and the Joan V. Fernandez Descendents' Trust, nor the aforesaid trusts' transfer of the Notes to the Partnership in exchange therefor, may be classified as a gift or anything other than a sale or exchange for federal income tax purposes.

32. On April 14, 2000, the Partnership mailed to the IRS its Form 1065 for the short taxable year ended December 16, 1999, reporting thereon the $95,287 loss from the Short Sale and including therewith a statement that a Code Section 754 election was made and that the basis of the Partnership's assets was adjusted according to Code Section 743(b). The IRS received the foregoing return on April 18, 2000.

33. On April 14, 2000, the Partnership mailed to the IRS its Form 1065 for the short taxable year ended December 31, 1999, including therewith a statement that Code Section 754 election was made and that the basis of the Partnership's assets was adjusted according to Code Section 743(b). The IRS received the foregoing return on April 18, 2000.

34. On April 14, 2000, JMJV mailed to the IRS its Form 1120S for the taxable year 1999, which the IRS received on April 18, 2000.

35. On April 14, 2000, the Family Trust mailed to the IRS its Form 1041 for the taxable year 1999, which the IRS received on April 18, 2000.

36. On or about April 14, 2000, Mr. and Mrs. Fernandez mailed their joint Form 1040 return for the taxable year 1999, which the IRS received on April 17, 2000.

37. Neither the Partnership nor any of its partners agreed to extend any applicable statute of limitations for the Partnership's short taxable year ended December 16, 1999.

38. Neither the Partnership nor any of its partners agreed to extend any applicable statute of limitations for the Partnership's short taxable year ended December 31, 1999.

39. The IRS has not issued any notice of final partnership administrative adjustment to either the Partnership or JMJV for the Partnership's short taxable year ended December 16, 1999.

40. The IRS has not issued any notice of final partnership administrative adjustment to either the Partnership or JMJV for the Partnership's short taxable year ended December 31, 1999.

41. None of the Partnership's partners ever agreed to extend any period of limitations relating to any partners' individual tax return for the taxable year 1999.

42. The IRS has not issued any statutory notice of deficiency to either Joseph M. or Joan V. Fernandez for the taxable year 1999.

43. On or about December 31, 2000, the Joseph M. Fernandez Descendents' Trust split, creating the following two separate trusts: (i) The Joseph M. Fernandez Descendents' Trust f/b/o Dean M. Fernandez, and (ii) The Joseph M. Fernandez

Descendents' Trust f/b/o Nichole M. Fernandez. In connection therewith, the assets of the Joseph M. Fernandez Descendents' Trust were divided equally between the two resulting trusts, with the Joseph M. Fernandez Descendents' Trust f/b/o Dean M. Fernandez and the Joseph M. Fernandez Descendents' Trust f/b/o Nichole M. Fernandez each acquiring a 12.75% limited partner interest in the Partnership.

44. On the same date, the Joan V. Fernandez Descendents' Trust also split, creating the following two separate trusts: (i) The Joan V. Fernandez Descendents' Trust f/b/o Dean M. Fernandez, and (ii) The Joan V. Fernandez Descendents' Trust f/b/o Nichole M. Fernandez. In connection therewith, the assets of the Joan V. Fernandez Descendents' Trust were divided equally between the two resulting trusts, with the Joseph M. Fernandez Descendents' Trust f/b/o Dean M. Fernandez and the Joseph M. Fernandez Descendents' Trust f/b/o Nichole M. Fernandez each acquiring a 12.75% limited partner interest in the Partnership.

45. During the taxable year ended December 31, 2001, the Partnership sold 219,022 shares of Invitrogen Corporation common stock. On the sale of those shares, the Partnership recognized for federal income tax purposes a capital gain in the aggregate amount of $3,157,650.

46. The Partnership filed with the IRS a Form 1065 for the taxable year ended December 31, 2001. On that return, the Partnership reported its $3,157,650 gain on the sale of the Invitrogen stock during the taxable year. The Partnership also reported a basis in the stock equal to $10,513,056 ($48.00 per share).

47. During the taxable year ended December 31, 2002, the Partnership sold 243,478 shares of Invitrogen Corporation common stock. On the sale of those shares, the

Partnership recognized for federal income tax purposes a capital gain in the aggregate amount of $6,285,511.

48. The Partnership filed with the IRS a Form 1065 for the taxable year ended December 31, 2002. On that return, the Partnership reported its $6,285,511 gain on the sale of the Invitrogen stock during the taxable year. The Partnership also reported a basis in the stock equal to $11,686,944 ($48.00 per share).

49. During the taxable year ended December 31, 2003, the Partnership sold 140,000 shares of Invitrogen Corporation common stock. On the sale of those shares, the Partnership recognized for federal income tax purposes a capital gain in the aggregate amount of $2,894,950.

50. The Partnership filed with the IRS a Form 1065 for the taxable year ended December 31, 2003. On that return, the Partnership reported its $2,894,950 gain on the sale of the Invitrogen stock during the taxable year. The Partnership also reported a basis in the stock equal to $6,720,000 ($48.00 per share).

## VII. RELIANCE ON TAX PROFESSIONALS

51. Plaintiffs sought and reasonably relied in good faith on the advice, counsel, and guidance of competent tax professionals, including but not limited to, professionals at Ahrens & DeAngeli, P.L.L.C. in determining the federal income tax consequences of the Transactions described above. In addition, Plaintiffs had a professional accountant, Larry S. Poster, CPA, prepare the 1999 through 2003 returns for the Partnership, JMJV, the Family Trust, the Descendants' Trusts, and Mr. and Mrs. Fernandez.

## VIII. COMMISSIONER'S ERRORS IN THE FPAA

52. Plaintiffs incorporate paragraphs 1 through 51 as though fully set forth here.

53. In its FPAA, the Commissioner erred in determining that the amount of the Partnership's adjusted basis in its shares of Invitrogen Corporation common stock sold during the taxable years 2001, 2002, and 2003 (collectively, the "Sold Shares") was zero (0) instead of $48.00 per share as claimed on the Partnership's return for those taxable years. Consequently, the Commissioner erred in concluding that the Partnership has net long-term capital gain of: (i) $13,839,889 for the taxable year 2001 instead of $3,326,833 as reported on the Partnership's 2001 Form 1065; (ii) $16,444,890 for the taxable year 2002 instead of $4,757,946 as reported on the Partnership's 2002 Form 1065; and (iii) $9,838,630 for the taxable year 2003 instead of $3,118,630 as reported on the Partnership's 2003 Form 1065.

54. In its FPAA, the Commissioner erred in determining that the Partnership failed to establish that the Partnership's adjusted basis in the Sold Shares was more than zero (-0-) for purposes of determining gain or loss on the sale under Code Section 1001.

55. In its FPAA, the Commissioner erred in determining that the Partnership failed to establish that there was an adjustment to the basis of the Sold Shares under Code Sections 734 or 743.

56. In its FPAA, the Commissioner erred in determining that the Partnership failed to establish that the Partnership's carryover basis from 1999 in the Sold Shares under Code Section 723 was more than zero (-0-) at the time the Sold Shares were contributed to the Partnership.

57. In its FPAA, the Commissioner erred in determining that, as a result of the basis adjustment to the Sold Shares, the amount of the Partnership's net long-term capital gain for taxable year 2001, 2002, and 2003 is increased by $10,513,056, $11,686,944, and $ 6,720,000, respectively.

58. In its FPAA, the Commissioner erred in determining that the corrected amount of the Partnership's net long-term capital gain for the taxable year 2001, 2002, and 2003 should be allocated among the partners in accordance with their respective percentage interests in the Partnership under Code Section 704(b).

59. In its FPAA, the Commissioner erred in reducing the partners' capital account balances by $18,416,216, $6,729,272, and $9,272 for the taxable years 2001, 2002, and 2003, respectively.

60. In its FPAA, the Commissioner erred in determining that the accuracy-related penalties provided by Code Sections 6662(a) and 6662(h) apply to the entire amount of any underpayment of tax attributable to the increase in the amount of the Partnership's net long-term capital gain for the taxable years 2001, 2002, and/or 2003.

61. In its FPAA, the Commissioner erred in determining that the entire amount of any underpayment of tax attributable to the increase in the amount of the Partnership's net long-term capital gain for the taxable years 2001, 2002, and/or 2003 is attributable to a gross valuation misstatement under Code Section 6662(h).

62. In its FPAA, the Commissioner erred in alternatively determining that the entire amount of any underpayment of tax attributable to the increase in the amount of the Partnership's net long-term capital gain for the taxable years 2001, 2002, and/or 2003 is attributable to a substantial valuation misstatement under Code Section 6662(e).

63. In its FPAA, the Commissioner erred in alternatively determining that the entire amount of any underpayment of tax attributable to the increase in the amount of the Partnership's net long-term capital gain for the taxable years 2001, 2002, and/or 2003 is attributable to negligence or disregard of rules and regulations for filing income tax returns under Code Sections 6662(a), 6662(b)(1), and 6662(c).

64. In its FPAA, the Commissioner erred in alternatively determining that the entire amount of underpayment of tax attributable to the increase in the amount of the Partnership's net long-term capital gain for the taxable years 2001, 2002, and/or 2003 is attributable to a substantial understatement of income tax under Code Sections 6662(a), 6662(b)(2), 6662(d)(1), and 6662(d)(2)(A).

65. In its FPAA, the Commissioner erred in alternatively determining that the entire amount of the Partnership's net long-term capital gain for the taxable years 2001, 2002, and/or 2003 is attributable to a substantial understatement of income tax under Code Sections 6662(a), 6662(b)(2), 6662(d)(1) and 6662(d)(2)(c).

66. In its FPAA, the Commissioner further erred in alternatively determining that neither Joseph M. Fernandez nor Joan V. Fernandez, in their respective capacities as officers and shareholders of JMJV, acted in good faith, and neither of them had reasonable cause for purposes of Code Section 6664 with respect to any underpayment of tax attributable to the increase in the amount of the Partnership's net long-term capital gain for the taxable years 2001, 2002, and/or 2003.

## IX. PARTNERSHIP'S CORRECT TREATMENT OF TAX ITEMS

67. Plaintiffs incorporate paragraphs 1 through 66 as though fully set forth herein.

68. Plaintiffs properly determined all items of income, loss, deduction, and credit of the Partnership for the taxable years 2001, 2002, and 2003.

69. Plaintiffs properly determined and reported the Partnership's adjusted basis in the Sold Shares for the taxable years 2001, 2002, and 2003, which was the result of the Transactions and the Code Section 754 election made in 1999. Consequently, Plaintiffs properly determined and reported the Partnership's capital gain on the sale of the Sold Shares during the tax years at issue.

70. The Plaintiffs properly determined and reported the Partnership's net long-term capital gain in the amount of $3,326,833, $4,757,946, and $3,031,537 for the taxable years 2001, 2002, and 2003 (post-May 5, 2003), respectively.

71. Plaintiffs have adequately established and have furthermore properly reported the Partnership's adjusted basis in the Sold Shares for purposes of determining gain or loss on the sale under Code Section 1001.

72. Plaintiffs have established that there was an adjustment to the basis of the Sold Shares under Code Section 743 when the Joseph M. Fernandez Descendants' Trust and the Joan V. Fernandez Descendants' Trust each acquired their respective 25.5% limited partnership interests in the Partnership in taxable year 1999.

73. Plaintiffs have adequately established that the Partnership's carryover basis in the Sold Shares from the taxable year 1999 under Code Section 723 was more than zero

(0), as reported on its federal tax return, at the time the Sold Shares were contributed to the Partnership.

74. Plaintiffs properly determined and reported the amount of capital gain from the sale of the Sold Shares in the taxable years 2001, 2002, and 2003. The Commissioner may not adjust the Partnership's adjusted basis in any of the Sold Shares in order to increase the amount of the Partnership's long-term capital gain for the taxable years at issue by challenging, via the FPAA, 1999 partnership items of the Partnership as defined in Code Section 6231(a)(3).

75. Joseph M. and Joan V. Fernandez, in their respective capacities as officers and shareholders of JMJV, acted in good faith and had reasonable cause for purposes of Code Section 6664 with respect to any underpayment of tax determined for the taxable years 2001, 2002, and/or 2003.

76. Plaintiffs are not subject to accuracy-related penalties under Code Section 6662 because any tax liability ultimately determined by this Court against them is not attributable to: (a) negligence or disregard or rules or regulations; (b) any substantial understatement of income tax; or (c) any substantial or gross valuation misstatement under Chapter 1.

77. Plaintiffs are not subject to penalties under Code Section 6662 because any understatement ultimately determined by the Court is attributable to items for which the relevant facts were adequately disclosed in Plaintiffs' returns or in a statement attached to the returns, and there is a reasonable basis for the tax treatment of such item by the taxpayer.

78. The Transactions at issue in this case do not constitute a tax shelter within the meaning of Code Section 6662.

79. In the alternative, even if the Transactions do constitute a tax shelter, Plaintiffs are not subject to penalties under Code Section 6662 because any understatement ultimately determined by the Court is attributable to the tax treatment of items for which there is or was substantial authority for such treatment, and, furthermore, Plaintiffs reasonably believed that the tax treatment of such item by Plaintiffs was more likely than not the proper treatment.

80. Plaintiffs are not subject to penalties under Code Section 6662(b)(1) because they were neither negligent nor did they disregard any rules or regulations as contemplated by Code Section 6662.

81. Plaintiffs are not subject to penalties under Code Section 6662(b)(2) because there is no substantial understatement of income tax as contemplated by Code Section 6662.

82. Plaintiffs are not subject to penalties under Code Section 6662(b)(3) because there is no substantial or gross valuation misstatement as contemplated by Code Section 6662.

83. Plaintiffs are not subject to penalties under Code Section 6662 on any underpayment ultimately determined because there was reasonable cause for such underpayment and Plaintiffs acted in good faith as contemplated by Code Section 6664(c)(1).

## X. STATUTE OF LIMITATIONS AND TEFRA PROVISIONS

84. The Commissioner's adjustment of the Partnership's adjusted basis in the Sold Shares represents a partnership level adjustment subject to the TEFRA provisions of the Code (I.R.C. §§ 6221 et seq.).

