**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**J&J FERNANDEZ VENTURES, LP, §**
**JMJV MANAGEMENT CORP., §**
**§**
**Plaintiffs, §**
**§ NO. 06-27T (Judge Baskir)**
**v. §**
**§**
**UNITED STATES OF AMERICA, §**
**§**
**Defendant. §**

**UNITED STATES' ANSWER**

The United States of America files the following answer to the plaintiffs' complaint:[1]

**I. PLAINTIFFS**

1. The United States admits the allegations contained in paragraph 1 of the Complaint in so far as they relate to the year 2001-2003.

2. The United States admits the allegations contained in paragraph 2 of the Complaint in so far as they relate to the year 2001-2003.

3. The United States admits the allegations contained in paragraph 3 of the Complaint.

---

[1] The use of the terms "partnership," "partner," and "partnership interest" in reference to J&J Fernandez does not constitute an admission that the relation of partners exists for federal income tax purposes. Similarly, the use of the terms "sale," "exchange," "contribution," and "assignment," to refer to transactions documented as such does not constitute an admission that those transactions should be so characterized for federal income tax purposes.

## II. PARTIES PURSUANT TO 26 USC § 6226(c) AND NOTICE OF FINAL PARTNERSHIP ADMINISTRATIVE ADJUSTMENT

4. The United States admits the allegations contained in paragraph 4 of the Complaint in so far as they relate to the years 2001-2003.

5. The United States denies that the Fernandez Family Trust is disregarded as a separate entity for all purposes related to federal income tax. The United States presently lacks sufficient information to form a belief as to the truth of the allegations regarding the Family Trust's interest in the Partnership. The United States admits all other allegations contained in paragraph 5 in so far as they relate to the years 2001-2003.

6. The United States presently lacks sufficient information to form a belief as to the truth of the allegations regarding the Descendants' trust's interest in the Partnership. The United States admits all other allegations contained in paragraph 6 of the Complaint in so far as they relate to the years 2001-2003.

7. The United States presently lacks sufficient information to form a belief as to the truth of the allegations regarding the Descendants' trust's interest in the Partnership. The United States admits all other

allegations contained in paragraph 7 of the Complaint in so far as they relate to the years 2001-2003.

8. The United States presently lacks sufficient information to form a belief as to the truth of the allegations regarding the Descendants' trust's interest in the Partnership. The United States admits all other allegations contained in paragraph 8 of the Complaint in so far as they relate to the years 2001-2003.

9. The United States presently lacks sufficient information to form a belief as to the truth of the allegations regarding the Descendants' trust's interest in the Partnership. The United States admits all other allegations contained in paragraph 9 of the Complaint in so far as they relate to the years 2001-2003.

10. Paragraph 10 of the Complaint does not require a response. To the extent it does, the United States denies it.

11. The United States admits that the IRS received J&J Ventures' 2001 Form 1065 on October 20, 2002, its 2002 Form 1065 on October 16, 2003, and its 2003 Form 1065 on October 15, 2004. The United States presently lacks sufficient information to form a belief as to the truth of the remaining allegations in paragraph 11 of the Complaint.

12. The United States admits the allegations contained in paragraph 12 of the Complaint.

13. The United States presently lacks sufficient information to form a belief as to the truth of the allegations in paragraph 13 of the Complaint.

14. The United States admits the allegations contained in paragraph 14 of the Complaint.

15. The United States admits the Tax Matters Partner has standing to bring this Complaint. The United States denies any other allegation contained in paragraph 15 of the Complaint.

## III. DEFENDANT

16. The United States admits the allegations contained in paragraph 16 of the Complaint.

## IV. STATEMENT OF THE CASE

17. The United States admits the allegations contained in paragraph 17 of the Complaint.

18. The United States denies the allegations contained in paragraph 18 of the Complaint.

## V. JURISDICTION AND VENUE

19. The United States denies the allegations contained in paragraph 19 of the Complaint.

20. The United States denies the allegations contained in paragraph 20 of the Complaint.

21. The United States admits that the deposits shown in paragraph 21 of the Complaint have been made. The United States denies any other allegation in paragraph 21 or in footnote 1 cited in paragraph 21.

