IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| J & J Fernandez Ventures, L.P., a California Limited Partnership, and JMJV Management Corporation as General Partner and Tax Matters Partner, | § | |
| Plaintiffs, | § | Case No. 06-27T<br>Judge Lawrence M. Baskir |
| v. | § | |
| United States of America, | § | |
| Defendant. | § | |

**PLAINTIFFS' UNOPPOSED MOTION TO CONSOLIDATE AND INCORPORATE MEMORANDUM OF LAW**

Pursuant to the Rules of the Court of Federal Claims ("RCFC") 42(a), Plaintiffs, J & J Fernandez Ventures, L.P. and JMJV Management Corporation ("Plaintiffs"), request that the Court consolidate *J & J Fernandez Ventures, L.P v. United States*, case no. 06-27T, filed in this Court on January 9, 2006 ("Second Action"), for all purposes, including motion for summary judgment, discovery, trial, and appeal with the case styled and numbered *J & J Fernandez Ventures, L.P. v United States*, case no. 05-26T, filed in this Court on January 7, 2005 ("First Action"). Alternatively, Plaintiffs request the Court to stay the Second Action until the resolution of the First Action. The United States ("the Government") does

not oppose this Motion. In support of this Motion, Plaintiffs will show the Court as follows:

## FACTUAL AND PROCEDURAL BACKGROUND

1. Plaintiffs filed the First Action on January 7, 2005, contesting certain adjustments made by the Internal Revenue Service ("IRS") in the Notice of Final Partnership Administrative Adjustment ("FPAA") issued to J & J Fernandez Ventures, L.P. ("J & J") for the 2000 taxable year (the "2000 FPAA").
2. Specifically, the 2000 FPAA adjusted J & J's capital gain on the sale of certain shares of Invitrogen, Inc. ("Invitrogen") stock in 2000 by adjusting the J & J's basis in the Invitrogen stock and the tax treatment of certain partnership items arising from certain transactions entered into by J & J and other related entities in 1999.
3. On October 13, 2005, the IRS issued to J & J an FPAA with respect to J & J's 2001, 2002 and 2003 taxable years (the "2001-2003 FPAA").
4. Specifically, the 2001-2003 FPAA adjusted J & J's capital gain on the sale of certain shares of Invitrogen stock in 2001, 2002 and 2003, by adjusting J & J's basis in the Invitrogen stock.

5. J & J and JMJV Management Corporation ("JMJV") filed the Second Action in this Court on January 9, 2006, contesting the adjustments made in the 2001-2003 FPAA.

6. At issue in both cases is the amount of J & J's basis in the Invitrogen stock and the proper tax treatment of certain partnership items arising from certain 1999 transactions. Both cases involve the same underlying transactions: 1) the Fernandez Family Trust's ("FFT's") contribution of certain proceeds from the short-sale of U.S. Treasury securities and the short-sale obligation to J & J in 1999 and 2) the 1999 sale of the 51% interest in J & J by the FFT to the Joseph M. Fernandez Descendants' Trust and the Joan V. Fernandez Descendants' Trust (collectively, the "Descendants' Trusts"). These transactions affected the tax treatment of the following 1999 partnership items: 1) the treatment of the short-sale obligation as a "liability" under I.R.C. § 752; 2) FFT's basis in its limited partnership interest in J & J; 3) the Descendants' Trusts' bases in their limited partnership interests in J & J; and 4) J & J and each partner's basis in the Invitrogen stock. Once the proper tax treatment for these 1999 partnership items is determined, the amount of gain from sale of the Invitrogen stock is purely a computational matter.

7. Plaintiffs have filed a Motion for Summary Judgment in the First Action on the ground that the IRS is barred from adjusting J & J's partnership items arising from the 1999 transactions. Plaintiffs' main argument is that because the IRS failed to timely issue an FPAA for J & J's 1999 tax year and because the IRS issued an FPAA to the wrong J & J partnership, the 1999 partnership items as reported by the partnership return are fixed and cannot be collaterally challenged in any FPAA issued to J & J for any of its subsequent taxable years. Specifically, the basis of the Invitrogen stock would be fixed and the IRS would be barred from adjusting any gains from subsequent sales of the Invitrogen stock.

8. The Government does not object to consolidation.

## ARGUMENT AND AUTHORITIES

Pursuant to RCFC 42(a), "[w]hen actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." RCFC 42(a).

It is within the Court's "broad discretion" to order consolidation of cases. *See AT & T v. U.S.*, 69 Fed. Cl. 547, 548 (2006) (citation omitted). Two inquiries are required to determine whether consolidation should be granted. *Id.* First, whether "common question of law or facts" exits in both cases. *Id.* Second, whether considerations regarding "the interest of judicial economy" outweigh "the potential for delay, confusion and prejudice that may result from consolidation." *Id.*

Here, both cases involve identical facts arising from the same 1999 transactions. Further, both cases seek to resolve the same legal issue—J & J's basis in the Invitrogen stock. In addition, the cases affect the exact same parties—the United States/IRS and J & J and its partners. The interest of judicial economy weighs in favor of consolidation and there is no potential delay, confusion or prejudice that may result from doing so.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request the Court to consolidate the Second Action with the First Action. Alternatively, Plaintiffs request the Court to stay the Second Action, until the final resolution of the First Action. Plaintiffs request that the Court grant Plaintiffs such additional and further relief to which they may be entitled.

Respectfully submitted,

[signature]

M. Todd Welty
Texas Bar No. 00788642
Josh O. Ungerman
Texas Bar No. 20393150

MEADOWS, OWENS, COLLIER,
REED, COUSINS & BLAU, L.L.P.
901 Main St., Ste. 3700
Dallas, TX 75202
(214) 744-3700 Tel.
(214) 747-3732 Fax
twelty@meadowsowens.com
jungerman@meadowsowens.com

ATTORNEYS-IN-CHARGE FOR
PLAINTIFFS
J & J FERNANDEZ VENTURES, L.P.
AND
JMJV MANAGEMENT CORPORATION

APRIL 26, 2006

## CERTIFICATE OF CONFERENCE

I hereby certify that on April 25, 2006, my office contacted Defendant's Counsel, Grover Hartt, regarding the relief sought in this Motion. Mr. Hartt stated that he is not opposed to the relief sought by this Motion. Mr. Hartt, does not agree, however, with all of the representations in the motion. In particular, Mr. Hartt contests the assertion that the 2000 and 2001-2003 FPAAs adjust 1999 partnership items.

M. TODD WELTY

## CERTIFICATE OF SERVICE

I certify that on April 26, 2006, I served a true and correct copy of the foregoing pleading on Grover Hartt, Esq., United States Department of Justice – Tax Division, 717 N. Harwood Street, Suite 400, Dallas, Texas 75201, via overnight delivery.

M. TODD WELTY