# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **J & J Fernandez Ventures, L.P., a California Limited Partnership, and JMJV Management Corporation as Tax Matters Partner and General Partner,** | § | |
| **Plaintiffs,** | § | **Case No. 06-27T** |
| **v.** | § | **Judge Lawrence M. Baskir** |
| **United States of America,** | § | |
| **Defendant.** | § | |

## NOTICE OF ADDITIONAL DEPOSIT UNDER 26 U.S.C. § 6226(e)

Plaintiffs file this Notice of Additional Deposit under 26 U.S.C. § 6226(e). The purpose of this Notice is to advise the court of an additional 26 U.S.C. § 6226(e) deposit made by Plaintiffs on May 26, 2006 in the amount of $233,048.00 and their compliance with the deposit requirements of that statutory provision. In support of this Notice, Plaintiffs respectfully show the Court as follows:

1. Plaintiffs remitted an original deposit under 26 USC § 6226(e) on January 5, 2005 via Federal Express delivery to the Internal Revenue Service in connection with filing their complaint in this case. The deposit was based on computations provided by Plaintiff's accountant, Mr. Larry Poster, CPA and was made on or before the day the complaint was filed as required by 26 USC § 6226(e). A copy of the original deposit is attached to the complaint filed by Plaintiffs in this case.

2. In a letter dated March 10, 2006 addressed to Plaintiff's counsel, Mr. Todd Welty, Respondent's attorney, Grover Hartt, III, claimed that the partners of J&J Fernandez had not complied with the deposit requirements of 26 U.S.C. §6226(e). Mr. Hartt asked Mr. Welty to

contact him to make arrangements for Mr. and Mrs. Fernandez to make an additional deposit. A copy of that letter is attached as Exhibit "A."

3. On March 14, 2006, Mr. Welty responded by letter requesting that the IRS promptly provide a copy of its computations for verification purposes. The letter also stated that Plaintiffs would make an additional deposit if necessary. A copy of that letter is attached as Exhibit "B."

4. After a few days of not receiving a response from the Government, Mr. Welty sent a follow-up letter to Mr. Hartt dated March 29, 2006. In the letter, Mr. Welty again requested a copy of the IRS calculations as soon as possible in order to resolve this issue. A copy of that letter is attached as Exhibit "C."

5. Respondent's attorney, Christopher Egan, issued Mr. Welty a letter dated April 28, 2006 in which he set forth a chart showing Mr. and Mrs. Fernandez to owe an additional deposit of $1,510,332.00 in total for the 2001, 2002 and 2003 tax years. Attached to the letter was a lengthy set of computations prepared by the Internal Revenue Service. A copy of that letter is attached as Exhibit "D." Plaintiff's counsel immediately forwarded the letter and computations to Plaintiff's accountant, Mr. Poster, for review and verification.

6. After reviewing the computations, Mr. Poster advised Plaintiffs that he agreed with the IRS computations for the 2003 tax year, but not for the other years. Plaintiffs promptly made an additional deposit of $233,048.00 on May 26, 2006 reflecting the additional deposit amount requested by Respondent for the 2003 tax year. A copy of that additional deposit is attached as Exhibit "E."

7. For the 2001 tax year, Mr. Poster concluded that the IRS failed to take into account a foreign tax credit of $9,788.00 and a charitable contribution deduction of $19,635.00

in computing Mr. and Mrs. Fernandez's tax liability. For the 2002 tax year, Mr. Poster concluded that the IRS erroneously added back a large net operating loss in computing the alternative minimum tax liability for Mr. and Mrs. Fernandez. When these errors are corrected, Mr. Poster determined that there is no deposit shortfall for either the 2001 or the 2002 tax years.

8. On the same day the additional deposit was sent to the IRS, Plaintiff's attorney, Mr. David Colmenero, issued a letter to Mr. Egan informing the Government of the additional deposit and of the errors discovered in the IRS computations. A copy of that letter is attached as Exhibit "F." Plaintiffs have not received a response from the Government.

The above facts show that Plaintiffs made a good faith attempt to satisfy the jurisdictional deposit requirements of 26 U.S.C. § 6226(e) and timely corrected the shortfall identified by the Government in its letter dated April 28, 2006. Accordingly, Plaintiffs have complied with the jurisdictional deposit requirement set forth in 26 U.S.C. § 6226(e).

Respectfully submitted,

*/s/ M. Todd Welty*

M. Todd Welty
Texas Bar No. 00788642
MEADOWS, OWENS, COLLIER, REED,
COUSINS & BLAU, L.L.P.
901 Main Street, Suite 3700
Dallas, TX 75202
(214) 744-3700 Telephone
(214) 747-3732 Facsimile
twelty@meadowsowens.com

ATTORNEY FOR PETITIONERS

## CERTIFICATE OF SERVICE

I hereby certify that on June 8, 2006, I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Grover Hartt, Esq.
U.S. Department of Justice—Tax Division
717 N. Harwood, Suite 400
Dallas, Texas 75201

*/s/ M. Todd Welty*
M. Todd Welty

338627.2