| Form 870-PT (08/2004) | DEPARTMENT OF THE TREASURY - INTERNAL REVENUE SERVICE<br>**Agreement for Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax, and Additional Amounts** | IN REPLY REFER TO:<br>Penny Schupmann |
|---|---|---|

| Taxpayer(s) name(s), address and ZIP code: | Name of Partnership: | Tax Year(s) Ended: |
|---|---|---|
| J&J Fernandez Ventures, LP<br>Attn: The Tax Matters Partner<br>c/o Mc Kean Financial, Inc.<br>P.O. Box 1031<br>La Jolla, CA 92038-1031 | J&J Fernandez Ventures, LP<br><br>Taxpayer Identifying Number:<br>33-0883605 | 12/31/2001,<br>12/31/2002 , and<br>12/31/2003 |
| Taxpayer Identifying Number: 33-0883605 | Name of Tax Matters Partner:<br>JMJV Management Corporation | |

## Offer of Agreement to Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax, and Additional Amounts & Waiver of Restrictions on Assessment for Partnership Items, Penalties, Additions to Tax, and Additional Amounts

Under sections 6224(c) and 7121 of the Internal Revenue Code (IRC) of 1986, the Commissioner of the Internal Revenue Service and the undersigned taxpayer(s) agree to the determination of partnership items and partnership level determinations as to penalties, additions to tax, and additional amounts that relate to adjustments to partnership items as shown on the attached schedule of adjustments.

The undersigned taxpayer(s), in accordance with IRC sections 6224(b) and 6213(d), also waive the restrictions provided by IRC sections 6225(a) and 6213(a) and consent to the assessment and collection of any deficiency attributable to partnership items, penalties, additions to tax, and additional amounts that relate to partnership items, as determined in this agreement; plus any interest provided by law.

This agreement is conditional and will not become effective or final until this agreement form is returned to the Commissioner and is signed on his or her behalf. The one-year extension of the period of limitations on assessments under IRC section 6229(f) will not begin to run until the date the Commissioner's representative signs this form on the Commissioner's behalf. If this is a partial agreement, the period of limitations for assessing any tax attributable to the settled items shall be determined as if this agreement had not been entered into.

If this part of this agreement form is signed for the Commissioner, the treatment of partnership items and partnership level determinations as to penalties, additions to tax and additional amounts that relate to adjustments to partnership items under this agreement will not be reopened in absence of fraud, malfeasance, or misrepresentation of fact. In addition, no claim for an adjustment of partnership items, refund or credit based on any change in the treatment of partnership items or partnership level determinations as to penalties, additions to tax and additional amounts may be filed or prosecuted.

| Signature of taxpayer | Date Signed |
|---|---|
| Signature of taxpayer | Date Signed |
| By (Signature and title) | Date Signed |

| FOR INTERNAL REVENUE USE ONLY | Date accepted for Commissioner | Signature |
|---|---|---|
| | Office | Title |

## INSTRUCTIONS FOR SIGNING FORM 870-PT

1. If a JOINT RETURN OF A HUSBAND AND WIFE was filed and both spouses intend to agree, both spouses should sign Form 870-PT. One spouse may sign as agent for the other if acting under a power of attorney, which, if not previously filed, must accompany this form. The IRS may accept the signature of only one spouse at its discretion. However, the agreement will only be binding on the signing spouse.
2. If the taxpayer is a corporation, the waiver must be signed with the corporate name followed by the signature and title of the officer authorized to sign Form 870-PT.
3. Your attorney or agent may sign for you if this action is specifically authorized by a power of attorney, which if not previously filed, must accompany this form.
4. If this offer is signed by a trust, the agreement must be signed with the trust name, followed by the signature and title of the person authorized to sign on behalf of the trust.
5. If this offer is with respect to the tax liability for the consolidated return year, the agreement should be signed in the name of the common parent of the consolidated group for the consolidated return year. The common parent corporation signs the agreement in its own name. The signature and title of a current officer of the common parent corporation, who is authorized to bind the corporation, should be displayed in the signature block.
6. If the Tax Matters Partner signs this offer, please include the title with the signature.
7. If this offer is signed by a Tax Matters Partner that is a subsidiary corporation, then an officer authorized to sign this agreement for the year(s) indicated on the form must sign for the parent corporation. An authorized officer for the subsidiary corporation should also sign if the Tax Matters Partner is binding non-notice partners under the agreement. See Treas. Reg. 1.1502-77(a)(3)(v).