85. The theories asserted by the Commissioner for adjusting the Partnership's adjusted basis in the Sold Shares in its FPAA all relate to transactions that constitute partnership items as defined in Code Section 6231(a)(3), which were reported in 1999. The TEFRA provisions therefore require the Commissioner to conduct a partnership level audit for the Partnership's 1999 tax year and timely issue a notice of final partnership administrative adjustment for that year.

86. The Commissioner is barred from adjusting the Partnership's basis in the Sold Shares because it has failed to conduct a partnership level audit and issue a notice of final partnership administrative adjustment for the year the Transactions in this case occurred (1999) as required by the TEFRA provisions.

87. The Commissioner is barred from issuing the FPAA in this case to adjust the basis in the Sold Shares by the statute of limitations in Code Sections 6501 and 6229.

88. The FPAA issued in this case improperly and illegally seeks to circumvent the TEFRA and statute of limitations provisions of the Code by adjusting the Partnership's adjusted basis in the Sold Shares in its 2001, 2002, and 2003 taxable years, as applicable.

89. Alternatively, the Commissioner is barred from issuing the FPAA in this case to make partnership-level adjustments relating to the taxable year 1999 because such partnership items are the subject matter of a TEFRA proceeding that is currently pending

in the United States Court of Federal Claims, Case No. 05-26T. Because the FPAA has been issued prior to the completion of that proceeding, the FPAA is invalid.

## XI. BURDEN OF PROOF

90. The Government has the burden of proof under Section 7491 of the Code.

## XII. PRAYER

Plaintiffs respectfully pray for judgment against Defendant and respectfully ask the Court to order Defendant to reverse the adjustments set forth in the FPAA. Plaintiffs further pray that the Court order Defendant to return all of the deposits made in connection with the FPAA and this Complaint, which total $5,108,067.00, plus interest to the Plaintiffs. Plaintiffs also request that the Court grant them such further relief, legal or equitable, to which they may be entitled.

Respectfully submitted,

By: [signature]
M. Todd Welty
Texas State Bar No. 00788642

MEADOWS, OWENS, COLLIER, REED
COUSINS & BLAU, L.L.P.
901 Main Street
Suite 3700
Dallas, TX 75202
(214) 744-3700 Telephone
(214) 747-3732 Facsimile
twelty@meadowsowens.com

ATTORNEY-IN-CHARGE
FOR PLAINTIFFS

JANUARY 6, 2006

**Notice 2000-44 Case**

**Internal Revenue Service**
P.O. Box 66781 Stop 4020 STL
Attn: Penny Schupmann
St. Louis, MO 63166

**Department of the Treasury**

Refer To: Penny Schupmann

Name of Partnership: J&J Fernandez Ventures, LP

Partnership Identifying Number: 33-0883605

Tax Year Ended: December 31, 2001, December 31, 2002
And December 31, 2003

Date: OCT 13 2005

J&J Fernandez Ventures, LP
Attn: The Tax Matters Partner
c/o Mc Kean Financial, Inc.
P.O. Box 1031
La Jolla, CA 92038-1031

Date FPAA Mailed to the Tax Matters Partner:
OCT 13 2005

Person to Contact: Penny Schupmann
Employee Number: 43-15317

Contact Telephone Number: 314-612-4367
(not a toll free number)

Contact Hours: 8:00 AM to 4:30 PM

## NOTICE OF FINAL PARTNERSHIP ADMINISTRATIVE ADJUSTMENT

The law requires us to send a Notice of Final Partnership Administrative Adjustment (FPAA) to the partnership named above, for the tax year shown above, and to each partner who is entitled to receive this notice.

We are proposing adjustments to the partnership items of the partnership and the tax year shown above. We will send the examination report outlining these adjustments to the Tax Matters Partner (TMP) of the partnership. (The TMP is the partner designated by the partnership to deal with the IRS.) He/she is also authorized to act for the partners who are not entitled to receive this notice. Any partner who wants a copy of the examination report should request it from the TMP. If the TMP is unable to provide you with a copy of the examination report, please contact the person named in the heading of this letter.

Taxable Years Ending Before August 6, 1997:

The adjustments to the partnership items reported on the partnership tax return may cause an increase or decrease to the tax liability on your individual return. Form 870-P, *Agreement to Assessment and Collection of Deficiency in Tax for Partnership Adjustments*, is a summary of the proposed adjustments to the partnership return. You can compute your share of the proposed adjustments by multiplying each adjusted partnership item by your percentage interest for that partnership item.

Taxable Years Ending After August 5, 1997:

The adjustments to the partnership items reported on the partnership tax return may cause an increase or decrease in the tax liability on your individual return. The adjustments may include partnership level determinations regarding penalties and additions to tax that relate to adjustments to partnership items. Form 870-PT, *Agreement for Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax, and Additional Amounts*, is a summary of the proposed adjustments to the partnership return. You can compute your share of the proposed adjustments by multiplying each adjusted partnership item by your percentage interest for that partnership item.

EXHIBIT
A

You have three options available to you:

**1. If you agree with the adjustments:**

Sign and return the enclosed Form 870-P/Form 870-PT. When you sign Form 870-P/Form 870-PT, you are agreeing to pay any additional tax and interest resulting from the adjustments to the partnership return. For tax years ending after August 5, 1997, you are also agreeing to any partnership level determination as to penalties, additions to tax and additional amounts that relate to adjustments to partnership items, if any. In addition, you are waiving your rights to participate in any administrative or judicial proceeding affecting partnership items and in partnership level determinations as to penalties, additions to tax and additional amounts that relate to adjustments to partnership items for the tax year in question. This is a binding settlement only if you sign and return Form 870-P/Form 870-PT and we sign on behalf of the Commissioner of Internal Revenue Service. When we sign the agreement form, the one-year extension of the period of limitations on assessments will begin under Internal Revenue Code section 6229(f). Once the agreement is signed by both parties, you may not file a claim to change the items in question or claim a refund/credit based on a readjustment.

Note: If you are the TMP of the partnership, see the section of this letter entitled, *"For the Tax Matters Partner of the Partnership"*.

**2. If you do not agree with the adjustments:**

If you are the TMP of the partnership and want to contest the adjustments in court, you must file a petition within 90 days from the date this letter. During this 90-day period, no other partner may file a petition for judicial review. You can file your petition for readjustment of partnership items with:

1. the United States Tax Court;
2. the United States Court of Federal Claims; or
3. the District Court of the United States, in the district of the partnership's principal place of business.

A petition filed by the TMP precludes all other actions. If the TMP doesn't file a petition by the 90th day from the date the FPAA was mailed, any partner or any 5 percent group entitled to receive this notice may petition one of these courts. A "5 percent group" includes any group of partners who together have an interest of five percent or more in profits of the partnership. The petition must be filed after the 90th day, but on or before the 150th day from the date the FPAA was mailed to the TMP. If more that one petition is filed in Tax Court, the first petition will go forward. All other petitions (even those filed earlier in one of the other courts) will be dismissed. If no one files a petition in Tax Court, the first petition filed in one of the other courts will go forward and subsequent petitions will be dismissed.

Petitions filed with the United States Tax Court must be mailed to:

**United States Tax Court**
**400 Second Street, NW**
**Washington, DC 20217**

Attach a copy of this letter to the petition. The time in which you must file a petition with the court is fixed by law and the court can't consider your case if your petition is filed late. If this letter is addressed to both a husband and wife and both want to petition the Tax Court, both must sign the petition or each must file a separate signed petition.

When a partner (including each member of a 5 percent group that files a petition) files a petition in either the appropriate District Court of the Court of Federal Claims, the partner filing the petition must deposit the amount that the partner's tax liability would be increased if the treatment of the partnership

items on the partner's return were made consistent with the treatment of partnership items under the FPAA. If you reported the partnership items the way the partnership reported them on its return, you can generally determine the amount to deposit by taking your pro rata share of the partnership adjustments into account in recomputing your tax. You must deposit the appropriate amount with the IRS on or before the day you file your petition.

**3. If you do nothing:**

If a petition for readjustment is not filed in any of the courts listed in this letter, the FPAA becomes final, and we will bill you for any additional tax plus interest that you may owe under the FPAA. You will not be permitted to contest the treatment of the partnership items of the partnership under the FPAA in any refund claim or suit. The law allows the Service to bill you 150 days from the mailing date of the FPAA to the TMP.

However, if a petition is filed in the Tax Court, and the Tax Court upholds the adjustments in whole or in part, we will not bill you until the Tax Court decision is final.

You may wish to contact the TMP of the partnership or your tax advisor to discuss this matter.

If you have any questions, please write to the person whose name and address are shown in the heading of this letter. If you write, attach a copy of this letter to help identify your account. Also, include your telephone number and the most convenient time for us to call you in case we need additional information.

If you prefer, you may call the IRS contact person at the telephone number shown in the heading of this letter. If this number is outside your local calling area, there will be a long distance charge to you.

Thank you for your cooperation.

Sincerely,

for Kevin Harris,
Technical Services
Territory Manager

Enclosures:
Form 870-P/Form 870-PT
Copy of this letter

**FOR THE TAX MATTERS PARTNER OF THE PARTNERSHIP**

If you are the Tax Matters Partner (TMP), you are entitled to make an agreement to bind non-notice partners to the treatment of the partnership items as shown on the enclosed schedule of adjustments. You must add the following statement above the signature blocks on the Form 870-P or Form 870-PT:

"The undersigned Tax Matters Partner is signing this offer on behalf of himself (herself) and all other partners whom he (she) has the authority to bind; a final agreement resulting from the co-signature of the Commissioner of Internal Revenue will be binding on all such other partners."

As the TMP, you may submit a petition, as described above for the partnership on behalf of all partners.

If you have any questions, you can call the IRS contact person at the telephone number shown in the heading of this letter. Thank you for your cooperation.

| Form 870-PT (08/2004) | DEPARTMENT OF THE TREASURY - INTERNAL REVENUE SERVICE<br>**Agreement for Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax, and Additional Amounts** | IN REPLY REFER TO:<br>Penny Schupmann |
|---|---|---|
| Taxpayer(s) name(s), address and ZIP code:<br>J&J Fernandez Ventures, LP<br>Attn: The Tax Matters Partner<br>c/o Mc Kean Financial, Inc.<br>P.O. Box 1031<br>La Jolla, CA 92038-1031<br><br>Taxpayer Identifying Number: 33-0883605 | Name of Partnership:<br>J&J Fernandez Ventures, LP<br>Taxpayer Identifying Number:<br>33-0883605<br><br>Name of Tax Matters Partner:<br>JMJV Management Corporation | Tax Year(s) Ended:<br>12/31/2001, 12/31/2002 , and 12/31/2003 |

## Offer of Agreement to Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax, and Additional Amounts & Waiver of Restrictions on Assessment for Partnership Items, Penalties, Additions to Tax, and Additional Amounts

Under sections 6224(c) and 7121 of the Internal Revenue Code (IRC) of 1986, the Commissioner of the Internal Revenue Service and the undersigned taxpayer(s) agree to the determination of partnership items and partnership level determinations as to penalties, additions to tax, and additional amounts that relate to adjustments to partnership items as shown on the attached schedule of adjustments.

The undersigned taxpayer(s), in accordance with IRC sections 6224(b) and 6213(d), also waive the restrictions provided by IRC sections 6225(a) and 6213(a) and consent to the assessment and collection of any deficiency attributable to partnership items, penalties, additions to tax, and additional amounts that relate to partnership items, as determined in this agreement; plus any interest provided by law.

This agreement is conditional and will not become effective or final until this agreement form is returned to the Commissioner and is signed on his or her behalf. The one-year extension of the period of limitations on assessments under IRC section 6229(f) will not begin to run until the date the Commissioner's representative signs this form on the Commissioner's behalf. If this is a partial agreement, the period of limitations for assessing any tax attributable to the settled items shall be determined as if this agreement had not been entered into.

If this part of this agreement form is signed for the Commissioner, the treatment of partnership items and partnership level determinations as to penalties, additions to tax and additional amounts that relate to adjustments to partnership items under this agreement will not be reopened in absence of fraud, malfeasance, or misrepresentation of fact. In addition, no claim for an adjustment of partnership items, refund or credit based on any change in the treatment of partnership items or partnership level determinations as to penalties, additions to tax and additional amounts may be filed or prosecuted.

| Signature of taxpayer | Date Signed |
|---|---|
| Signature of taxpayer | Date Signed |
| By (Signature and title) | Date Signed |

| FOR INTERNAL REVENUE USE ONLY | Date accepted for Commissioner | Signature |
|---|---|---|
| | Office | Title |

## INSTRUCTIONS FOR SIGNING FORM 870-PT

1. If a JOINT RETURN OF A HUSBAND AND WIFE was filed and both spouses intend to agree, both spouses should sign Form 870-PT. One spouse may sign as agent for the other if acting under a power of attorney, which, if not previously filed, must accompany this form. The IRS may accept the signature of only one spouse at its discretion. However, the agreement will only be binding on the signing spouse.

2. If the taxpayer is a corporation, the waiver must be signed with the corporate name followed by the signature and title of the officer authorized to sign Form 870-PT.

3. Your attorney or agent may sign for you if this action is specifically authorized by a power of attorney, which if not previously filed, must accompany this form.

4. If this offer is signed by a trust, the agreement must be signed with the trust name, followed by the signature and title of the person authorized to sign on behalf of the trust.

5. If this offer is with respect to the tax liability for the consolidated return year, the agreement should be signed in the name of the common parent of the consolidated group for the consolidated return year. The common parent corporation signs the agreement in its own name. The signature and title of a current officer of the common parent corporation, who is authorized to bind the corporation, should be displayed in the signature block.

6. If the Tax Matters Partner signs this offer, please include the title with the signature.

7. If this offer is signed by a Tax Matters Partner that is a subsidiary corporation, then an officer authorized to sign this agreement for the year(s) indicated on the form must sign for the parent corporation. An authorized officer for the subsidiary corporation should also sign if the Tax Matters Partner is binding non-notice partners under the agreement. See Treas. Reg. 1.1502-77(a)(3)(v).