22. The United States admits the allegations contained in paragraph 22 of the Complaint.

## VI. DESCRIPTION OF TRANSACTIONS

23. The United States presently lacks sufficient information to form a belief as to the truth of the characterization of the transactions contained in paragraphs 24 through 50 of the Complaint. The United States denies any other allegation in paragraph 23.

24. The United States admits that documents purport to reflect that, on December 9, 1999, the Family Trust allegedly borrowed U.S. Treasury securities from a broker and sold the securities. The United

States denies any other allegation contained in paragraph 24 of the Complaint.

25. The United States presently lacks sufficient information to form a belief as to the truth of the allegations in paragraph 25 of the Complaint.

26. The United States presently lacks sufficient information to form a belief as to the truth of the allegations in paragraph 26 of the Complaint.

27. The United States presently lacks sufficient information to form a belief as to the truth of the allegations in paragraph 27 of the Complaint.

28. The United States presently lacks sufficient information to form a belief as to the truth of the allegations in paragraph 28 of the Complaint.

29. The United States presently lacks sufficient information to form a belief as to the truth of the allegations in paragraph 29 of the Complaint.

30. The United States presently lacks sufficient information to form a belief as to the truth of the allegations in paragraph 30 of the Complaint.

31. Paragraph 31 makes a bare legal conclusion that does not require a response. To the extent it does, the United States denies it.

32. The United States admits that last sentence of paragraph 32. The United States presently lacks sufficient information to form a belief as to the truth of the remaining allegations in paragraph 32 of the Complaint.

33. The United States admits that last sentence of paragraph 33. The United States presently lacks sufficient information to form a belief as to the truth of the remaining allegations in paragraph 33 of the Complaint.

34. The United States admits that the IRS received JMJV's 1999 Form 1120S on April 18, 2000. The United States presently lacks sufficient information to form a belief as to the truth of the remaining allegations in paragraph 34 of the Complaint.

35. The United States admits that the IRS received the Family Trust's 1999 Form 1041 on April 18, 2000. The United States presently lacks sufficient information to form a belief as to the truth of the remaining allegations in paragraph 35 of the Complaint.

36. The United States presently lacks sufficient information to form a belief as to the truth of the allegations in paragraph 36 of the Complaint.

37. The United States admits that neither the Partnership, nor any of its partners, agreed to extend any applicable limitations period for the assessment of tax attributable to partnership items from the Partnership's short taxable year ended December 16, 1999. The United States denies all other allegations in paragraph 37.

38. The United States admits that neither the Partnership, nor any of its partners, agreed to extend any applicable limitations period for the assessment of tax attributable to partnership items from the Partnership's short taxable year ended December 31, 1999. The United States denies all other allegations in paragraph 38.

39. The United States admits the allegations contained in paragraph 39 of the Complaint.

40. The United States admits the allegations contained in paragraph 40 of the Complaint.

41. The United States admits that none of J & J's partners ever agreed to extend any period of limitations for the assessment of 1999 tax

attributable to either of J & J's 1999 short tax years. The United States denies all other allegations in paragraph 41.

42. The United States admits the allegations contained in paragraph 42 of the Complaint.

43. The United States currently lacks sufficient information to form a belief as to the truth of the allegations in paragraph 43 of the Complaint.

44. The United States currently lacks sufficient information to form a belief as to the truth of the allegations in paragraph 44 of the Complaint.

45. The United States admits that the Partnership attached an account statement to its 2001 Form 1065 listing a sale of 219,022 shares of Invitrogen stock with a "Cost Basis" of $10,513,056, proceeds of $10,812,28.60, and gain of $3,157,649.94. The United States currently lacks sufficient information to form a belief as to the truth of the remaining allegations in paragraph 45.