Department of the Treasury - Internal Revenue Service

# AGREEMENT FOR PARTNERSHIP ITEMS AND PARTNERSHIP LEVEL DETERMINATION AS TO PENALTIES, ADDITIONS TO TAX, AND ADDITIONAL AMOUNTS

## SCHEDULE OF ADJUSTMENTS

| NAME OF PARTNERSHIP: J & J Fernandez Ventures, L.P. | TAX YEAR(S) ENDED | | |
|---|---|---|---|
| TAXPAYER IDENTIFYING NUMBER: 33-0883605 | 12/31/2001 | 12/31/2002 | 12/31/2003 |
| **DETAIL OF ADJUSTMENTS TO ORDINARY INCOME:** | | | |
| a. | | | |
| b. | | | |
| c. | | | |
| d. | | | |
| e. | | | |
| f. | | | |
| g. | | | |
| Total Adjustments to Ordinary Income | 0.00 | 0.00 | 0.00 |
| Other Adjustments | | | |
| a. Net income (loss) from rental real estate activities | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | (360.00) | (142.00) | 1.00 |
| (3) Corrected | (360.00) | (142.00) | 1.00 |
| b. Net income (loss) from other rental activities | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | (101.00) | (68.00) | 0.00 |
| (3) Corrected | (101.00) | (68.00) | 0.00 |

**Remarks:**

It is determined that the accuracy-related penalties provided by I.R.C. 6662(a) and 6662(h) apply to the entire amount of any underpayment of tax attributable to adjustments of the partnership items of J&J Fernandez Ventures, L.P., or to partnership-level determinations with respect to J&J Fernandez Ventures, L.P., for the taxable years ending December 31, 2001, December 31, 2002 and December 31, 2003. See Attachment to Form 870-PT for an explanation of adjustments of partnership items of J&J Fernandez Ventures, L.P., for taxable years ending December 31, 2001, December 31, 2002 and December 31, 2003.

## Form 870-PT, Other Adjustments (Continued)

Page of

Name of Partnership: J & J Fernandez Ventures, L.P.

Taxpayer Identifying Number: 33-0883605

| | Tax Year(s) Ended | | |
|---|---|---|---|
| | 12/31/2001 | 12/31/2002 | 12/31/2003 |
| c. Portfolio income (loss) interest | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | 302,846.00 | 70,427.00 | 122,763.00 |
| (3) Corrected | 302,846.00 | 70,427.00 | 122,763.00 |
| d. Portfolio income (loss) qualified dividends | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | 0.00 | 0.00 | 40,759.00 |
| (3) Corrected | 0.00 | 0.00 | 40,759.00 |
| e. Portfolio income (loss) dividends | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | 378,159.00 | 316,374.00 | 600,670.00 |
| (3) Corrected | 378,159.00 | 316,374.00 | 600,670.00 |
| f. Portfolio income (loss) royalties | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | 1.00 | 53.00 | 0.00 |
| (3) Corrected | 1.00 | 53.00 | 0.00 |
| g. Portfolio income (loss) net S/T gain (loss)-post May 5, 2003 | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | 0.00 | 0.00 | (5,150,788.00) |
| (3) Corrected | 0.00 | 0.00 | (5,150,788.00) |
| h. Portfolio income (loss) net short-term gain (loss) | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | 3,269,969.00 | (2,106,692.00) | (4,350,656.00) |
| (3) Corrected | 3,269,969.00 | (2,106,692.00) | (4,350,656.00) |
| i. Portfolio income (loss) net L/T gain(loss)-post May 5, 2003 | | | |
| (1) Adjustment | 0.00 | 0.00 | 6,720,000.00 |
| (2) As reported | 0.00 | 0.00 | 3,031,537.00 |
| (3) Corrected | 0.00 | 0.00 | 9,751,537.00 |
| j. Portfolio income net long-term gain (loss) total | | | |
| (1) Adjustment | 10,513,056.00 | 11,686,944.00 | 0.00 |
| (2) As reported | 3,326,833.00 | 4,757,946.00 | 3,118,630.00 |
| (3) Corrected | 13,839,889.00 | 16,444,890.00 | 3,118,630.00 |
| k. Other portfolio income (loss) | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | 200.00 | (7,561.00) | (12,837.00) |
| (3) Corrected | 200.00 | (7,561.00) | (12,837.00) |
| l. Net section 1231 gain(loss) not casualty/theft-post 05/05/03 | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | 0.00 | 0.00 | (139.00) |
| (3) Corrected | 0.00 | 0.00 | (139.00) |

# Form 870-PT, Other Adjustments (Continued)

Page of

Name of Partnership: J & J Fernandez Ventures, L.P.