Department of the Treasury - Internal Revenue Service

# AGREEMENT FOR PARTNERSHIP ITEMS AND PARTNERSHIP LEVEL DETERMINATION AS TO PENALTIES, ADDITIONS TO TAX, AND ADDITIONAL AMOUNTS

## SCHEDULE OF ADJUSTMENTS

| NAME OF PARTNERSHIP: J & J Fernandez Ventures, L.P. | TAX YEAR(S) ENDED | | |
|---|---|---|---|
| TAXPAYER IDENTIFYING NUMBER: 33-0883605 | 12/31/2001 | 12/31/2002 | 12/31/2003 |
| **DETAIL OF ADJUSTMENTS TO ORDINARY INCOME:** | | | |
| a. | | | |
| b. | | | |
| c. | | | |
| d. | | | |
| e. | | | |
| f. | | | |
| g. | | | |
| **Total Adjustments to Ordinary Income** | 0.00 | 0.00 | 0.00 |
| **Other Adjustments** | | | |
| a. Net income (loss) from rental real estate activities | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | (360.00) | (142.00) | 1.00 |
| (3) Corrected | (360.00) | (142.00) | 1.00 |
| b. Net income (loss) from other rental activities | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | (103.00) | (68.00) | 0.00 |
| (3) Corrected | (103.00) | (68.00) | 0.00 |

**Remarks:**

It is determined that the accuracy-related penalties provided by I.R.C. 6662(a) and 6662(h) apply to the entire amount of any underpayment of tax attributable to adjustments of the partnership items of J&J Fernandez Ventures, L.P., or to partnership-level determinations with respect to J&J Fernandez Ventures, L.P., for the taxable years ending December 31, 2001, December 31, 2002 and December 31, 2003. See Attachment to Form 870-PT for an explanation of adjustments of partnership items of J&J Fernandez Ventures, L.P., for taxable years ending December 31, 2001, December 31, 2002 and December 31, 2003.

## Form 870-PT, Other Adjustments (Continued)

Page of

Name of Partnership: J & J Fernandez Ventures, L.P.

| Taxpayer Identifying Number: 33-0883605 | Tax Year(s) Ended | | |
|---|---|---|---|
| | 12/31/2001 | 12/31/2002 | 12/31/2003 |
| c. Portfolio income (loss) interest | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | 302,846.00 | 70,427.00 | 122,763.00 |
| (3) Corrected | 302,846.00 | 70,427.00 | 122,763.00 |
| d. Portfolio income (loss) qualified dividends | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | 0.00 | 0.00 | 40,759.00 |
| (3) Corrected | 0.00 | 0.00 | 40,759.00 |
| e. Portfolio income (loss) dividends | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | 378,159.00 | 316,374.00 | 600,670.00 |
| (3) Corrected | 378,159.00 | 316,374.00 | 600,670.00 |
| f. Portfolio income (loss) royalties | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | 1.00 | 53.00 | 0.00 |
| (3) Corrected | 1.00 | 53.00 | 0.00 |
| g. Portfolio income (loss) net S/T gain (loss)-post May 5, 2003 | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | 0.00 | 0.00 | (5,150,788.00) |
| (3) Corrected | 0.00 | 0.00 | (5,150,788.00) |
| h. Portfolio income (loss) net short-term gain (loss) | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | 3,269,969.00 | (2,106,692.00) | (4,350,656.00) |
| (3) Corrected | 3,269,969.00 | (2,106,692.00) | (4,350,656.00) |
| i. Portfolio income (loss) net L/T gain(loss)-post May 5, 2003 | | | |
| (1) Adjustment | 0.00 | 0.00 | 6,720,000.00 |
| (2) As reported | 0.00 | 0.00 | 3,031,537.00 |
| (3) Corrected | 0.00 | 0.00 | 9,751,537.00 |
| j. Portfolio income net long-term gain (loss) total | | | |
| (1) Adjustment | 10,513,056.00 | 11,686,944.00 | 0.00 |
| (2) As reported | 3,326,833.00 | 4,757,946.00 | 3,118,630.00 |
| (3) Corrected | 13,839,889.00 | 16,444,890.00 | 3,118,630.00 |
| k. Other portfolio income (loss) | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | 200.00 | (7,561.00) | (12,837.00) |
| (3) Corrected | 200.00 | (7,561.00) | (12,837.00) |
| l. Net section 1231 gain(loss) not casualty/theft-post 05/05/03 | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | 0.00 | 0.00 | (139.00) |
| (3) Corrected | 0.00 | 0.00 | (139.00) |

## Form 870-PT, Other Adjustments (Continued)

Page of

Name of Partnership: J & J Fernandez Ventures, L.P.

| Taxpayer Identifying Number: 33-0883605 | Tax Year(s) Ended | | |
|---|---|---|---|
| | 12/31/2001 | 12/31/2002 | 12/31/2003 |
| m. Net gain (loss) under section 1231 not casualty/theft | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | 6,705.00 | (3,522.00) | (510.00) |
| (3) Corrected | 6,705.00 | (3,522.00) | (510.00) |
| n. Other income (loss) | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | (7,473.00) | (38,243.00) | 912.00 |
| (3) Corrected | (7,473.00) | (38,243.00) | 912.00 |
| o. Charitable contributions 50 percent | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | 13.00 | 14.00 | 136.00 |
| (3) Corrected | 13.00 | 14.00 | 136.00 |
| p. Deductions related to portfolio income | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | 338,970.00 | 385,217.00 | 261,810.00 |
| (3) Corrected | 338,970.00 | 385,217.00 | 261,810.00 |
| q. Interest expense on investment debts | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | 274,100.00 | 199,318.00 | 128,353.00 |
| (3) Corrected | 274,100.00 | 199,318.00 | 128,353.00 |
| r. Investment income included in portfolio income | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | 681,206.00 | 386,854.00 | 525,709.00 |
| (3) Corrected | 681,206.00 | 386,854.00 | 525,709.00 |
| s. Investment expenses in deduct. related to portfolio income | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | 338,970.00 | 385,217.00 | 261,810.00 |
| (3) Corrected | 338,970.00 | 385,217.00 | 261,810.00 |
| t. Other credits (not related to rental activities) | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | 0.00 | 777.00 | 350.00 |
| (3) Corrected | 0.00 | 777.00 | 350.00 |
| u. Adj./tax pref. items depreciation in serv. after 1986 | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | 4,609.00 | 2,576.00 | 1,808.00 |
| (3) Corrected | 4,609.00 | 2,576.00 | 1,808.00 |
| v. Adj./tax pref. items adjusted gain or loss | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | (24.00) | (5.00) | (136.00) |
| (3) Corrected | (24.00) | (5.00) | (136.00) |

## Form 870-PT, Other Adjustments (Continued)

Page of

Name of Partnership: J & J Fernandez Ventures, L.P.

| Taxpayer Identifying Number: 33-0883605 | Tax Year(s) Ended | | |
|---|---|---|---|
| | 12/31/2001 | 12/31/2002 | 12/31/2003 |
| w. Adj./tax pref. items gross inc. from oil, gas, geothermal | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | 0.00 | 1,106.00 | 0.00 |
| (3) Corrected | 0.00 | 1,106.00 | 0.00 |
| x. Adj./tax pref. items ded. allocable oil, gas, geothermal | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | 0.00 | 1,143.00 | 0.00 |
| (3) Corrected | 0.00 | 1,143.00 | 0.00 |
| y. Adj./tax pref. items other adjustments & tax pref. items | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | 0.00 | 0.00 | (6,829.00) |
| (3) Corrected | 0.00 | 0.00 | (6,829.00) |
| z. Foreign taxes - gross income from all sources | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | 7,663,377.00 | 2,798,168.00 | 3,922,666.00 |
| (3) Corrected | 7,663,377.00 | 2,798,168.00 | 3,922,666.00 |
| aa. Foreign gross income sourced at partnership - passive | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | 0.00 | 0.00 | 390,714.00 |
| (3) Corrected | 0.00 | 0.00 | 390,714.00 |
| ab. Foreign gross income sourced at partnership - limitation | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | 0.00 | 20,830.00 | 7,534.00 |
| (3) Corrected | 0.00 | 20,830.00 | 7,534.00 |
| ac. Deductions allocated/apportioned at partner level - interest | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | 0.00 | 0.00 | 127,985.00 |
| (3) Corrected | 0.00 | 0.00 | 127,985.00 |
| ad. Deductions allocated/apportioned at P/S level - passive | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | 0.00 | 39,056.00 | 33,434.00 |
| (3) Corrected | 0.00 | 39,056.00 | 33,434.00 |
| ae. Foreign taxes total foreign taxes paid / accrued | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | 9,819.00 | 6,978.00 | 5,906.00 |
| (3) Corrected | 9,819.00 | 6,978.00 | 5,906.00 |
| af. Tax-exempt interest income | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | 15,006.00 | 15,000.00 | 15,000.00 |
| (3) Corrected | 15,006.00 | 15,000.00 | 15,000.00 |

## Form 870-PT, Other Adjustments (Continued)

Page of

Name of Partnership: J & J Fernandez Ventures, L.P.

| Taxpayer Identifying Number: 33-0883605 | Tax Year(s) Ended | | |
|---|---|---|---|
| | 12/31/2001 | 12/31/2002 | 12/31/2003 |
| ag. Other tax-exempt income | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | 0.00 | 0.00 | 64,690.00 |
| (3) Corrected | 0.00 | 0.00 | 64,690.00 |
| ah. Distributions - money (cash/securities) | | | |
| (1) Adjustment | | 0.00 | 0.00 |
| (2) As reported | 25,251,355.00 | 4,107,777.00 | 3,230,154.00 |
| (3) Corrected | 25,251,355.00 | 4,107,777.00 | 3,230,154.00 |
| ai. Capital Account Ending Balance | | | |
| (1) Adjustment | (18,416,216.00) | (6,729,272.00) | (9,272.00) |
| (2) As reported | 40,789,035.00 | 38,832,301.00 | 34,407,246.00 |
| (3) Corrected | 22,372,819.00 | 32,103,029.00 | 34,397,974.00 |
| | | | |
| (1) Adjustment | | | |
| (2) As reported | | | |
| (3) Corrected | | | |
| | | | |
| (1) Adjustment | | | |
| (2) As reported | | | |
| (3) Corrected | | | |
| | | | |
| (1) Adjustment | | | |
| (2) As reported | | | |
| (3) Corrected | | | |
| | | | |
| (1) Adjustment | | | |
| (2) As reported | | | |
| (3) Corrected | | | |
| | | | |
| (1) Adjustment | | | |
| (2) As reported | | | |
| (3) Corrected | | | |
| | | | |
| (1) Adjustment | | | |
| (2) As reported | | | |
| (3) Corrected | | | |
| | | | |
| (1) Adjustment | | | |
| (2) As reported | | | |
| (3) Corrected | | | |

## Notice 2000-44 Case

**ATTACHMENT TO FORM 870-PT**
**EXPLANATION OF ADJUSTMENTS TO PARTNERSHIP ITEMS AND PARTNERSHIP LEVEL DETERMINATIONS**

| PARTNERSHIP | TAXPAYER ID | TAX PERIOD |
|---|---|---|
| J&J Fernandez Ventures, L.P. | 33-0883605 | 12/31/2001 |

| | ITEM | ADJUSTMENT | REPORTED | CORRECTED |
|---|---|---|---|---|
| I | CAPITAL GAINS AND LOSSES | $10,513,056.00 | $3,326,833.00 | $13,839,889.00 |

It is determined that the amount of J&J Fernandez Ventures, L.P.'s adjusted basis in shares of the common stock of Invitrogen Corporation is zero (-0-) per share instead of $48.00 per share as claimed on the partnership's return for the taxable year 2001. Therefore, the partnership has net long-term capital gain of $13,839,889.00 for the taxable year 2001 instead of $3,326,833.00 as reported by the partnership.

**A REASONS FOR THIS DETERMINATION INCLUDE THE FOLLOWING**

1. You failed to establish that that the partnership's adjusted basis in the subject shares was more than zero (-0-) for purposes of determining gain or loss on the sale under I.R.C. § 1001.
2. You failed to establish that there was an adjustment to the basis of the subject shares under I.R.C. §§ 734 or 743.
3. You failed to establish that the partnership's carryover basis in the subject shares under I.R.C. § 723 was more than zero (-0-) when the shares were contributed to the partnership.

**B TAX ITEMS OF THE PARTNERS THAT MAY BE AFFECTED INCLUDE THE FOLLOWING**

1. The corrected amount of the partnership's net long-term capital gain for the taxable year 2001 is allocated among the partners in accordance with their respective percentage interests in the partnership under I.R.C. § 704.

| | ITEM |
|---|---|
| II | ACCURACY RELATED PENALTY |

It is determined that the accuracy-related penalties provided by I.R.C. §§ 6662(a) and 6662(h) apply to the entire amount of any underpayment of tax attributable to the increase in the amount of J&J Fernandez Ventures, L.P.'s net long-term capital gain for the taxable year 2001.

**A REASONS FOR THIS DETERMINATION INCLUDE THE FOLLOWING**

1. The entire amount of any underpayment of tax attributable to the increase in the amount of the partnership's net long-term capital gain for the taxable year 2001 is attributable to a gross valuation misstatement under I.R.C. § 6662(h).
2. The entire amount of any underpayment of tax attributable to the increase in the amount of the partnership's net long-term capital gain for the taxable year 2001 is attributable to a substantial valuation misstatement under I.R.C. § 6662(e).
3. The entire amount of any underpayment of tax attributable to the increase in the amount of the partnership's net long-term capital gain for the taxable year 2001 is attributable to negligence and disregard of rules and regulations for filing income tax returns under I.R.C. §§ 6662(a), 6662(b)(1), and 6662(c).
4. The entire amount of any underpayment of tax attributable to the increase in the amount of the partnership's net long-term capital gain for the taxable year 2001 is attributable to a substantial understatement of income tax under I.R.C. §§ 6662(a), 6662(b)(2), 6662(d)(1), and 6662(d)(2)(A).
5. The entire amount of any underpayment of tax attributable to the increase in the amount of the partnership's net long-term capital gain for the taxable year 2001 is attributable to a substantial understatement of income tax under I.R.C. §§ 6662(a), 6662(b)(2), 6662(d)(1) and 6662(d)(2)(C).
6. Neither Joseph M. Fernandez nor Joan V. Fernandez, in their respective capacities as officers and shareholders of JMJV Management Corporation, had reasonable cause or acted in good faith for purposes of I.R.C. § 6664 with respect to any underpayment of tax attributable to the increase in the amount of the partnership's net long-term capital gain for the taxable year 2001.