46. The United States admits that the Partnership attached an account statement to its 2001 Form 1065 listing a sale of 219,022 shares of Invitrogen stock with proceeds of $10,812,28.60, a "Cost Basis" of $10,513,056.00, and gain of $3,157,649.94. The United States

currently lacks sufficient information to form a belief as to the truth of the remaining allegations in paragraph 46.

47. The United States admits that the Partnership attached a statement to its 2002 Form 1065 listing a sale of 243,478 shares of Invitrogen stock with a sales price of $17,972,455, a basis of $11,686,944, and gain of $6,285,511. The United States currently lacks sufficient information to form a belief as to the truth of the remaining allegations in paragraph 47.

48. The United States admits that the Partnership attached a statement to its 2002 Form 1065 listing a sale of 243,478 shares of Invitrogen stock with a sales price of $17,972,455, a basis of $11,686,944, and gain of $6,285,511. The United States currently lacks sufficient information to form a belief as to the truth of the remaining allegations in paragraph 48.

49. The United States admits that the Partnership attached an account statement to its 2003 Form 1065 listing a sale of 140,000 shares of Invitrogen stock with proceeds of $9,614,949.65, a “Cost Basis” of $6,720,000.00 and gain of $2,894,949.65. The United States currently lacks sufficient information to form a belief as to the truth of the remaining allegations in paragraph 49.

50. The United States admits that the Partnership attached an account statement to its 2003 Form 1065 listing a sale of 140,000 shares of Invitrogen stock with proceeds of $9,614,949.65, a “Cost Basis” of $6,720,000.00 and gain of $2,894,949.65. The United States currently lacks sufficient information to form a belief as to the truth of the remaining allegations in paragraph 50.

## VII. RELIANCE ON TAX PROFESSIONALS

51. The United States denies the first sentence of paragraph 51 of the Complaint. The United States presently lacks sufficient information to form a belief as to the truth of the allegations in the second sentence of paragraph 51 of the Complaint.

## VIII. THE COMMISSIONER DID NOT ERR IN THE 2000 FPAA

52. The United States incorporates its responses to paragraphs 1 through 51 as though fully set forth here.

53-66. The United States denies the allegations contained in paragraphs 53-66 of the Complaint.

## IX. PARTNERSHIP’S INCORRECT TREATMENT OF TAX ITEMS

67. The United States incorporates its responses to paragraphs 1 through 66 as though fully set forth here.

68-83. The United States denies the allegations contained in paragraphs 68 - 83 of the Complaint.

## X. STATUTE OF LIMITATIONS AND TEFRA PROVISIONS

84. The United States admits the allegations contained in paragraph 84 of the Complaint.

85-89. The United States denies the allegations in paragraphs 85-89 of the Complaint.

## XI. BURDEN OF PROOF

90. The United States denies the allegations contained in paragraph 90 of the Complaint.

Any allegation contained in the Complaint which is not expressly admitted above is hereby denied.

WHEREFORE, Defendant United States of America respectfully prays that this Court will sustain the adjustments set forth in the 2001-2003 FPAAs in all respects and deny the relief sought by Plaintiffs in their complaint. The United States also prays for general relief.

Respectfully Submitted:

*/s/ Grover Hart, III*
GROVER HARTT, III
Attorney of Record
Tax Division
U.S. Department of Justice
717 N. Harwood, Suite 400
Dallas, Texas 75201
(214) 880-9721 (Main)
(214) 880-9741 (Fax)
EILEEN J. O'CONNOR
Assistant Attorney General
DAVID D. GUSTAFSON
Chief, Court of Fed. Claims Section
CYNTHIA E. MESSERSMITH
CHRISTOPHER R. EGAN
DAVID R. HOUSE
Of Counsel

Date Signed: March 10, 2006

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that service of the foregoing

Answer has been made on March 10, 2006, by mailing a copy thereof to:

M. Todd Welty
901 Main Street, Suite 3700
Dallas, Texas 75202

*/s/ Grover Hartt, III*
GROVER HARTT, III