Taxpayer Identifying Number: 33-0883605

| | Tax Year(s) Ended | | |
|---|---|---|---|
| | 12/31/2001 | 12/31/2002 | 12/31/2003 |
| m. Net gain (loss) under section 1231 not casualty/theft | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | 6,705.00 | (3,522.00) | (510.00) |
| (3) Corrected | 6,705.00 | (3,522.00) | (510.00) |
| n. Other income (loss) | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | (7,473.00) | (38,243.00) | 912.00 |
| (3) Corrected | (7,473.00) | (38,243.00) | 912.00 |
| o. Charitable contributions 50 percent | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | 13.00 | 14.00 | 136.00 |
| (3) Corrected | 13.00 | 14.00 | 136.00 |
| p. Deductions related to portfolio income | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | 338,970.00 | 385,217.00 | 261,810.00 |
| (3) Corrected | 338,970.00 | 385,217.00 | 261,810.00 |
| q. Interest expense on investment debts | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | 274,100.00 | 199,318.00 | 128,353.00 |
| (3) Corrected | 274,100.00 | 199,318.00 | 128,353.00 |
| r. Investment income included in portfolio income | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | 681,206.00 | 386,854.00 | 525,709.00 |
| (3) Corrected | 681,206.00 | 386,854.00 | 525,709.00 |
| s. Investment expenses in deduct. related to portfolio income | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | 338,970.00 | 385,217.00 | 261,810.00 |
| (3) Corrected | 338,970.00 | 385,217.00 | 261,810.00 |
| t. Other credits (not related to rental activities) | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | 0.00 | 777.00 | 350.00 |
| (3) Corrected | 0.00 | 777.00 | 350.00 |
| u. Adj./tax pref. items depreciation in serv. after 1986 | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | 4,609.00 | 2,576.00 | 1,808.00 |
| (3) Corrected | 4,609.00 | 2,576.00 | 1,808.00 |
| v Adj./tax pref. items adjusted gain or loss | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | (24.00) | (5.00) | (136.00) |
| (3) Corrected | (24.00) | (5.00) | (136.00) |

# Form 870-PT, Other Adjustments (Continued)

Page of

Name of Partnership: J & J Fernandez Ventures, L.P.

Taxpayer Identifying Number: 33-0883605

| | Tax Year(s) Ended | | |
|---|---|---|---|
| | 12/31/2001 | 12/31/2002 | 12/31/2003 |
| w Adj./tax pref. items gross inc. from oil, gas, geothermal | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | 0.00 | 1,106.00 | 0.00 |
| (3) Corrected | 0.00 | 1,106.00 | 0.00 |
| x. Adj./tax pref. items ded. allocable oil, gas, geothermal | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | 0.00 | 1,143.00 | 0.00 |
| (3) Corrected | 0.00 | 1,143.00 | 0.00 |
| y. Adj./tax pref. items other adjustments & tax pref. items | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | 0.00 | 0.00 | (6,829.00) |
| (3) Corrected | 0.00 | 0.00 | (6,829.00) |
| z. Foreign taxes - gross income from all sources | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | 7,663,377.00 | 2,798,168.00 | 3,922,666.00 |
| (3) Corrected | 7,663,377.00 | 2,798,168.00 | 3,922,666.00 |
| aa. Foreign gross income sourced at partnership - passive | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | 0.00 | 0.00 | 390,714.00 |
| (3) Corrected | 0.00 | 0.00 | 390,714.00 |
| ab. Foreign gross income sourced at partnership - limitation | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | 0.00 | 20,830.00 | 7,534.00 |
| (3) Corrected | 0.00 | 20,830.00 | 7,534.00 |
| ac. Deductions allocated/apportioned at partner level - interest | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | 0.00 | 0.00 | 127,985.00 |
| (3) Corrected | 0.00 | 0.00 | 127,985.00 |
| ad. Deductions allocated/apportioned at P/S level - passive | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | 0.00 | 39,056.00 | 33,434.00 |
| (3) Corrected | 0.00 | 39,056.00 | 33,434.00 |
| ae. Foreign taxes total foreign taxes paid / accrued | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | 9,819.00 | 6,978.00 | 5,906.00 |
| (3) Corrected | 9,819.00 | 6,978.00 | 5,906.00 |
| af. Tax-exempt interest income | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | 15,006.00 | 15,000.00 | 15,000.00 |
| (3) Corrected | 15,006.00 | 15,000.00 | 15,000.00 |