**B TAX ITEMS OF THE PARTNERS THAT MAY BE AFFECTED INCLUDE THE FOLLOWING**

1. Under I.R.C. § 6221, penalties determined at the partnership level are applied to underpayments attributable to partnership items and affected items at the partner-level, subject to partner-level defenses that may be asserted in an action for refund after assessment and payment.

## Notice 2000-44 Case

| ATTACHMENT TO FORM 870-PT<br>EXPLANATION OF ADJUSTMENTS TO PARTNERSHIP ITEMS<br>AND PARTNERSHIP LEVEL DETERMINATIONS | | | | |
|---|---|---|---|---|
| PARTNERSHIP | | TAXPAYER ID | TAX PERIOD | |
| J&J Fernandez Ventures, L.P. | | 33-0883605 | 12/31/2002 | |
| ITEM | ADJUSTMENT | REPORTED | CORRECTED | |
| I CAPITAL GAINS AND LOSSES | $11,686,944.00 | $4,757,946.00 | $16,444,890.00 | |

It is determined that the amount of J&J Fernandez Ventures, L.P.'s adjusted basis in shares of the common stock of Invitrogen Corporation is zero (-0-) per share instead of $48.00 per share as claimed on the partnership's return for the taxable year 2002. Therefore, the partnership has net long-term capital gain of $16,444,890.00 for the taxable year 2002 instead of net long-term capital gain of $4,757,946.00 as reported by the partnership.

**A REASONS FOR THIS DETERMINATION INCLUDE THE FOLLOWING**

1. You failed to establish that that the partnership's adjusted basis in the subject shares was more than zero (-0-) for purposes of determining gain or loss on the sale under I.R.C. § 1001.
2. You failed to establish that there was an adjustment to the basis of the subject shares under I.R.C. §§ 734 or 743.
3. You failed to establish that the partnership's carryover basis in the subject shares under I.R.C. § 723 was more than zero (-0-) when the shares were contributed to the partnership.

**B TAX ITEMS OF THE PARTNERS THAT MAY BE AFFECTED INCLUDE THE FOLLOWING**

1. The corrected amount of the partnership's net long-term capital gain for the taxable year 2002 is allocated among the partners in accordance with their respective percentage interests in the partnership under I.R.C. § 704.

**ITEM**

**II ACCURACY RELATED PENALTY**

It is determined that the accuracy-related penalties provided by I.R.C. §§ 6662(a) and 6662(h) apply to the entire amount of any underpayment of tax attributable to the increase in the amount of J&J Fernandez Ventures, L.P.'s net long-term capital gain for the taxable year 2002.

**A REASONS FOR THIS DETERMINATION INCLUDE THE FOLLOWING**

1. The entire amount of any underpayment of tax attributable to the increase in the amount of the partnership's net long-term capital gain for the taxable year 2002 is attributable to a gross valuation misstatement under I.R.C. § 6662(h).
2. The entire amount of any underpayment of tax attributable to the increase in the amount of the partnership's net long-term capital gain for the taxable year 2002 is attributable to a substantial valuation misstatement under I.R.C. § 6662(e).
3. The entire amount of any underpayment of tax attributable to the increase in the amount of the partnership's net long-term capital gain for the taxable year 2002 is attributable to negligence and disregard of rules and regulations for filing income tax returns under I.R.C. §§ 6662(a), 6662(b)(1), and 6662(c).
4. The entire amount of any underpayment of tax attributable to the increase in the amount of the partnership's net long-term capital gain for the taxable year 2002 is attributable to a substantial understatement of income tax under I.R.C. §§ 6662(a), 6662(b)(2), 6662(d)(1), and 6662(d)(2)(A).
5. The entire amount of any underpayment of tax attributable to the increase in the amount of the partnership's net long-term capital gain for the taxable year 2002 is attributable to a substantial understatement of income tax under I.R.C. §§ 6662(a), 6662(b)(2), 6662(d)(1) and 6662(d)(2)(C).
6. Neither Joseph M. Fernandez nor Joan V. Fernandez, in their respective capacities as officers and shareholders of JMJV Management Corporation, had reasonable cause or acted in good faith for purposes of I.R.C. § 6664 with respect to any underpayment of tax attributable to the increase in the amount of the partnership's net long-term capital gain for the taxable year 2002.

**B TAX ITEMS OF THE PARTNERS THAT MAY BE AFFECTED INCLUDE THE FOLLOWING**

1. Under I.R.C. § 6221, penalties determined at the partnership level are applied to underpayments attributable to partnership items and affected items at the partner-level, subject to partner-level defenses that may be asserted in an action for refund after assessment and payment.

**Notice 2000-44 Case**

**ATTACHMENT TO FORM 870-PT**
**EXPLANATION OF ADJUSTMENTS TO PARTNERSHIP ITEMS AND PARTNERSHIP LEVEL DETERMINATIONS**

| PARTNERSHIP | TAXPAYER ID | TAX PERIOD |
|---|---|---|
| J&J Fernandez Ventures, L.P. | 33-0883605 | 12/31/2003 |

| ITEM | ADJUSTMENT | REPORTED | CORRECTED |
|---|---|---|---|
| I CAPITAL GAINS AND LOSSES | $6,720,000.00 | $3,118,630.00 | $9,838,630.00 |

It is determined that the amount of J&J Fernandez Ventures, L.P.'s adjusted basis in shares of the common stock of Invitrogen Corporation is zero (-0-) per share instead of $48.00 per share as claimed on the partnership's return for the taxable year 2003. Therefore, the partnership has net long-term capital gain of $9,838,630.00 for the taxable year 2003 instead of $3,118,630.00 as reported by the partnership.

**A REASONS FOR THIS DETERMINATION INCLUDE THE FOLLOWING**

1. You failed to establish that that the partnership's adjusted basis in the subject shares was more than zero (-0-) for purposes of determining gain or loss on the sale under I.R.C. § 1001.
2. You failed to establish that there was an adjustment to the basis of the subject shares under I.R.C. §§ 734 or 743.
3. You failed to establish that the partnership's carryover basis in the subject shares under I.R.C. § 723 was more than zero (-0-) when the shares were contributed to the partnership.

**B TAX ITEMS OF THE PARTNERS THAT MAY BE AFFECTED INCLUDE THE FOLLOWING**

1. The corrected amount of the partnership's net long-term capital gain for the taxable year 2003 is allocated among the partners in accordance with their respective percentage interests in the partnership under I.R.C. § 704.

**ITEM**

**II ACCURACY RELATED PENALTY**

It is determined that the accuracy-related penalties provided by I.R.C. §§ 6662(a) and 6662(h) apply to the entire amount of any underpayment of tax attributable to the increase in the amount of J&J Fernandez Ventures, L.P.'s net long-term capital gain for the taxable year 2003.

**A REASONS FOR THIS DETERMINATION INCLUDE THE FOLLOWING**

1. The entire amount of any underpayment of tax attributable to the increase in the amount of the partnership's net long-term capital gain for the taxable year 2003 is attributable to a gross valuation misstatement under I.R.C. § 6662(h).
2. The entire amount of any underpayment of tax attributable to the increase in the amount of the partnership's net long-term capital gain for the taxable year 2003 is attributable to a substantial valuation misstatement under I.R.C. § 6662(e).
3. The entire amount of any underpayment of tax attributable to the increase in the amount of the partnership's net long-term capital gain for the taxable year 2003 is attributable to negligence and disregard of rules and regulations for filing income tax returns under I.R.C. §§ 6662(a), 6662(b)(1), and 6662(c).
4. The entire amount of any underpayment of tax attributable to the increase in the amount of the partnership's net long-term capital gain for the taxable year 2003 is attributable to a substantial understatement of income tax under I.R.C. §§ 6662(a), 6662(b)(2), 6662(d)(1), and 6662(d)(2)(A).
5. The entire amount of any underpayment of tax attributable to the increase in the amount of the partnership's net long-term capital gain for the taxable year 2003 is attributable to a substantial understatement of income tax under I.R.C. §§ 6662(a), 6662(b)(2), 6662(d)(1) and 6662(d)(2)(C).
6. Neither Joseph M. Fernandez nor Joan V. Fernandez, in their respective capacities as officers and shareholders of JMJV Management Corporation, had reasonable cause or acted in good faith for purposes of I.R.C. § 6664 with respect to any underpayment of tax attributable to the increase in the amount of the partnership's net long-term capital gain for the taxable year 2003.

**B TAX ITEMS OF THE PARTNERS THAT MAY BE AFFECTED INCLUDE THE FOLLOWING**

1. Under I.R.C. § 6221, penalties determined at the partnership level are applied to underpayments attributable to partnership items and affected items at the partner-level, subject to partner-level defenses that may be asserted in an action for refund after assessment and payment.

Partnership Name: J & J Fernandez Ventures, LP EIN: 33-0883605
Tax Years: December 31, 2001, December 31, 2002 and December 31, 2003

Information Regarding Additions to Tax (Penalties) and Affected Items

The Internal Revenue Code provides, in appropriate cases, for the application of accuracy related penalties under Internal Revenue Code Section 6662, which include, in part, penalties for negligence or disregard of rules or regulations, substantial understatement of income tax, and substantial valuation misstatements.

For partnership taxable years ending ***after*** August 5, 1997, penalties are determined at the partnership level and may be agreed to as part of the partnership proceeding. A court will have jurisdiction over partnership level penalties raised in a Final Partnership Administrative Adjustment petition for a partnership taxable year ending ***after*** August 5, 1997. Any partner level defense to partnership level penalty determinations, however, may only be raised through refund claims following the assessment and collection of such penalties.

For all partnership taxable years, other items affected by partnership adjustments, "affected items," may also be separately determined and assessed after the outcome of the partnership proceeding. Upon the completion of the partnership proceeding or the execution of a Form 870-PT, you may be sent an examination report and/or a statutory notice of deficiency asserting affected items.

Please note: This is an information item only, and is not part of the notice of Final Partnership Administrative Adjustment.

MEADOWS, OWENS, COLLIER, REED, COUSINS & BLAU, L.L.P.
ATTORNEYS AT LAW
A REGISTERED LIMITED LIABILITY PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS
901 MAIN STREET, SUITE 3700
DALLAS, TEXAS 75202
(214) 744-3700
www.meadowsowens.com

ANTHONY P. DADDINO
Associate

FAX (214) 747-3732
WATS (800) 451-0093
adaddino@meadowsowens.com

January 5, 2005

***Via Federal Express Overnight Delivery***

Stella Pullin, Operations Manager
Internal Revenue Service
3651 South Interregional Highway
Austin, TX 78741

**RE: Cash Deposits under IRC §§ 6226(e) and 6603 for
J & J Fernandez Ventures, L.P., EIN 33-0883605,
Joseph M. Fernandez Descendants' Trust
f/b/o Dean M. Fernandez, EIN 91-6500141,
Joseph M. Fernandez Descendants' Trust
f/b/o Nichole M. Fernandez, EIN 91-6522308,
Joan V. Fernandez Descendants' Trust
f/b/o Dean M. Fernandez, EIN 91-6500142,
Joan V. Fernandez Descendants' Trust
f/b/o Nichole M. Fernandez, EIN 91-6522309,
Joseph Fernandez, SSN 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,
Joan V. Fernandez, SSN 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,
JMJV Management Corporation, EIN 33-0883604, and
Fernandez Family Trust, EIN 91-6495988 (collectively, "Taxpayers")**

Dear Ms. Pullin:

Enclosed please find twenty (20) checks, numbered 7174 through 7193, for the taxable years ended December 31st of 2001, 2002, 2003, and 2004, which are hereby tendered as deposits under § 6226(e) and § 6603 of the Internal Revenue Code of 1986, as amended (the "Code"). The amount of each check represents the amount of tax due from each Taxpayer pursuant to the Notice of Final Partnership Administrative Adjustment issued by the Internal Revenue Service on October 13, 2005 (the "FPAA"). These deposits are being made to establish jurisdiction for filing a petition for readjustment of partnership items in the Court of Federal Claims in accordance with IRC § 6226(e).

1. The following deposits are hereby made on behalf of Joseph and Joan Fernandez, as co-grantors of the Fernandez Family Trust, a grantor trust for federal income tax purposes and sole shareholder of JMJV Management Corporation, a Subchapter S corporation for federal income tax purposes, both of which are

EXHIBIT
B

partners of J & J Fernandez Ventures, L.P. and, with respect to JMJV Management Corporation, tax matters partner:

a. Check # 7174 in the amount of **$591,481.00** for the taxable year ended December 31, 2001.

b. Check # 7175 in the amount of **$1,317,498.00** for the taxable year ended December 31, 2002.

c. Check # 7176 in the amount of **$308,144.00** for the taxable year ended December 31, 2003.

d. Check # 7177 in the amount of **$150,905.00** for the taxable year ended December 31, 2004.

2. The following deposits are hereby made on behalf of Joseph M. Fernandez Descendants' Trust f/b/o Dean M. Fernandez, which is a partner of J & J Fernandez Ventures, L.P.:

a. Check # 7178 in the amount of **$278,565.00** for the taxable year ended December 31, 2001.

b. Check # 7179 in the amount of **$302,332.00** for the taxable year ended December 31, 2002.

c. Check # 7180 in the amount of **$80,542.00** for the taxable year ended December 31, 2003.

d. Check # 7181 in the amount of **$23,765.00** for the taxable year ended December 31, 2004.