## Form 870-PT, Other Adjustments (Continued)

Page of

Name of Partnership: J & J Fernandez Ventures, L.P.

| Taxpayer Identifying Number: 33-0883605 | Tax Year(s) Ended | | |
|---|---|---|---|
| | 12/31/2001 | 12/31/2002 | 12/31/2003 |
| ag. Other tax-exempt income | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | 0.00 | 0.00 | 64,690.00 |
| (3) Corrected | 0.00 | 0.00 | 64,690.00 |
| ah. Distributions - money (cash/securities) | | | |
| (1) Adjustment | | 0.00 | 0.00 |
| (2) As reported | 25,251,355.00 | 4,107,777.00 | 3,230,154.00 |
| (3) Corrected | 25,251,355.00 | 4,107,777.00 | 3,230,154.00 |
| al. Capital Account Ending Balance | | | |
| (1) Adjustment | (18,416,216.00) | (6,729,272.00) | (9,272.00) |
| (2) As reported | 40,789,035.00 | 38,832,301.00 | 34,407,246.00 |
| (3) Corrected | 22,372,819.00 | 32,103,029.00 | 34,397,974.00 |
| | | | |
| (1) Adjustment | | | |
| (2) As reported | | | |
| (3) Corrected | | | |
| | | | |
| (1) Adjustment | | | |
| (2) As reported | | | |
| (3) Corrected | | | |
| | | | |
| (1) Adjustment | | | |
| (2) As reported | | | |
| (3) Corrected | | | |
| | | | |
| (1) Adjustment | | | |
| (2) As reported | | | |
| (3) Corrected | | | |
| | | | |
| (1) Adjustment | | | |
| (2) As reported | | | |
| (3) Corrected | | | |
| | | | |
| (1) Adjustment | | | |
| (2) As reported | | | |
| (3) Corrected | | | |
| | | | |
| (1) Adjustment | | | |
| (2) As reported | | | |
| (3) Corrected | | | |

## Notice 2000-44 Case

| ATTACHMENT TO FORM 870-PT | | | |
|---|---|---|---|
| EXPLANATION OF ADJUSTMENTS TO PARTNERSHIP ITEMS AND PARTNERSHIP LEVEL DETERMINATIONS | | | |
| PARTNERSHIP | | TAXPAYER ID | TAX PERIOD |
| J&J Fernandez Ventures, L.P. | | 33-0883605 | 12/31/2001 |
| ITEM | ADJUSTMENT | REPORTED | CORRECTED |
| I CAPITAL GAINS AND LOSSES | $10,513,056.00 | $3,326,833.00 | $13,839,889.00 |

It is determined that the amount of J&J Fernandez Ventures, L.P.'s adjusted basis in shares of the common stock of Invitrogen Corporation is zero (-0-) per share instead of $48.00 per share as claimed on the partnership's return for the taxable year 2001. Therefore, the partnership has net long-term capital gain of $13,839,889.00 for the taxable year 2001 instead of $3,326,833.00 as reported by the partnership.

A REASONS FOR THIS DETERMINATION INCLUDE THE FOLLOWING

1. You failed to establish that that the partnership's adjusted basis in the subject shares was more than zero (-0-) for purposes of determining gain or loss on the sale under I.R.C. § 1001.
2. You failed to establish that there was an adjustment to the basis of the subject shares under I.R.C. §§ 734 or 743.
3. You failed to establish that the partnership's carryover basis in the subject shares under I.R.C. § 723 was more than zero (-0-) when the shares were contributed to the partnership.

B TAX ITEMS OF THE PARTNERS THAT MAY BE AFFECTED INCLUDE THE FOLLOWING

1. The corrected amount of the partnership's net long-term capital gain for the taxable year 2001 is allocated among the partners in accordance with their respective percentage interests in the partnership under I.R.C. § 704.

ITEM

II ACCURACY RELATED PENALTY

It is determined that the accuracy-related penalties provided by I.R.C. §§ 6662(a) and 6662(h) apply to the entire amount of any underpayment of tax attributable to the increase in the amount of J&J Fernandez Ventures, L.P.'s net long-term capital gain for the taxable year 2001.