3. The following deposits are hereby made on behalf of Joseph M. Fernandez Descendants' Trust f/b/o Nichole M. Fernandez, which is a partner of J & J Fernandez Ventures, L.P.:

a. Check # 7182 in the amount of **$278,565.00** for the taxable year ended December 31, 2001.

b. Check # 7183 in the amount of **$302,332.00** for the taxable year ended December 31, 2002.

c. Check # 7184 in the amount of **$80,538.00** for the taxable year ended December 31, 2003.

d. Check # 7185 in the amount of **$23,760.00** for the taxable year ended December 31, 2004.

4. The following deposits are hereby made on behalf of Joan V. Fernandez Descendants' Trust f/b/o Dean M. Fernandez, which is a partner of J & J Fernandez Ventures, L.P.:

a. Check # 7186 in the amount of **$278,565.00** for the taxable year ended December 31, 2001.

b. Check # 7187 in the amount of **$302,332.00** for the taxable year ended December 31, 2002.

c. Check # 7188 in the amount of **$81,387.00** for the taxable year ended December 31, 2003.

d. Check # 7189 in the amount of **$23,235.00** for the taxable year ended December 31, 2004.

5. The following deposits are hereby made on behalf of Joan V. Fernandez Descendants' Trust f/b/o Nichole M. Fernandez, which is a partner of J & J Fernandez Ventures, L.P.:

a. Check # 7190 in the amount of **$278,565.00** for taxable year ended December 31, 2001.

b. Check # 7191 in the amount of **$302,332.00** for the taxable year ended December 31, 2002.

c. Check # 7192 in the amount of **$79,950.00** for the taxable year ended December 31, 2003.

d. Check # 7193 in the amount of **$23,274.00** for the taxable year ended December 31, 2004.

Solely for purposes of complying with IRC § 6603, and without conceding liability for any amount of tax, penalty or additions thereto, Taxpayers hereby submit the following additional information in accordance with Rev. Proc. 2005-18, 2005 I.R.B. 798:

1. As set forth above, Taxpayers have identified the type of tax and applicable tax years for which the deposits are being made, as well as the estimated amount of the disputable tax.

2. Taxpayers have reasonably estimated the amount of the disputable tax based upon the FPAA issued by the IRS on October 13, 2005 for the taxable years ended December 31st of 2001, 2002, and 2003, a copy of which is attached hereto as Exhibit A. In making their estimations, Taxpayers determined the amount by which their tax liability would be increased for all affected taxable years if the treatment of partnership items on the Taxpayers' returns were made consistent with the treatment of partnership items on the partnership return as adjusted by the FPAA. By the FPAA, the IRS purports to increase J & J Fernandez Ventures, L.P.'s taxable gain recognized on the sale of corporate stock during the taxable years at issue on the basis that the partnership failed to substantiate its adjusted basis therein.

3. The basis for the dispute lies in Taxpayer's belief that J & J Fernandez Ventures, L.P. properly reported and substantiated its basis in the corporate stock sold during every taxable year at issue, and therefore properly computed and reported its taxable gain on the sale of such stock for those taxable years. The partnership had a reasonable basis for the tax treatment of the items described above because it was advised by highly competent tax, accounting, and legal professionals that the treatment was more likely than not proper. Taxpayers also challenge the validity and timeliness of the FPAA, as well as the IRS's failure to follow TEFRA procedures.

Please date-stamp the copies of this letter and the checks enclosed with the original documents, and return such file-stamped copies to me using the enclosed self-addressed stamped envelope. If you have any questions, please do not hesitate to contact me at (214) 749-2464.

Respectfully submitted,

Anthony P. Daddino

APD/lw/331391

Enclosures

cc: Mr. Joseph Fernandez
Mr. Todd Welty
Mr. Josh Ungerman

**Notice 2000-44 Case**

**Internal Revenue Service**
P.O. Box 66781 Stop 4020 STL
Attn: Penny Schupmann
St. Louis, MO 63166

**Department of the Treasury**

Refer To: Penny Schupmann

Name of Partnership: J&J Fernandez Ventures, LP

Partnership Identifying Number: 33-0883605

Tax Year Ended: December 31, 2001, December 31, 2002
And December 31, 2003

Date: OCT 13 2005

J&J Fernandez Ventures, LP
Attn: The Tax Matters Partner
c/o Mc Kean Financial, Inc.
P.O. Box 1031
La Jolla, CA 92038-1031

Date FPAA Mailed to the Tax Matters Partner:
OCT 13 2005

Person to Contact: Penny Schupmann
Employee Number: 43-15317

Contact Telephone Number: 314-612-4367
(not a toll free number)

Contact Hours: 8:00 AM to 4:30 PM

## NOTICE OF FINAL PARTNERSHIP ADMINISTRATIVE ADJUSTMENT

The law requires us to send a Notice of Final Partnership Administrative Adjustment (FPAA) to the partnership named above, for the tax year shown above, and to each partner who is entitled to receive this notice.

We are proposing adjustments to the partnership items of the partnership and the tax year shown above. We will send the examination report outlining these adjustments to the Tax Matters Partner (TMP) of the partnership. (The TMP is the partner designated by the partnership to deal with the IRS.) He/she is also authorized to act for the partners who are not entitled to receive this notice. Any partner who wants a copy of the examination report should request it from the TMP. If the TMP is unable to provide you with a copy of the examination report, please contact the person named in the heading of this letter.

Taxable Years Ending Before August 6, 1997:

The adjustments to the partnership items reported on the partnership tax return may cause an increase or decrease to the tax liability on your individual return. Form 870-P, *Agreement to Assessment and Collection of Deficiency in Tax for Partnership Adjustments*, is a summary of the proposed adjustments to the partnership return. You can compute your share of the proposed adjustments by multiplying each adjusted partnership item by your percentage interest for that partnership item.

Taxable Years Ending After August 5, 1997:

The adjustments to the partnership items reported on the partnership tax return may cause an increase or decrease in the tax liability on your individual return. The adjustments may include partnership level determinations regarding penalties and additions to tax that relate to adjustments to partnership items. Form 870-PT, *Agreement for Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax, and Additional Amounts*, is a summary of the proposed adjustments to the partnership return. You can compute your share of the proposed adjustments by multiplying each adjusted partnership item by your percentage interest for that partnership item.

EXHIBIT
A

You have three options available to you:

**1. If you agree with the adjustments:**

Sign and return the enclosed Form 870-P/Form 870-PT. When you sign Form 870-P/Form 870-PT, you are agreeing to pay any additional tax and interest resulting from the adjustments to the partnership return. For tax years ending after August 5, 1997, you are also agreeing to any partnership level determination as to penalties, additions to tax and additional amounts that relate to adjustments to partnership items, if any. In addition, you are waiving your rights to participate in any administrative or judicial proceeding affecting partnership items and in partnership level determinations as to penalties, additions to tax and additional amounts that relate to adjustments to partnership items for the tax year in question. This is a binding settlement only if you sign and return Form 870-P/Form 870-PT and we sign on behalf of the Commissioner of Internal Revenue Service. When we sign the agreement form, the one-year extension of the period of limitations on assessments will begin under Internal Revenue Code section 6229(f). Once the agreement is signed by both parties, you may not file a claim to change the items in question or claim a refund/credit based on a readjustment.

Note: If you are the TMP of the partnership, see the section of this letter entitled, *"For the Tax Matters Partner of the Partnership"*.

**2. If you do not agree with the adjustments:**

If you are the TMP of the partnership and want to contest the adjustments in court, you must file a petition within 90 days from the date this letter. During this 90-day period, no other partner may file a petition for judicial review. You can file your petition for readjustment of partnership items with:

1. the United States Tax Court;
2. the United States Court of Federal Claims; or
3. the District Court of the United States, in the district of the partnership's principal place of business.

A petition filed by the TMP precludes all other actions. If the TMP doesn't file a petition by the 90th day from the date the FPAA was mailed, any partner or any 5 percent group entitled to receive this notice may petition one of these courts. A "5 percent group" includes any group of partners who together have an interest of five percent or more in profits of the partnership. The petition must be filed after the 90th day, but on or before the 150th day from the date the FPAA was mailed to the TMP. If more that one petition is filed in Tax Court, the first petition will go forward. All other petitions (even those filed earlier in one of the other courts) will be dismissed. If no one files a petition in Tax Court, the first petition filed in one of the other courts will go forward and subsequent petitions will be dismissed.

Petitions filed with the United States Tax Court must be mailed to:

**United States Tax Court**
**400 Second Street, NW**
**Washington, DC 20217**

Attach a copy of this letter to the petition. The time in which you must file a petition with the court is fixed by law and the court can't consider your case if your petition is filed late. If this letter is addressed to both a husband and wife and both want to petition the Tax Court, both must sign the petition or each must file a separate signed petition.

When a partner (including each member of a 5 percent group that files a petition) files a petition in either the appropriate District Court of the Court of Federal Claims, the partner filing the petition must deposit the amount that the partner's tax liability would be increased if the treatment of the partnership

items on the partner's return were made consistent with the treatment of partnership items under the FPAA. If you reported the partnership items the way the partnership reported them on its return, you can generally determine the amount to deposit by taking your pro rata share of the partnership adjustments into account in recomputing your tax. You must deposit the appropriate amount with the IRS on or before the day you file your petition.

**3. If you do nothing:**

If a petition for readjustment is not filed in any of the courts listed in this letter, the FPAA becomes final, and we will bill you for any additional tax plus interest that you may owe under the FPAA. You will not be permitted to contest the treatment of the partnership items of the partnership under the FPAA in any refund claim or suit. The law allows the Service to bill you 150 days from the mailing date of the FPAA to the TMP.

However, if a petition is filed in the Tax Court, and the Tax Court upholds the adjustments in whole or in part, we will not bill you until the Tax Court decision is final.

You may wish to contact the TMP of the partnership or your tax advisor to discuss this matter.

If you have any questions, please write to the person whose name and address are shown in the heading of this letter. If you write, attach a copy of this letter to help identify your account. Also, include your telephone number and the most convenient time for us to call you in case we need additional information.

If you prefer, you may call the IRS contact person at the telephone number shown in the heading of this letter. If this number is outside your local calling area, there will be a long distance charge to you.

Thank you for your cooperation.

Sincerely,

for Kevin Harris,
Technical Services
Territory Manager

Enclosures:
Form 870-P/Form 870-PT
Copy of this letter

## FOR THE TAX MATTERS PARTNER OF THE PARTNERSHIP

If you are the Tax Matters Partner (TMP), you are entitled to make an agreement to bind non-notice partners to the treatment of the partnership items as shown on the enclosed schedule of adjustments. You must add the following statement above the signature blocks on the Form 870-P or Form 870-PT:

"The undersigned Tax Matters Partner is signing this offer on behalf of himself (herself) and all other partners whom he (she) has the authority to bind; a final agreement resulting from the co-signature of the Commissioner of Internal Revenue will be binding on all such other partners."

As the TMP, you may submit a petition, as described above for the partnership on behalf of all partners.

If you have any questions, you can call the IRS contact person at the telephone number shown in the heading of this letter. Thank you for your cooperation.

| Form 870-PT (08/2004) | DEPARTMENT OF THE TREASURY - INTERNAL REVENUE SERVICE<br>**Agreement for Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax, and Additional Amounts** | IN REPLY REFER TO:<br>Penny Schuppmann |
|---|---|---|
| Taxpayer(s) name(s), address and ZIP code:<br><br>J&J Fernandez Ventures, LP<br>Attn: The Tax Matters Partner<br>c/o Mc Kean Financial, Inc.<br>P.O. Box 1031<br>La Jolla, CA 92038-1031<br><br>Taxpayer Identifying Number: 33-0883605 | Name of Partnership:<br>J&J Fernandez Ventures, LP<br><br>Taxpayer Identifying Number:<br>33-0883605<br><br>Name of Tax Matters Partner:<br>JMJV Management Corporation | Tax Year(s) Ended:<br><br>12/31/2001,<br>12/31/2002 , and<br>12/31/2003 |

## Offer of Agreement to Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax, and Additional Amounts & Waiver of Restrictions on Assessment for Partnership Items, Penalties, Additions to Tax, and Additional Amounts

Under sections 6224(c) and 7121 of the Internal Revenue Code (IRC) of 1986, the Commissioner of the Internal Revenue Service and the undersigned taxpayer(s) agree to the determination of partnership items and partnership level determinations as to penalties, additions to tax, and additional amounts that relate to adjustments to partnership items as shown on the attached schedule of adjustments.

The undersigned taxpayer(s), in accordance with IRC sections 6224(b) and 6213(d), also waive the restrictions provided by IRC sections 6225(a) and 6213(a) and consent to the assessment and collection of any deficiency attributable to partnership items, penalties, additions to tax, and additional amounts that relate to partnership items, as determined in this agreement; plus any interest provided by law.

This agreement is conditional and will not become effective or final until this agreement form is returned to the Commissioner and is signed on his or her behalf. The one-year extension of the period of limitations on assessments under IRC section 6229(f) will not begin to run until the date the Commissioner's representative signs this form on the Commissioner's behalf. If this is a partial agreement, the period of limitations for assessing any tax attributable to the settled items shall be determined as if this agreement had not been entered into.

If this part of this agreement form is signed for the Commissioner, the treatment of partnership items and partnership level determinations as to penalties, additions to tax and additional amounts that relate to adjustments to partnership items under this agreement will not be reopened in absence of fraud, malfeasance, or misrepresentation of fact. In addition, no claim for an adjustment of partnership items, refund or credit based on any change in the treatment of partnership items or partnership level determinations as to penalties, additions to tax and additional amounts may be filed or prosecuted.

| Signature of taxpayer | Date Signed |
|---|---|
| Signature of taxpayer | Date Signed |
| By (Signature and title) | Date Signed |

| FOR INTERNAL REVENUE USE ONLY | Date accepted for Commissioner | Signature |
|---|---|---|
| | Office | Title |

## INSTRUCTIONS FOR SIGNING FORM 870-PT

1. If a JOINT RETURN OF A HUSBAND AND WIFE was filed and both spouses intend to agree, both spouses should sign Form 870-PT. One spouse may sign as agent for the other if acting under a power of attorney, which, if not previously filed, must accompany this form. The IRS may accept the signature of only one spouse at its discretion. However, the agreement will only be binding on the signing spouse.