A REASONS FOR THIS DETERMINATION INCLUDE THE FOLLOWING

1. The entire amount of any underpayment of tax attributable to the increase in the amount of the partnership's net long-term capital gain for the taxable year 2001 is attributable to a gross valuation misstatement under I.R.C. § 6662(h).
2. The entire amount of any underpayment of tax attributable to the increase in the amount of the partnership's net long-term capital gain for the taxable year 2001 is attributable to a substantial valuation misstatement under I.R.C. § 6662(e).
3. The entire amount of any underpayment of tax attributable to the increase in the amount of the partnership's net long-term capital gain for the taxable year 2001 is attributable to negligence and disregard of rules and regulations for filing income tax returns under I.R.C. §§ 6662(a), 6662(b)(1), and 6662(c).
4. The entire amount of any underpayment of tax attributable to the increase in the amount of the partnership's net long-term capital gain for the taxable year 2001 is attributable to a substantial understatement of income tax under I.R.C. §§ 6662(a), 6662(b)(2), 6662(d)(1), and 6662(d)(2)(A).
5. The entire amount of any underpayment of tax attributable to the increase in the amount of the partnership's net long-term capital gain for the taxable year 2001 is attributable to a substantial understatement of income tax under I.R.C. §§ 6662(a), 6662(b)(2), 6662(d)(1) and 6662(d)(2)(C).
6. Neither Joseph M. Fernandez nor Joan V. Fernandez, in their respective capacities as officers and shareholders of JMJV Management Corporation, had reasonable cause or acted in good faith for purposes of I.R.C. § 6664 with respect to any underpayment of tax attributable to the increase in the amount of the partnership's net long-term capital gain for the taxable year 2001.

B TAX ITEMS OF THE PARTNERS THAT MAY BE AFFECTED INCLUDE THE FOLLOWING

1. Under I.R.C. § 6221, penalties determined at the partnership level are applied to underpayments attributable to partnership items and affected items at the partner-level, subject to partner-level defenses that may be asserted in an action for refund after assessment and payment.

## Notice 2000-44 Case

| ATTACHMENT TO FORM 870-PT<br>EXPLANATION OF ADJUSTMENTS TO PARTNERSHIP ITEMS<br>AND PARTNERSHIP-LEVEL DETERMINATIONS | | | |
|---|---|---|---|
| PARTNERSHIP | | TAXPAYER ID | TAX PERIOD |
| J&J Fernandez Ventures, L.P. | | 33-0883605 | 12/31/2002 |
| ITEM | ADJUSTMENT | REPORTED | CORRECTED |
| I CAPITAL GAINS AND LOSSES | $11,686,944.00 | $4,757,946.00 | $16,444,890.00 |

It is determined that the amount of J&J Fernandez Ventures, L.P.'s adjusted basis in shares of the common stock of Invitrogen Corporation is zero (-0-) per share instead of $48.00 per share as claimed on the partnership's return for the taxable year 2002. Therefore, the partnership has net long-term capital gain of $16,444,890.00 for the taxable year 2002 instead of net long-term capital gain of $4,757,946 00 as reported by the partnership.

A REASONS FOR THIS DETERMINATION INCLUDE THE FOLLOWING

1. You failed to establish that that the partnership's adjusted basis in the subject shares was more than zero (-0-) for purposes of determining gain or loss on the sale under I.R.C. § 1001.
2. You failed to establish that there was an adjustment to the basis of the subject shares under I.R.C. §§ 734 or 743.
3. You failed to establish that the partnership's carryover basis in the subject shares under I.R.C. § 723 was more than zero (-0-) when the shares were contributed to the partnership.

B TAX ITEMS OF THE PARTNERS THAT MAY BE AFFECTED INCLUDE THE FOLLOWING

1. The corrected amount of the partnership's net long-term capital gain for the taxable year 2002 is allocated among the partners in accordance with their respective percentage interests in the partnership under I.R.C. § 704.

ITEM

II ACCURACY RELATED PENALTY

It is determined that the accuracy-related penalties provided by I.R.C. §§ 6662(a) and 6662(h) apply to the entire amount of any underpayment of tax attributable to the increase in the amount of J&J Fernandez Ventures, L.P.'s net long-term capital gain for the taxable year 2002.