2. If the taxpayer is a corporation, the waiver must be signed with the corporate name followed by the signature and title of the officer authorized to sign Form 870-PT.

3. Your attorney or agent may sign for you if this action is specifically authorized by a power of attorney, which if not previously filed, must accompany this form.

4. If this offer is signed by a trust, the agreement must be signed with the trust name, followed by the signature and title of the person authorized to sign on behalf of the trust.

5. If this offer is with respect to the tax liability for the consolidated return year, the agreement should be signed in the name of the common parent of the consolidated group for the consolidated return year. The common parent corporation signs the agreement in its own name. The signature and title of a current officer of the common parent corporation, who is authorized to bind the corporation, should be displayed in the signature block.

6. If the Tax Matters Partner signs this offer, please include the title with the signature.

7. If this offer is signed by a Tax Matters Partner that is a subsidiary corporation, then an officer authorized to sign this agreement for the year(s) indicated on the form must sign for the parent corporation. An authorized officer for the subsidiary corporation should also sign if the Tax Matters Partner is binding non-notice partners under the agreement. See Treas. Reg. 1.1502-77(a)(3)(v).

Department of the Treasury - Internal Revenue Service

# AGREEMENT FOR PARTNERSHIP ITEMS AND PARTNERSHIP LEVEL DETERMINATION AS TO PENALTIES, ADDITIONS TO TAX, AND ADDITIONAL AMOUNTS

## SCHEDULE OF ADJUSTMENTS

| NAME OF PARTNERSHIP: J & J Fernandez Ventures, L.P. | TAX YEAR(S) ENDED | | |
|---|---|---|---|
| TAXPAYER IDENTIFYING NUMBER: 33-0883605 | 12/31/2001 | 12/31/2002 | 12/31/2003 |
| **DETAIL OF ADJUSTMENTS TO ORDINARY INCOME:** | | | |
| a. | | | |
| b. | | | |
| c. | | | |
| d. | | | |
| e. | | | |
| f. | | | |
| g. | | | |
| **Total Adjustments to Ordinary Income** | 0.00 | 0.00 | 0.00 |
| **Other Adjustments** | | | |
| a. Net income (loss) from rental real estate activities | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | (360.00) | (142.00) | 1.00 |
| (3) Corrected | (360.00) | (142.00) | 1.00 |
| b. Net income (loss) from other rental activities | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | (101.00) | (68.00) | 0.00 |
| (3) Corrected | (101.00) | (68.00) | 0.00 |

**Remarks:**

It is determined that the accuracy-related penalties provided by I.R.C. 6662(a) and 6662(h) apply to the entire amount of any underpayment of tax attributable to adjustments of the partnership items of J&J Fernandez Ventures, L.P., or to partnership-level determinations with respect to J&J Fernandez Ventures, L.P., for the taxable years ending December 31, 2001, December 31, 2002 and December 31, 2003. See Attachment to Form 870-PT for an explanation of adjustments of partnership items of J&J Fernandez Ventures, L.P., for taxable years ending December 31, 2001, December 31, 2002 and December 31, 2003.

# Form 870-PT, Other Adjustments (Continued)

Page of

Name of Partnership: J & J Fernandez Ventures, L.P.

Taxpayer Identifying Number: 33-0883605

| | Tax Year(s) Ended | | |
|---|---|---|---|
| | 12/31/2001 | 12/31/2002 | 12/31/2003 |
| c. Portfolio income (loss) interest | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | 302,846.00 | 70,427.00 | 122,763.00 |
| (3) Corrected | 302,846.00 | 70,427.00 | 122,763.00 |
| d. Portfolio income (loss) qualified dividends | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | 0.00 | 0.00 | 40,759.00 |
| (3) Corrected | 0.00 | 0.00 | 40,759.00 |
| e. Portfolio income (loss) dividends | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | 378,159.00 | 316,374.00 | 600,670.00 |
| (3) Corrected | 378,159.00 | 316,374.00 | 600,670.00 |
| f. Portfolio income (loss) royalties | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | 1.00 | 53.00 | 0.00 |
| (3) Corrected | 1.00 | 53.00 | 0.00 |
| g. Portfolio Income (loss) net S/T gain (loss)-post May 5, 2003 | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | 0.00 | 0.00 | (5,150,788.00) |
| (3) Corrected | 0.00 | 0.00 | (5,150,788.00) |
| h. Portfolio income (loss) net short-term gain (loss) | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | 3,269,969.00 | (2,106,692.00) | (4,350,656.00) |
| (3) Corrected | 3,269,969.00 | (2,106,692.00) | (4,350,656.00) |
| i. Portfolio Income (loss) net L/T gain(loss)-post May 5, 2003 | | | |
| (1) Adjustment | 0.00 | 0.00 | 6,720,000.00 |
| (2) As reported | 0.00 | 0.00 | 3,031,537.00 |
| (3) Corrected | 0.00 | 0.00 | 9,751,537.00 |
| j. Portfolio income net long-term gain (loss) total | | | |
| (1) Adjustment | 10,513,056.00 | 11,686,944.00 | 0.00 |
| (2) As reported | 3,326,833.00 | 4,757,946.00 | 3,118,630.00 |
| (3) Corrected | 13,839,889.00 | 16,444,890.00 | 3,118,630.00 |
| k. Other portfolio income (loss) | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | 200.00 | (7,561.00) | (12,837.00) |
| (3) Corrected | 200.00 | (7,561.00) | (12,837.00) |
| l. Net section 1231 gain(loss) not casualty/theft-post 05/05/03 | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | 0.00 | 0.00 | (139.00) |
| (3) Corrected | 0.00 | 0.00 | (139.00) |

## Form 870-PT, Other Adjustments (Continued)

Page of

Name of Partnership: J & J Fernandez Ventures, L.P.

| Taxpayer Identifying Number: 33-0883605 | Tax Year(s) Ended | | |
|---|---|---|---|
| | 12/31/2001 | 12/31/2002 | 12/31/2003 |
| m. Net gain (loss) under section 1231 not casualty/theft | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | 6,705.00 | (3,522.00) | (510.00) |
| (3) Corrected | 6,705.00 | (3,522.00) | (510.00) |
| n. Other income (loss) | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | (7,473.00) | (38,243.00) | 912.00 |
| (3) Corrected | (7,473.00) | (38,243.00) | 912.00 |
| o. Charitable contributions 50 percent | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | 13.00 | 14.00 | 136.00 |
| (3) Corrected | 13.00 | 14.00 | 136.00 |
| p. Deductions related to portfolio income | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | 338,970.00 | 385,217.00 | 261,810.00 |
| (3) Corrected | 338,970.00 | 385,217.00 | 261,810.00 |
| q. Interest expense on investment debts | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | 274,100.00 | 199,318.00 | 128,353.00 |
| (3) Corrected | 274,100.00 | 199,318.00 | 128,353.00 |
| r. Investment income included in portfolio income | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | 681,206.00 | 386,854.00 | 525,709.00 |
| (3) Corrected | 681,206.00 | 386,854.00 | 525,709.00 |
| s. Investment expenses in deduct. related to portfolio income | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | 338,970.00 | 385,217.00 | 261,810.00 |
| (3) Corrected | 338,970.00 | 385,217.00 | 261,810.00 |
| t. Other credits (not related to rental activities) | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | 0.00 | 777.00 | 350.00 |
| (3) Corrected | 0.00 | 777.00 | 350.00 |
| u. Adj./tax pref. items depreciation in serv. after 1986 | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | 4,609.00 | 2,576.00 | 1,808.00 |
| (3) Corrected | 4,609.00 | 2,576.00 | 1,808.00 |
| v. Adj./tax pref. items adjusted gain or loss | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | (24.00) | (5.00) | (136.00) |
| (3) Corrected | (24.00) | (5.00) | (136.00) |

# Form 870-PT, Other Adjustments (Continued)

Page of

Name of Partnership: J & J Fernandez Ventures, L.P.

| Taxpayer Identifying Number: 33-0883605 | Tax Year(s) Ended | | |
|---|---|---|---|
| | 12/31/2001 | 12/31/2002 | 12/31/2003 |
| w. Adj./tax pref. Items gross inc. from oil, gas, geothermal | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | 0.00 | 1,106.00 | 0.00 |
| (3) Corrected | 0.00 | 1,106.00 | 0.00 |
| x. Adj./tax pref. Items ded. allocable oil, gas, geothermal | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | 0.00 | 1,143.00 | 0.00 |
| (3) Corrected | 0.00 | 1,143.00 | 0.00 |
| y. Adj./tax pref. items other adjustments & tax pref. items | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | 0.00 | 0.00 | (6,829.00) |
| (3) Corrected | 0.00 | 0.00 | (6,829.00) |
| z. Foreign taxes - gross income from all sources | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | 7,663,377.00 | 2,798,168.00 | 3,922,666.00 |
| (3) Corrected | 7,663,377.00 | 2,798,168.00 | 3,922,666.00 |
| aa. Foreign gross income sourced at partnership - passive | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | 0.00 | 0.00 | 390,714.00 |
| (3) Corrected | 0.00 | 0.00 | 390,714.00 |
| ab. Foreign gross income sourced at partnership - limitation | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | 0.00 | 20,830.00 | 7,534.00 |
| (3) Corrected | 0.00 | 20,830.00 | 7,534.00 |
| ac. Deductions allocated/apportioned at partner level - interest | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | 0.00 | 0.00 | 127,985.00 |
| (3) Corrected | 0.00 | 0.00 | 127,985.00 |
| ad. Deductions allocated/apportioned at P/S level - passive | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | 0.00 | 39,056.00 | 33,434.00 |
| (3) Corrected | 0.00 | 39,056.00 | 33,434.00 |
| ae. Foreign taxes total foreign taxes paid / accrued | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | 9,819.00 | 6,978.00 | 5,906.00 |
| (3) Corrected | 9,819.00 | 6,978.00 | 5,906.00 |
| af. Tax-exempt interest income | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | 15,006.00 | 15,000.00 | 15,000.00 |
| (3) Corrected | 15,006.00 | 15,000.00 | 15,000.00 |

## Form 870-PT, Other Adjustments (Continued)

Page of

Name of Partnership: J & J Fernandez Ventures, L.P.

| Taxpayer Identifying Number: 33-0883605 | Tax Year(s) Ended | | |
|---|---|---|---|
| | 12/31/2001 | 12/31/2002 | 12/31/2003 |
| ag. Other tax-exempt income | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | 0.00 | 0.00 | 64,690.00 |
| (3) Corrected | 0.00 | 0.00 | 64,690.00 |
| ah. Distributions - money (cash/securities) | | | |
| (1) Adjustment | | 0.00 | 0.00 |
| (2) As reported | 25,251,355.00 | 4,107,777.00 | 3,230,154.00 |
| (3) Corrected | 25,251,355.00 | 4,107,777.00 | 3,230,154.00 |
| al. Capital Account Ending Balance | | | |
| (1) Adjustment | (18,416,216.00) | (6,729,272.00) | (9,272.00) |
| (2) As reported | 40,789,035.00 | 38,832,301.00 | 34,407,246.00 |
| (3) Corrected | 22,372,819.00 | 32,103,029.00 | 34,397,974.00 |
| | | | |
| (1) Adjustment | | | |
| (2) As reported | | | |
| (3) Corrected | | | |
| | | | |
| (1) Adjustment | | | |
| (2) As reported | | | |
| (3) Corrected | | | |
| | | | |
| (1) Adjustment | | | |
| (2) As reported | | | |
| (3) Corrected | | | |
| | | | |
| (1) Adjustment | | | |
| (2) As reported | | | |
| (3) Corrected | | | |
| | | | |
| (1) Adjustment | | | |
| (2) As reported | | | |
| (3) Corrected | | | |
| | | | |
| (1) Adjustment | | | |
| (2) As reported | | | |
| (3) Corrected | | | |
| | | | |
| (1) Adjustment | | | |
| (2) As reported | | | |
| (3) Corrected | | | |

## Notice 2000-44 Case

**ATTACHMENT TO FORM 870-PT**

**EXPLANATION OF ADJUSTMENTS TO PARTNERSHIP ITEMS AND PARTNERSHIP-LEVEL DETERMINATIONS**

| PARTNERSHIP | TAXPAYER ID | TAX PERIOD |
|---|---|---|
| J&J Fernandez Ventures, L.P. | 33-0883605 | 12/31/2001 |

| ITEM | ADJUSTMENT | REPORTED | CORRECTED |
|---|---|---|---|
| I CAPITAL GAINS AND LOSSES | $10,513,056.00 | $3,326,833.00 | $13,839,889.00 |

It is determined that the amount of J&J Fernandez Ventures, L.P.'s adjusted basis in shares of the common stock of Invitrogen Corporation is zero (-0-) per share instead of $48.00 per share as claimed on the partnership's return for the taxable year 2001. Therefore, the partnership has net long-term capital gain of $13,839,889.00 for the taxable year 2001 instead of $3,326,833.00 as reported by the partnership.

**A REASONS FOR THIS DETERMINATION INCLUDE THE FOLLOWING**

1. You failed to establish that that the partnership's adjusted basis in the subject shares was more than zero (-0-) for purposes of determining gain or loss on the sale under I.R.C. § 1001.
2. You failed to establish that there was an adjustment to the basis of the subject shares under I.R.C. §§ 734 or 743.
3. You failed to establish that the partnership's carryover basis in the subject shares under I.R.C. § 723 was more than zero (-0-) when the shares were contributed to the partnership.

**B TAX ITEMS OF THE PARTNERS THAT MAY BE AFFECTED INCLUDE THE FOLLOWING**

1. The corrected amount of the partnership's net long-term capital gain for the taxable year 2001 is allocated among the partners in accordance with their respective percentage interests in the partnership under I.R.C. § 704.