A REASONS FOR THIS DETERMINATION INCLUDE THE FOLLOWING

1. The entire amount of any underpayment of tax attributable to the increase in the amount of the partnership's net long-term capital gain for the taxable year 2002 is attributable to a gross valuation misstatement under I.R.C. § 6662(h).
2. The entire amount of any underpayment of tax attributable to the increase in the amount of the partnership's net long-term capital gain for the taxable year 2002 is attributable to a substantial valuation misstatement under I.R.C. § 6662(e).
3. The entire amount of any underpayment of tax attributable to the increase in the amount of the partnership's net long-term capital gain for the taxable year 2002 is attributable to negligence and disregard of rules and regulations for filing income tax returns under I.R.C. §§ 6662(a), 6662(b)(1), and 6662(c).
4. The entire amount of any underpayment of tax attributable to the increase in the amount of the partnership's net long-term capital gain for the taxable year 2002 is attributable to a substantial understatement of income tax under I.R.C. §§ 6662(a), 6662(b)(2), 6662(d)(1), and 6662(d)(2)(A).
5. The entire amount of any underpayment of tax attributable to the increase in the amount of the partnership's net long-term capital gain for the taxable year 2002 is attributable to a substantial understatement of income tax under I.R.C. §§ 6662(a), 6662(b)(2), 6662(d)(1) and 6662(d)(2)(C).
6. Neither Joseph M. Fernandez nor Joan V. Fernandez, in their respective capacities as officers and shareholders of JMJV Management Corporation, had reasonable cause or acted in good faith for purposes of I.R.C. § 6664 with respect to any underpayment of tax attributable to the increase in the amount of the partnership's net long-term capital gain for the taxable year 2002.

B TAX ITEMS OF THE PARTNERS THAT MAY BE AFFECTED INCLUDE THE FOLLOWING

1. Under I.R.C. § 6221, penalties determined at the partnership level are applied to underpayments attributable to partnership items and affected items at the partner-level, subject to partner-level defenses that may be asserted in an action for refund after assessment and payment.

Notice 2000-44 Case

| ATTACHMENT TO FORM 870-PT<br>EXPLANATION OF ADJUSTMENTS TO PARTNERSHIP ITEMS<br>AND PARTNERSHIP LEVEL DETERMINATIONS | | |
|---|---|---|
| **PARTNERSHIP** | **TAXPAYER ID** | **TAX PERIOD** |
| J&J Fernandez Ventures, L.P. | 33-0883605 | 12/31/2003 |

| ITEM | | ADJUSTMENT | REPORTED | CORRECTED |
|---|---|---|---|---|
| I | CAPITAL GAINS AND LOSSES | $6,720,000.00 | $3,118,630.00 | $9,838,630.00 |

It is determined that the amount of J&J Fernandez Ventures, L.P.'s adjusted basis in shares of the common stock of Invitrogen Corporation is zero (-0-) per share instead of $48.00 per share as claimed on the partnership's return for the taxable year 2003. Therefore, the partnership has net long-term capital gain of $9,838,630.00 for the taxable year 2003 instead of $3,118,630.00 as reported by the partnership.

A REASONS FOR THIS DETERMINATION INCLUDE THE FOLLOWING

1 You failed to establish that that the partnership's adjusted basis in the subject shares was more than zero (-0-) for purposes of determining gain or loss on the sale under I.R.C. § 1001.

2 You failed to establish that there was an adjustment to the basis of the subject shares under I.R.C. §§ 734 or 743.

3 You failed to establish that the partnership's carryover basis in the subject shares under I.R.C. § 723 was more than zero (-0-) when the shares were contributed to the partnership.

B TAX ITEMS OF THE PARTNERS THAT MAY BE AFFECTED INCLUDE THE FOLLOWING

1 The corrected amount of the partnership's net long-term capital gain for the taxable year 2003 is allocated among the partners in accordance with their respective percentage interests in the partnership under I.R.C. § 704.

**ITEM**

II ACCURACY RELATED PENALTY

It is determined that the accuracy-related penalties provided by I.R.C. §§ 6662(a) and 6662(h) apply to the entire amount of any underpayment of tax attributable to the increase in the amount of J&J Fernandez Ventures, L.P.'s net long-term capital gain for the taxable year 2003.

A REASONS FOR THIS DETERMINATION INCLUDE THE FOLLOWING

1 The entire amount of any underpayment of tax attributable to the increase in the amount of the partnership's net long-term capital gain for the taxable year 2003 is attributable to a gross valuation misstatement under I.R.C. § 6662(h).

2 The entire amount of any underpayment of tax attributable to the increase in the amount of the partnership's net long-term capital gain for the taxable year 2003 is attributable to a substantial valuation misstatement under I.R.C. § 6662(e).

3 The entire amount of any underpayment of tax attributable to the increase in the amount of the partnership's net long-term capital gain for the taxable year 2003 is attributable to negligence and disregard of rules and regulations for filing income tax returns under I.R.C. §§ 6662(a), 6662(b)(1), and 6662(c).