**ITEM**

**II ACCURACY RELATED PENALTY**

It is determined that the accuracy-related penalties provided by I.R.C. §§ 6662(a) and 6662(h) apply to the entire amount of any underpayment of tax attributable to the increase in the amount of J&J Fernandez Ventures, L.P.'s net long-term capital gain for the taxable year 2001.

**A REASONS FOR THIS DETERMINATION INCLUDE THE FOLLOWING**

1. The entire amount of any underpayment of tax attributable to the increase in the amount of the partnership's net long-term capital gain for the taxable year 2001 is attributable to a gross valuation misstatement under I.R.C. § 6662(h).
2. The entire amount of any underpayment of tax attributable to the increase in the amount of the partnership's net long-term capital gain for the taxable year 2001 is attributable to a substantial valuation misstatement under I.R.C. § 6662(e).
3. The entire amount of any underpayment of tax attributable to the increase in the amount of the partnership's net long-term capital gain for the taxable year 2001 is attributable to negligence and disregard of rules and regulations for filing income tax returns under I.R.C. §§ 6662(a), 6662(b)(1), and 6662(c).
4. The entire amount of any underpayment of tax attributable to the increase in the amount of the partnership's net long-term capital gain for the taxable year 2001 is attributable to a substantial understatement of income tax under I.R.C. §§ 6662(a), 6662(b)(2), 6662(d)(1), and 6662(d)(2)(A).
5. The entire amount of any underpayment of tax attributable to the increase in the amount of the partnership's net long-term capital gain for the taxable year 2001 is attributable to a substantial understatement of income tax under I.R.C. §§ 6662(a), 6662(b)(2), 6662(d)(1) and 6662(d)(2)(C).
6. Neither Joseph M. Fernandez nor Joan V. Fernandez, in their respective capacities as officers and shareholders of JMJV Management Corporation, had reasonable cause or acted in good faith for purposes of I.R.C. § 6664 with respect to any underpayment of tax attributable to the increase in the amount of the partnership's net long-term capital gain for the taxable year 2001.

**B TAX ITEMS OF THE PARTNERS THAT MAY BE AFFECTED INCLUDE THE FOLLOWING**

1. Under I.R.C. § 6221, penalties determined at the partnership level are applied to underpayments attributable to partnership items and affected items at the partner-level, subject to partner-level defenses that may be asserted in an action for refund after assessment and payment.

## Notice 2000-44 Case

**ATTACHMENT TO FORM 870-PT**
**EXPLANATION OF ADJUSTMENTS TO PARTNERSHIP ITEMS AND PARTNERSHIP-LEVEL DETERMINATIONS**

| PARTNERSHIP | | TAXPAYER ID | TAX PERIOD |
|---|---|---|---|
| J&J Fernandez Ventures, L.P. | | 33-0883605 | 12/31/2002 |
| **ITEM** | **ADJUSTMENT** | **REPORTED** | **CORRECTED** |
| I CAPITAL GAINS AND LOSSES | $11,686,944.00 | $4,757,946.00 | $16,444,890.00 |

It is determined that the amount of J&J Fernandez Ventures, L.P.'s adjusted basis in shares of the common stock of Invitrogen Corporation is zero (-0-) per share instead of $48.00 per share as claimed on the partnership's return for the taxable year 2002. Therefore, the partnership has net long-term capital gain of $16,444,890.00 for the taxable year 2002 instead of net long-term capital gain of $4,757,946.00 as reported by the partnership.

**A REASONS FOR THIS DETERMINATION INCLUDE THE FOLLOWING**

1. You failed to establish that that the partnership's adjusted basis in the subject shares was more than zero (-0-) for purposes of determining gain or loss on the sale under I.R.C. § 1001.
2. You failed to establish that there was an adjustment to the basis of the subject shares under I.R.C. §§ 734 or 743.
3. You failed to establish that the partnership's carryover basis in the subject shares under I.R.C. § 723 was more than zero (-0-) when the shares were contributed to the partnership.

**B TAX ITEMS OF THE PARTNERS THAT MAY BE AFFECTED INCLUDE THE FOLLOWING**

1. The corrected amount of the partnership's net long-term capital gain for the taxable year 2002 is allocated among the partners in accordance with their respective percentage interests in the partnership under I.R.C. § 704.

**ITEM**

**II ACCURACY RELATED PENALTY**

It is determined that the accuracy-related penalties provided by I.R.C. §§ 6662(a) and 6662(h) apply to the entire amount of any underpayment of tax attributable to the increase in the amount of J&J Fernandez Ventures, L.P.'s net long-term capital gain for the taxable year 2002.

**A REASONS FOR THIS DETERMINATION INCLUDE THE FOLLOWING**

1. The entire amount of any underpayment of tax attributable to the increase in the amount of the partnership's net long-term capital gain for the taxable year 2002 is attributable to a gross valuation misstatement under I.R.C. § 6662(h).
2. The entire amount of any underpayment of tax attributable to the increase in the amount of the partnership's net long-term capital gain for the taxable year 2002 is attributable to a substantial valuation misstatement under I.R.C. § 6662(e).
3. The entire amount of any underpayment of tax attributable to the increase in the amount of the partnership's net long-term capital gain for the taxable year 2002 is attributable to negligence and disregard of rules and regulations for filing income tax returns under I.R.C. §§ 6662(a), 6662(b)(1), and 6662(c).
4. The entire amount of any underpayment of tax attributable to the increase in the amount of the partnership's net long-term capital gain for the taxable year 2002 is attributable to a substantial understatement of income tax under I.R.C. §§ 6662(a), 6662(b)(2), 6662(d)(1), and 6662(d)(2)(A).
5. The entire amount of any underpayment of tax attributable to the increase in the amount of the partnership's net long-term capital gain for the taxable year 2002 is attributable to a substantial understatement of income tax under I.R.C. §§ 6662(a), 6662(b)(2), 6662(d)(1) and 6662(d)(2)(C).
6. Neither Joseph M. Fernandez nor Joan V. Fernandez, in their respective capacities as officers and shareholders of JMJV Management Corporation, had reasonable cause or acted in good faith for purposes of I.R.C. § 6664 with respect to any underpayment of tax attributable to the increase in the amount of the partnership's net long-term capital gain for the taxable year 2002.

**B TAX ITEMS OF THE PARTNERS THAT MAY BE AFFECTED INCLUDE THE FOLLOWING**

1. Under I.R.C. § 6221, penalties determined at the partnership level are applied to underpayments attributable to partnership items and affected items at the partner-level, subject to partner-level defenses that may be asserted in an action for refund after assessment and payment.

## Notice 2000-44 Case

| ATTACHMENT TO FORM 870-PT<br>EXPLANATION OF ADJUSTMENTS TO PARTNERSHIP ITEMS<br>AND PARTNERSHIP-LEVEL DETERMINATIONS | | | |
|---|---|---|---|
| PARTNERSHIP | | TAXPAYER ID | TAX PERIOD |
| J&J Fernandez Ventures, L.P. | | 33-0883605 | 12/31/2003 |
| ITEM | ADJUSTMENT | REPORTED | CORRECTED |
| I CAPITAL GAINS AND LOSSES | $6,720,000.00 | $3,118,630.00 | $9,838,630.00 |

It is determined that the amount of J&J Fernandez Ventures, L.P.'s adjusted basis in shares of the common stock of Invitrogen Corporation is zero (-0-) per share instead of $48.00 per share as claimed on the partnership's return for the taxable year 2003. Therefore, the partnership has net long-term capital gain of $9,838,630.00 for the taxable year 2003 instead of $3,118,630.00 as reported by the partnership.

**A REASONS FOR THIS DETERMINATION INCLUDE THE FOLLOWING**

1. You failed to establish that that the partnership's adjusted basis in the subject shares was more than zero (-0-) for purposes of determining gain or loss on the sale under I.R.C. § 1001.
2. You failed to establish that there was an adjustment to the basis of the subject shares under I.R.C. §§ 734 or 743.
3. You failed to establish that the partnership's carryover basis in the subject shares under I.R.C. § 723 was more than zero (-0-) when the shares were contributed to the partnership.

**B TAX ITEMS OF THE PARTNERS THAT MAY BE AFFECTED INCLUDE THE FOLLOWING**

1. The corrected amount of the partnership's net long-term capital gain for the taxable year 2003 is allocated among the partners in accordance with their respective percentage interests in the partnership under I.R.C. § 704.

**ITEM**

**II ACCURACY RELATED PENALTY**

It is determined that the accuracy-related penalties provided by I.R.C. §§ 6662(a) and 6662(h) apply to the entire amount of any underpayment of tax attributable to the increase in the amount of J&J Fernandez Ventures, L.P.'s net long-term capital gain for the taxable year 2003.

**A REASONS FOR THIS DETERMINATION INCLUDE THE FOLLOWING**

1. The entire amount of any underpayment of tax attributable to the increase in the amount of the partnership's net long-term capital gain for the taxable year 2003 is attributable to a gross valuation misstatement under I.R.C. § 6662(h).
2. The entire amount of any underpayment of tax attributable to the increase in the amount of the partnership's net long-term capital gain for the taxable year 2003 is attributable to a substantial valuation misstatement under I.R.C. § 6662(e).
3. The entire amount of any underpayment of tax attributable to the increase in the amount of the partnership's net long-term capital gain for the taxable year 2003 is attributable to negligence and disregard of rules and regulations for filing income tax returns under I.R.C. §§ 6662(a), 6662(b)(1), and 6662(c).
4. The entire amount of any underpayment of tax attributable to the increase in the amount of the partnership's net long-term capital gain for the taxable year 2003 is attributable to a substantial understatement of income tax under I.R.C. §§ 6662(a), 6662(b)(2), 6662(d)(1), and 6662(d)(2)(A).
5. The entire amount of any underpayment of tax attributable to the increase in the amount of the partnership's net long-term capital gain for the taxable year 2003 is attributable to a substantial understatement of income tax under I.R.C. §§ 6662(a), 6662(b)(2), 6662(d)(1) and 6662(d)(2)(C).
6. Neither Joseph M. Fernandez nor Joan V. Fernandez, in their respective capacities as officers and shareholders of JMJV Management Corporation, had reasonable cause or acted in good faith for purposes of I.R.C. § 6664 with respect to any underpayment of tax attributable to the increase in the amount of the partnership's net long-term capital gain for the taxable year 2003.

**B TAX ITEMS OF THE PARTNERS THAT MAY BE AFFECTED INCLUDE THE FOLLOWING**

1. Under I.R.C. § 6221, penalties determined at the partnership level are applied to underpayments attributable to partnership items and affected items at the partner-level, subject to partner-level defenses that may be asserted in an action for refund after assessment and payment.

Partnership Name: J & J Fernandez Ventures, LP EIN: 33-0883605
Tax Years: December 31, 2001, December 31, 2002 and December 31, 2003

Information Regarding Additions to Tax (Penalties) and Affected Items

The Internal Revenue Code provides, in appropriate cases, for the application of accuracy related penalties under Internal Revenue Code Section 6662, which include, in part, penalties for negligence or disregard of rules or regulations, substantial understatement of income tax, and substantial valuation misstatements.

For partnership taxable years ending ***after*** August 5, 1997, penalties are determined at the partnership level and may be agreed to as part of the partnership proceeding. A court will have jurisdiction over partnership level penalties raised in a Final Partnership Administrative Adjustment petition for a partnership taxable year ending ***after*** August 5, 1997. Any partner level defense to partnership level penalty determinations, however, may only be raised through refund claims following the assessment and collection of such penalties.

For all partnership taxable years, other items affected by partnership adjustments, "affected items," may also be separately determined and assessed after the outcome of the partnership proceeding. Upon the completion of the partnership proceeding or the execution of a Form 870-PT, you may be sent an examination report and/or a statutory notice of deficiency asserting affected items.

Please note: This is an information item only, and is not part of the notice of Final Partnership Administrative Adjustment.

7174

THE FERNANDEZ FAMILY TRUST
U/T/A DTD 04/13/99
JOSEPH M. FERNANDEZ, TRUSTEE
JOAN V. FERNANDEZ, TRUSTEE
P.O. BOX 1031
LA JOLLA, CA 92038-1031

UNION BANK OF CALIFORNIA, N.A.
LA JOLLA, CA 92038-1031
16-49/1220

1/4/2006

PAY TO THE ORDER OF United States Treasury $ **591,481.00

Five Hundred Ninety-One Thousand Four Hundred Eighty-One and 00/100********************************************* DOLLARS

MEMO Joseph M & Joan V Fernandez
#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 & #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 yr. 2001-1040

AUTHORIZED SIGNATURE

⑈007174⑈ ⑆122000496⑆ 6051089131⑈

7175

THE FERNANDEZ FAMILY TRUST
U/T/A DTD 04/13/99
JOSEPH M. FERNANDEZ, TRUSTEE
JOAN V. FERNANDEZ, TRUSTEE
P.O. BOX 1031
LA JOLLA, CA 92038-1031

UNION BANK OF CALIFORNIA, N.A.
LA JOLLA, CA 92038-1031
16-49/1220

1/4/2006

PAY TO THE ORDER OF United States Treasury $ **1,317,498.00

One Million Three Hundred Seventeen Thousand Four Hundred Ninety-Eight and 00/100**************************** DOLLARS

MEMO Joseph M & Joan V Fernandez
#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 & #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 yr. 2002-1040

AUTHORIZED SIGNATURE

⑈007175⑈ ⑆122000496⑆ 6051089131⑈

7176

THE FERNANDEZ FAMILY TRUST
U/T/A DTD 04/13/99
JOSEPH M. FERNANDEZ, TRUSTEE
JOAN V. FERNANDEZ, TRUSTEE
P.O. BOX 1031
LA JOLLA, CA 92038-1031

UNION BANK OF CALIFORNIA, N.A.
LA JOLLA, CA 92038-1031
16-49/1220

1/4/2006

PAY TO THE ORDER OF United States Treasury $ **308,144.00

Three Hundred Eight Thousand One Hundred Forty-Four and 00/100*************************************************** DOLLARS

MEMO Joseph M & Joan V Fernandez
#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 & #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 yr. 2003-1040