4 The entire amount of any underpayment of tax attributable to the increase in the amount of the partnership's net long-term capital gain for the taxable year 2003 is attributable to a substantial understatement of income tax under I.R.C. §§ 6662(a), 6662(b)(2), 6662(d)(1), and 6662(d)(2)(A).

5 The entire amount of any underpayment of tax attributable to the increase in the amount of the partnership's net long-term capital gain for the taxable year 2003 is attributable to a substantial understatement of income tax under I.R.C. §§ 6662(a), 6662(b)(2), 6662(d)(1) and 6662(d)(2)(C).

6 Neither Joseph M. Fernandez nor Joan V. Fernandez, in their respective capacities as officers and shareholders of JMJV Management Corporation, had reasonable cause or acted in good faith for purposes of I.R.C. § 6664 with respect to any underpayment of tax attributable to the increase in the amount of the partnership's net long-term capital gain for the taxable year 2003.

B TAX ITEMS OF THE PARTNERS THAT MAY BE AFFECTED INCLUDE THE FOLLOWING

1 Under I.R.C. § 6221, penalties determined at the partnership level are applied to underpayments attributable to partnership items and affected items at the partner-level, subject to partner-level defenses that may be asserted in an action for refund after assessment and payment.

**Exhibit B**

Notice 2000-44 Case

Internal Revenue Service
P.O. Box 66781 Stop 4020 STL
Attn: Penny Schupmann
St. Louis, MO 63166

Department of the Treasury

Refer To: Penny Schupmann

Name of Partnership: J&J Fernandez Ventures, LP

Partnership Identifying Number: 33-0883605

Tax Year Ended: December 31, 2001, December 31, 2002
And December 31, 2003

Date: OCT 13 2005

Date FPAA Mailed to the Tax Matters Partner:
OCT 13 2005

J&J Fernandez Ventures, LP
Attn: The Tax Matters Partner
c/o Mc Kean Financial, Inc.
P.O. Box 1031
La Jolla, CA 92038-1031

Person to Contact: Penny Schupmann
Employee Number: 43-15317

Contact Telephone Number: 314-612-4367
(not a toll free number)

Contact Hours: 8:00 AM to 4:30 PM

## NOTICE OF FINAL PARTNERSHIP ADMINISTRATIVE ADJUSTMENT

The law requires us to send a Notice of Final Partnership Administrative Adjustment (FPAA) to the partnership named above, for the tax year shown above, and to each partner who is entitled to receive this notice.

We are proposing adjustments to the partnership items of the partnership and the tax year shown above. We will send the examination report outlining these adjustments to the Tax Matters Partner (TMP) of the partnership. (The TMP is the partner designated by the partnership to deal with the IRS.) He/she is also authorized to act for the partners who are not entitled to receive this notice. Any partner who wants a copy of the examination report should request it from the TMP. If the TMP is unable to provide you with a copy of the examination report, please contact the person named in the heading of this letter.

Taxable Years Ending Before August 6, 1997:

The adjustments to the partnership items reported on the partnership tax return may cause an increase or decrease to the tax liability on your individual return. Form 870-P, *Agreement to Assessment and Collection of Deficiency in Tax for Partnership Adjustments*, is a summary of the proposed adjustments to the partnership return. You can compute your share of the proposed adjustments by multiplying each adjusted partnership item by your percentage interest for that partnership item.

Taxable Years Ending After August 5, 1997:

The adjustments to the partnership items reported on the partnership tax return may cause an increase or decrease in the tax liability on your individual return. The adjustments may include partnership level determinations regarding penalties and additions to tax that relate to adjustments to partnership items. Form 870-PT, *Agreement for Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax, and Additional Amounts*, is a summary of the proposed adjustments to the partnership return. You can compute your share of the proposed adjustments by multiplying each adjusted partnership item by your percentage interest for that partnership item.

EXHIBIT
tabbies
A

You have three options available to you:

**1. If you agree with the adjustments:**

Sign and return the enclosed Form 870-P/Form 870-PT. When you sign Form 870-P/Form 870-PT, you are agreeing to pay any additional tax and interest resulting from the adjustments to the partnership return. For tax years ending after August 5, 1997, you are also agreeing to any partnership level determination as to penalties, additions to tax and additional amounts that relate to adjustments to partnership items, if any. In addition, you are waiving your rights to participate in any administrative or judicial proceeding affecting partnership items and in partnership level determinations as to penalties, additions to tax and additional amounts that relate to adjustments to partnership items for the tax year in question. This is a binding settlement only if you sign and return Form 870-P/Form 870-PT and we sign on behalf of the Commissioner of Internal Revenue Service. When we sign the agreement form, the one-year extension of the period of limitations on assessments will begin under Internal Revenue Code section 6229(f). Once the agreement is signed by both parties, you may not file a claim to change the items in question or claim a refund/credit based on a readjustment.