AUTHORIZED SIGNATURE

⑈007176⑈ ⑆122000496⑆ 6051089131⑈

THE FERNANDEZ FAMILY TRUST
U/T/A DTD 04/13/99
JOSEPH M. FERNANDEZ, TRUSTEE
JOAN V. FERNANDEZ, TRUSTEE
P.O. BOX 1031
LA JOLLA, CA 92038-1031

UNION BANK OF CALIFORNIA, N.A.
LA JOLLA, CA 92038-1031
16-49/1220

7177

1/4/2006

PAY TO THE ORDER OF United States Treasury $ **150,905.00

One Hundred Fifty Thousand Nine Hundred Five and 00/100****************************************************************** DOLLARS

MEMO Joseph M & Joan V Fernandez
#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 & #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 yr. 2004-1040

AUTHORIZED SIGNATURE

⑈007177⑈ ⑆122000496⑆ 6051089131⑈

---

THE FERNANDEZ FAMILY TRUST
U/T/A DTD 04/13/99
JOSEPH M. FERNANDEZ, TRUSTEE
JOAN V. FERNANDEZ, TRUSTEE
P.O. BOX 1031
LA JOLLA, CA 92038-1031

UNION BANK OF CALIFORNIA, N.A.
LA JOLLA, CA 92038-1031
16-49/1220

7178

1/4/2006

PAY TO THE ORDER OF United States Treasury $ **278,565.00

Two Hundred Seventy-Eight Thousand Five Hundred Sixty-Five and 00/100********************************************* DOLLARS

MEMO Joseph M Fernandez Descendants' Trust
fbo Dean Fernandez
#91-6500141 yr. 2001-1041

AUTHORIZED SIGNATURE

⑈007178⑈ ⑆122000496⑆ 6051089131⑈

---

THE FERNANDEZ FAMILY TRUST
U/T/A DTD 04/13/99
JOSEPH M. FERNANDEZ, TRUSTEE
JOAN V. FERNANDEZ, TRUSTEE
P.O. BOX 1031
LA JOLLA, CA 92038-1031

UNION BANK OF CALIFORNIA, N.A.
LA JOLLA, CA 92038-1031
16-49/1220

7179

1/4/2006

PAY TO THE ORDER OF United States Treasury $ **302,332.00

Three Hundred Two Thousand Three Hundred Thirty-Two and 00/100**************************************************** DOLLARS

MEMO Joseph M Fernandez Descendants' Trust
fbo Dean Fernandez
#91-6500141 yr. 2002-1041

AUTHORIZED SIGNATURE

⑈007179⑈ ⑆122000496⑆ 6051089131⑈

THE FERNANDEZ FAMILY TRUST
U/T/A DTD 04/13/99
JOSEPH M. FERNANDEZ , TRUSTEE
JOAN V. FERNANDEZ , TRUSTEE
P.O. BOX 1031
LA JOLLA, CA 92038-1031

UNION BANK OF CALIFORNIA, N.A.
LA JOLLA, CA 92038-1031
16-49/1220

7180

1/4/2006

PAY TO THE ORDER OF United States Treasury $ **80,542.00

Eighty Thousand Five Hundred Forty-Two and 00/100*************************************************************************** DOLLARS

MEMO Joseph M Fernandez Descendants' Trust fbo Dean Fernandez
#91-6500141 yr. 2003-1041

AUTHORIZED SIGNATURE

⑈007180⑈ ⑆122000496⑆ 6051089131⑈

---

THE FERNANDEZ FAMILY TRUST
U/T/A DTD 04/13/99
JOSEPH M. FERNANDEZ , TRUSTEE
JOAN V. FERNANDEZ , TRUSTEE
P.O. BOX 1031
LA JOLLA, CA 92038-1031

UNION BANK OF CALIFORNIA, N.A.
LA JOLLA, CA 92038-1031
16-49/1220

7181

1/4/2006

PAY TO THE ORDER OF United States Treasury $ **23,765.00

Twenty-Three Thousand Seven Hundred Sixty-Five and 00/100************************************************************ DOLLARS

MEMO Joseph M Fernandez Descendants' Trust fbo Dean Fernandez
#91-6500141 yr. 2004-1041

AUTHORIZED SIGNATURE

⑈007181⑈ ⑆122000496⑆ 6051089131⑈

---

THE FERNANDEZ FAMILY TRUST
U/T/A DTD 04/13/99
JOSEPH M. FERNANDEZ , TRUSTEE
JOAN V. FERNANDEZ , TRUSTEE
P.O. BOX 1031
LA JOLLA, CA 92038-1031

UNION BANK OF CALIFORNIA, N.A.
LA JOLLA, CA 92038-1031
16-49/1220

7182

1/4/2006

PAY TO THE ORDER OF United States Treasury $ **278,565.00

Two Hundred Seventy-Eight Thousand Five Hundred Sixty-Five and 00/100****************************************** DOLLARS

MEMO Joseph M Fernandez Descendants' Trust fbo Nichole Fernandez
#91-6522308 yr. 2001-1041

AUTHORIZED SIGNATURE

⑈007182⑈ ⑆122000496⑆ 6051089131⑈

THE FERNANDEZ FAMILY TRUST
U/T/A DTD 04/13/99
JOSEPH M. FERNANDEZ , TRUSTEE
JOAN V. FERNANDEZ , TRUSTEE
P.O. BOX 1031
LA JOLLA, CA 92038-1031

UNION BANK OF CALIFORNIA, N.A.
LA JOLLA, CA 92038-1031
16-49/1220

7183

1/4/2006

PAY TO THE ORDER OF United States Treasury $ **302,332.00

Three Hundred Two Thousand Three Hundred Thirty-Two and 00/100****************************************************** DOLLARS

MEMO Joseph M Fernandez Descendants' Trust fbo Nichole Fernandez
#91-6522308 yr. 2002-1041

AUTHORIZED SIGNATURE

⑈007183⑈ ⑆122000496⑆ 6051089131⑈

---

THE FERNANDEZ FAMILY TRUST
U/T/A DTD 04/13/99
JOSEPH M. FERNANDEZ , TRUSTEE
JOAN V. FERNANDEZ , TRUSTEE
P.O. BOX 1031
LA JOLLA, CA 92038-1031

UNION BANK OF CALIFORNIA, N.A.
LA JOLLA, CA 92038-1031
16-49/1220

7184

1/4/2006

PAY TO THE ORDER OF United States Treasury $ **80,538.00

Eighty Thousand Five Hundred Thirty-Eight and 00/100********************************************************************** DOLLARS

MEMO Joseph M Fernandez Descendants' Trust fbo Nichole Fernandez
#91-6522308 yr. 2003-1041

AUTHORIZED SIGNATURE

⑈007184⑈ ⑆122000496⑆ 6051089131⑈

---

THE FERNANDEZ FAMILY TRUST
U/T/A DTD 04/13/99
JOSEPH M. FERNANDEZ , TRUSTEE
JOAN V. FERNANDEZ , TRUSTEE
P.O. BOX 1031
LA JOLLA, CA 92038-1031

UNION BANK OF CALIFORNIA, N.A.
LA JOLLA, CA 92038-1031
16-49/1220

7185

1/4/2006

PAY TO THE ORDER OF United States Treasury $ **23,760.00

Twenty-Three Thousand Seven Hundred Sixty and 00/100********************************************************************** DOLLARS

MEMO Joseph M Fernandez Descendants' Trust fbo Nichole Fernandez
#91-6522308 yr. 2004-1041

AUTHORIZED SIGNATURE

⑈007185⑈ ⑆122000496⑆ 6051089131⑈

THE FERNANDEZ FAMILY TRUST
U/T/A DTD 04/13/99
JOSEPH M. FERNANDEZ , TRUSTEE
JOAN V. FERNANDEZ , TRUSTEE
P.O. BOX 1031
LA JOLLA, CA 92038-1031

UNION BANK OF CALIFORNIA, N.A.
LA JOLLA, CA 92038-1031
16-49/1220

7186

1/4/2006

PAY TO THE ORDER OF United States Treasury $ **278,565.00

Two Hundred Seventy-Eight Thousand Five Hundred Sixty-Five and 00/100****************************************** DOLLARS

MEMO Joan V Fernandez Descendants' Trust fbo Dean Fernandez
#91-6500142 yr. 2001-1041

AUTHORIZED SIGNATURE

⑈007186⑈ ⑆122000496⑆ 6051089131⑈

---

THE FERNANDEZ FAMILY TRUST
U/T/A DTD 04/13/99
JOSEPH M. FERNANDEZ , TRUSTEE
JOAN V. FERNANDEZ , TRUSTEE
P.O. BOX 1031
LA JOLLA, CA 92038-1031

UNION BANK OF CALIFORNIA, N.A.
LA JOLLA, CA 92038-1031
16-49/1220

7187

1/4/2006

PAY TO THE ORDER OF United States Treasury $ **302,332.00

Three Hundred Two Thousand Three Hundred Thirty Two and 00/100************************************************** DOLLARS

MEMO Joan V Fernandez Descendants' Trust fbo Dean Fernandez
#91-6500142 yr. 2002 - 1041

AUTHORIZED SIGNATURE

⑈007187⑈ ⑆122000496⑆ 6051089131⑈

---

THE FERNANDEZ FAMILY TRUST
U/T/A DTD 04/13/99
JOSEPH M. FERNANDEZ , TRUSTEE
JOAN V. FERNANDEZ , TRUSTEE
P.O. BOX 1031
LA JOLLA, CA 92038-1031

UNION BANK OF CALIFORNIA, N.A.
LA JOLLA, CA 92038-1031
16-49/1220

7188

1/4/2006

PAY TO THE ORDER OF United States Treasury $ **81,387.00

Eighty-One Thousand Three Hundred Eighty-Seven and 00/100************************************************************ DOLLARS

MEMO Joan V Fernandez Descendants' Trust fbo Dean Fernandez
#91-6500142 yr. 2003-1041

AUTHORIZED SIGNATURE

⑈007188⑈ ⑆122000496⑆ 6051089131⑈

THE FERNANDEZ FAMILY TRUST
U/T/A DTD 04/13/99
JOSEPH M. FERNANDEZ, TRUSTEE
JOAN V. FERNANDEZ, TRUSTEE
P.O. BOX 1031
LA JOLLA, CA 92038-1031

UNION BANK OF CALIFORNIA, N.A.
LA JOLLA, CA 92038-1031
16-49/1220

7189

1/4/2006

PAY TO THE ORDER OF United States Treasury $ **23,235.00

Twenty-Three Thousand Two Hundred Thirty-Five and 00/100********************************************************* DOLLARS

MEMO Joan V Fernandez Descendants' Trust
fbo Dean Fernandez
#91-6500142 yr. 2004-1041

AUTHORIZED SIGNATURE

⑈007189⑈ ⑆122000496⑆ 6051089131⑈

---

THE FERNANDEZ FAMILY TRUST
U/T/A DTD 04/13/99
JOSEPH M. FERNANDEZ, TRUSTEE
JOAN V. FERNANDEZ, TRUSTEE
P.O. BOX 1031
LA JOLLA, CA 92038-1031

UNION BANK OF CALIFORNIA, N.A.
LA JOLLA, CA 92038-1031
16-49/1220

7190

1/4/2006

PAY TO THE ORDER OF United States Treasury $ **278,565.00

Two Hundred Seventy Eight Thousand Five Hundred Sixty Five and 00/100******************************************** DOLLARS

MEMO Joan V Fernandez Descendants' Trust
fbo Nichole Fernandez
#91-6522309 yr. 2001-1041

AUTHORIZED SIGNATURE

⑈007190⑈ ⑆122000496⑆ 6051089131⑈

---

THE FERNANDEZ FAMILY TRUST
U/T/A DTD 04/13/99
JOSEPH M. FERNANDEZ, TRUSTEE
JOAN V. FERNANDEZ, TRUSTEE
P.O. BOX 1031
LA JOLLA, CA 92038-1031

UNION BANK OF CALIFORNIA, N.A.
LA JOLLA, CA 92038-1031
16-49/1220

7191

1/4/2006

PAY TO THE ORDER OF United States Treasury $ **302,332.00

Three Hundred Two Thousand Three Hundred Thirty-Two and 00/100************************************************** DOLLARS

MEMO Joan V Fernandez Descendants' Trust
fbo Nichole Fernandez
#91-6522309 yr. 2002-1041

AUTHORIZED SIGNATURE

⑈007191⑈ ⑆122000496⑆ 6051089131⑈

THE FERNANDEZ FAMILY TRUST
U/T/A DTD 04/13/99
JOSEPH M. FERNANDEZ , TRUSTEE
JOAN V. FERNANDEZ , TRUSTEE
P.O. BOX 1031
LA JOLLA, CA 92038-1031

UNION BANK OF CALIFORNIA, N.A.
LA JOLLA, CA 92038-1031
16-49/1220

7192

1/4/2006

PAY TO THE ORDER OF United States Treasury $ **79,950.00

Seventy-Nine Thousand Nine Hundred Fifty and 00/100************************************************************** DOLLARS

MEMO Joan V Fernandez Descendants' Trust fbo Nichole Fernandez
#91-6522309 yr. 2003-1041

AUTHORIZED SIGNATURE

⑈007192⑈ ⑆122000496⑆ 6051089131⑈

THE FERNANDEZ FAMILY TRUST
U/T/A DTD 04/13/99
JOSEPH M. FERNANDEZ , TRUSTEE
JOAN V. FERNANDEZ , TRUSTEE
P.O. BOX 1031
LA JOLLA, CA 92038-1031

UNION BANK OF CALIFORNIA, N.A.
LA JOLLA, CA 92038-1031
16-49/1220

7193

1/4/2006

PAY TO THE ORDER OF United States Treasury $ **23,274.00

Twenty-Three Thousand Two Hundred Seventy-Four and 00/100************************************************************ DOLLARS

MEMO Joan V Fernandez Descendants' Trust fbo Nichole Fernandez
#91-6522309 yr. 2004-1041

AUTHORIZED SIGNATURE

⑈007193⑈ ⑆122000496⑆ 6051089131⑈