Note: If you are the TMP of the partnership, see the section of this letter entitled, *"For the Tax Matters Partner of the Partnership"*.

**2. If you do not agree with the adjustments:**

If you are the TMP of the partnership and want to contest the adjustments in court, you must file a petition within 90 days from the date this letter. During this 90-day period, no other partner may file a petition for judicial review. You can file your petition for readjustment of partnership items with:

1. the United States Tax Court;
2. the United States Court of Federal Claims; or
3. the District Court of the United States, in the district of the partnership's principal place of business.

A petition filed by the TMP precludes all other actions. If the TMP doesn't file a petition by the 90th day from the date the FPAA was mailed, any partner or any 5 percent group entitled to receive this notice may petition one of these courts. A "5 percent group" includes any group of partners who together have an interest of five percent or more in profits of the partnership. The petition must be filed after the 90th day, but on or before the 150th day from the date the FPAA was mailed to the TMP. If more that one petition is filed in Tax Court, the first petition will go forward. All other petitions (even those filed earlier in one of the other courts) will be dismissed. If no one files a petition in Tax Court, the first petition filed in one of the other courts will go forward and subsequent petitions will be dismissed.

Petitions filed with the United States Tax Court must be mailed to:

**United States Tax Court**
**400 Second Street, NW**
**Washington, DC 20217**

Attach a copy of this letter to the petition. The time in which you must file a petition with the court is fixed by law and the court can't consider your case if your petition is filed late. If this letter is addressed to both a husband and wife and both want to petition the Tax Court, both must sign the petition or each must file a separate signed petition.

When a partner (including each member of a 5 percent group that files a petition) files a petition in either the appropriate District Court of the Court of Federal Claims, the partner filing the petition must deposit the amount that the partner's tax liability would be increased if the treatment of the partnership

items on the partner's return were made consistent with the treatment of partnership items under the FPAA. If you reported the partnership items the way the partnership reported them on its return, you can generally determine the amount to deposit by taking your pro rata share of the partnership adjustments into account in recomputing your tax. You must deposit the appropriate amount with the IRS on or before the day you file your petition.

**3. If you do nothing:**

If a petition for readjustment is not filed in any of the courts listed in this letter, the FPAA becomes final, and we will bill you for any additional tax plus interest that you may owe under the FPAA. You will not be permitted to contest the treatment of the partnership items of the partnership under the FPAA in any refund claim or suit. The law allows the Service to bill you 150 days from the mailing date of the FPAA to the TMP.

However, if a petition is filed in the Tax Court, and the Tax Court upholds the adjustments in whole or in part, we will not bill you until the Tax Court decision is final.

You may wish to contact the TMP of the partnership or your tax advisor to discuss this matter.

If you have any questions, please write to the person whose name and address are shown in the heading of this letter. If you write, attach a copy of this letter to help identify your account. Also, include your telephone number and the most convenient time for us to call you in case we need additional information.

If you prefer, you may call the IRS contact person at the telephone number shown in the heading of this letter. If this number is outside your local calling area, there will be a long distance charge to you.

Thank you for your cooperation.

Sincerely,

for Kevin Harris,
Technical Services
Territory Manager

Enclosures:
Form 870-P/Form 870-PT
Copy of this letter

## FOR THE TAX MATTERS PARTNER OF THE PARTNERSHIP

If you are the Tax Matters Partner (TMP), you are entitled to make an agreement to bind non-notice partners to the treatment of the partnership items as shown on the enclosed schedule of adjustments. You must add the following statement above the signature blocks on the Form 870-P or Form 870-PT:

"The undersigned Tax Matters Partner is signing this offer on behalf of himself (herself) and all other partners whom he (she) has the authority to bind; a final agreement resulting from the co-signature of the Commissioner of Internal Revenue will be binding on all such other partners."

As the TMP, you may submit a petition, as described above for the partnership on behalf of all partners.

If you have any questions, you can call the IRS contact person at the telephone number shown in the heading of this letter. Thank you for your cooperation.