## INSTRUCTIONS FOR SIGNING FORM 870-PT

1. If a JOINT RETURN OF A HUSBAND AND WIFE was filed and both spouses intend to agree, both spouses should sign Form 870-PT. One spouse may sign as agent for the other if acting under a power of attorney, which, if not previously filed, must accompany this form. The IRS may accept the signature of only one spouse at its discretion. However, the agreement will only be binding on the signing spouse.

2. If the taxpayer is a corporation, the waiver must be signed with the corporate name followed by the signature and title of the officer authorized to sign Form 870-PT.

3. Your attorney or agent may sign for you if this action is specifically authorized by a power of attorney, which if not previously filed, must accompany this form.

4. If this offer is signed by a trust, the agreement must be signed with the trust name, followed by the signature and title of the person authorized to sign on behalf of the trust.

5. If this offer is with respect to the tax liability for the consolidated return year, the agreement should be signed in the name of the common parent of the consolidated group for the consolidated return year. The common parent corporation signs the agreement in its own name. The signature and title of a current officer of the common parent corporation, who is authorized to bind the corporation, should be displayed in the signature block.

6. If the Tax Matters Partner signs this offer, please include the title with the signature.

7. If this offer is signed by a Tax Matters Partner that is a subsidiary corporation, then an officer authorized to sign this agreement for the year(s) indicated on the form must sign for the parent corporation. An authorized officer for the subsidiary corporation should also sign if the Tax Matters Partner is binding non-notice partners under the agreement. See Treas. Reg. 1.1502-77(a)(3)(v).

| Form 870-PT (08/2004) | DEPAR[illegible]NT OF THE TREASURY - INTERNAL REVENUE S[illegible]VICE<br>**Agreement for Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax, and Additional Amounts** | IN REPLY REFER TO:<br>Penny Schupmann |
|---|---|---|

| Taxpayer(s) name(s), address and ZIP code: | Name of Partnership: | Tax Year(s) Ended: |
|---|---|---|
| J&J Fernandez Ventures, LP<br>Attn: The Tax Matters Partner<br>c/o Mc Kean Financial, Inc.<br>P.O. Box 1031<br>La Jolla, CA 92038-1031<br><br>Taxpayer Identifying Number: 33-0883605 | J&J Fernandez Ventures, LP<br><br>Taxpayer Identifying Number:<br>33-0883605<br><br>Name of Tax Matters Partner:<br>JMJV Management Corporation | 12/31/2001,<br>12/31/2002 , and<br>12/31/2003 |

## Offer of Agreement to Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax, and Additional Amounts & Waiver of Restrictions on Assessment for Partnership Items, Penalties, Additions to Tax, and Additional Amounts

Under sections 6224(c) and 7121 of the Internal Revenue Code (IRC) of 1986, the Commissioner of the Internal Revenue Service and the undersigned taxpayer(s) agree to the determination of partnership items and partnership level determinations as to penalties, additions to tax, and additional amounts that relate to adjustments to partnership items as shown on the attached schedule of adjustments.

The undersigned taxpayer(s), in accordance with IRC sections 6224(b) and 6213(d), also waive the restrictions provided by IRC sections 6225(a) and 6213(a) and consent to the assessment and collection of any deficiency attributable to partnership items, penalties, additions to tax, and additional amounts that relate to partnership items, as determined in this agreement; plus any interest provided by law.

This agreement is conditional and will not become effective or final until this agreement form is returned to the Commissioner and is signed on his or her behalf. The one-year extension of the period of limitations on assessments under IRC section 6229(f) will not begin to run until the date the Commissioner's representative signs this form on the Commissioner's behalf. If this is a partial agreement, the period of limitations for assessing any tax attributable to the settled items shall be determined as if this agreement had not been entered into.

If this part of this agreement form is signed for the Commissioner, the treatment of partnership items and partnership level determinations as to penalties, additions to tax and additional amounts that relate to adjustments to partnership items under this agreement will not be reopened in absence of fraud, malfeasance, or misrepresentation of fact. In addition, no claim for an adjustment of partnership items, refund or credit based on any change in the treatment of partnership items or partnership level determinations as to penalties, additions to tax and additional amounts may be filed or prosecuted.

| | |
|---|---|
| Signature of taxpayer | Date Signed |
| Signature of taxpayer | Date Signed |
| By (Signature and title) | Date Signed |

| FOR INTERNAL REVENUE USE ONLY | Date accepted for Commissioner | Signature |
|---|---|---|
| | Office | Title |

Department of the Treasury - Internal Revenue Service

# AGREEMENT FOR PARTNERSHIP ITEMS AND PARTNERSHIP LEVEL DETERMINATION AS TO PENALTIES, ADDITIONS TO TAX, AND ADDITIONAL AMOUNTS

## SCHEDULE OF ADJUSTMENTS

| NAME OF PARTNERSHIP: J & J Fernandez Ventures, L.P. | TAX YEAR(S) ENDED | | |
|---|---|---|---|
| TAXPAYER IDENTIFYING NUMBER: 33-0883605 | 12/31/2001 | 12/31/2002 | 12/31/2003 |
| DETAIL OF ADJUSTMENTS TO ORDINARY INCOME: | | | |
| a. | | | |
| b. | | | |
| c. | | | |
| d. | | | |
| e. | | | |
| f. | | | |
| g. | | | |
| Total Adjustments to Ordinary Income | 0.00 | 0.00 | 0.00 |
| Other Adjustments | | | |
| a. Net income (loss) from rental real estate activities | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | (360.00) | (142.00) | 1.00 |
| (3) Corrected | (360.00) | (142.00) | 1.00 |
| b. Net income (loss) from other rental activities | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | (101.00) | (68.00) | 0.00 |
| (3) Corrected | (101.00) | (68.00) | 0.00 |

**Remarks:**

It is determined that the accuracy-related penalties provided by I.R.C. 6662(a) and 6662(h) apply to the entire amount of any underpayment of tax attributable to adjustments of the partnership items of J&J Fernandez Ventures, L.P., or to partnership-level determinations with respect to J&J Fernandez Ventures, L.P., for the taxable years ending December 31, 2001, December 31, 2002 and December 31, 2003. See Attachment to Form 870-PT for an explanation of adjustments of partnership items of J&J Fernandez Ventures, L.P., for taxable years ending December 31, 2001, December 31, 2002 and December 31, 2003.

## Form 870-PT, Other Adjustments (Continued)

Page of

Name of Partnership: J & J Fernandez Ventures, L.P.

| Taxpayer Identifying Number: 33-0883605 | Tax Year(s) Ended | | |
|---|---|---|---|
| | 12/31/2001 | 12/31/2002 | 12/31/2003 |
| c. Portfolio income (loss) interest | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | 302,846.00 | 70,427.00 | 122,763.00 |
| (3) Corrected | 302,846.00 | 70,427.00 | 122,763.00 |
| d. Portfolio income (loss) qualified dividends | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | 0.00 | 0.00 | 40,759.00 |
| (3) Corrected | 0.00 | 0.00 | 40,759.00 |
| e. Portfolio income (loss) dividends | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | 378,159.00 | 316,374.00 | 600,670.00 |
| (3) Corrected | 378,159.00 | 316,374.00 | 600,670.00 |
| f. Portfolio income (loss) royalties | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | 1.00 | 53.00 | 0.00 |
| (3) Corrected | 1.00 | 53.00 | 0.00 |
| g. Portfolio income (loss) net S/T gain (loss)-post May 5, 2003 | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | 0.00 | 0.00 | (5,150,788.00) |
| (3) Corrected | 0.00 | 0.00 | (5,150,788.00) |
| h. Portfolio income (loss) net short-term gain (loss) | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | 3,269,969.00 | (2,106,692.00) | (4,350,656.00) |
| (3) Corrected | 3,269,969.00 | (2,106,692.00) | (4,350,656.00) |
| i. Portfolio income (loss) net L/T gain(loss)-post May 5, 2003 | | | |
| (1) Adjustment | 0.00 | 0.00 | 6,720,000.00 |
| (2) As reported | 0.00 | 0.00 | 3,031,537.00 |
| (3) Corrected | 0.00 | 0.00 | 9,751,537.00 |
| j. Portfolio income net long-term gain (loss) total | | | |
| (1) Adjustment | 10,513,056.00 | 11,686,944.00 | 0.00 |
| (2) As reported | 3,326,833.00 | 4,757,946.00 | 3,118,630.00 |
| (3) Corrected | 13,839,889.00 | 16,444,890.00 | 3,118,630.00 |
| k. Other portfolio income (loss) | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | 200.00 | (7,561.00) | (12,837.00) |
| (3) Corrected | 200.00 | (7,561.00) | (12,837.00) |
| l. Net section 1231 gain(loss) not casualty/theft-post 05/05/03 | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | 0.00 | 0.00 | (139.00) |
| (3) Corrected | 0.00 | 0.00 | (139.00) |

## Form 870-PT, Other Adjustments (Continued)

Page of

Name of Partnership: J & J Fernandez Ventures, L.P.

| Taxpayer Identifying Number: 33-0883605 | Tax Year(s) Ended | | |
|---|---|---|---|
| | 12/31/2001 | 12/31/2002 | 12/31/2003 |
| m. Net gain (loss) under section 1231 not casualty/theft | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | 6,705.00 | (3,522.00) | (510.00) |
| (3) Corrected | 6,705.00 | (3,522.00) | (510.00) |
| n. Other income (loss) | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | (7,473.00) | (38,243.00) | 912.00 |
| (3) Corrected | (7,473.00) | (38,243.00) | 912.00 |
| o. Charitable contributions 50 percent | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | 13.00 | 14.00 | 136.00 |
| (3) Corrected | 13.00 | 14.00 | 136.00 |
| p. Deductions related to portfolio income | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | 338,970.00 | 385,217.00 | 261,810.00 |
| (3) Corrected | 338,970.00 | 385,217.00 | 261,810.00 |
| q. Interest expense on investment debts | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | 274,100.00 | 199,318.00 | 128,353.00 |
| (3) Corrected | 274,100.00 | 199,318.00 | 128,353.00 |
| r. Investment income included in portfolio income | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | 681,206.00 | 386,854.00 | 525,709.00 |
| (3) Corrected | 681,206.00 | 386,854.00 | 525,709.00 |
| s. Investment expenses in deduct. related to portfolio income | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | 338,970.00 | 385,217.00 | 261,810.00 |
| (3) Corrected | 338,970.00 | 385,217.00 | 261,810.00 |
| t. Other credits (not related to rental activities) | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | 0.00 | 777.00 | 350.00 |
| (3) Corrected | 0.00 | 777.00 | 350.00 |
| u. Adj./tax pref. items depreciation in serv. after 1986 | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | 4,609.00 | 2,576.00 | 1,808.00 |
| (3) Corrected | 4,609.00 | 2,576.00 | 1,808.00 |
| v. Adj./tax pref. items adjusted gain or loss | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | (24.00) | (5.00) | (136.00) |
| (3) Corrected | (24.00) | (5.00) | (136.00) |

## Form 870-PT, Other Adjustments (Continued)

Page of

Name of Partnership: J & J Fernandez Ventures, L.P.

| Taxpayer Identifying Number: 33-0883605 | Tax Year(s) Ended | | |
|---|---|---|---|
| | 12/31/2001 | 12/31/2002 | 12/31/2003 |
| w. Adj./tax pref. items gross inc. from oil, gas, geothermal | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | 0.00 | 1,106.00 | 0.00 |
| (3) Corrected | 0.00 | 1,106.00 | 0.00 |
| x. Adj./tax pref. items ded. allocable oil, gas, geothermal | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | 0.00 | 1,143.00 | 0.00 |
| (3) Corrected | 0.00 | 1,143.00 | 0.00 |
| y. Adj./tax pref. items other adjustments & tax pref. items | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | 0.00 | 0.00 | (6,829.00) |
| (3) Corrected | 0.00 | 0.00 | (6,829.00) |
| z. Foreign taxes - gross income from all sources | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | 7,663,377.00 | 2,798,168.00 | 3,922,666.00 |
| (3) Corrected | 7,663,377.00 | 2,798,168.00 | 3,922,666.00 |
| aa. Foreign gross income sourced at partnership - passive | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | 0.00 | 0.00 | 390,714.00 |
| (3) Corrected | 0.00 | 0.00 | 390,714.00 |
| ab. Foreign gross income sourced at partnership - limitation | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | 0.00 | 20,830.00 | 7,534.00 |
| (3) Corrected | 0.00 | 20,830.00 | 7,534.00 |
| ac Deductions allocated/apportioned at partner level - interest | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | 0.00 | 0.00 | 127,985.00 |
| (3) Corrected | 0.00 | 0.00 | 127,985.00 |
| ad. Deductions allocated/apportioned at P/S level - passive | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | 0.00 | 39,056.00 | 33,434.00 |
| (3) Corrected | 0.00 | 39,056.00 | 33,434.00 |
| ae. Foreign taxes total foreign taxes paid / accrued | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | 9,819.00 | 6,978.00 | 5,906.00 |
| (3) Corrected | 9,819.00 | 6,978.00 | 5,906.00 |
| af. Tax-exempt interest income | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | 15,006.00 | 15,000.00 | 15,000.00 |
| (3) Corrected | 15,006.00 | 15,000.00 | 15,000.00 |

## Form 870-PT, Other Adjustments (Continued)

Page of

Name of Partnership: J & J Fernandez Ventures, L.P.

| Taxpayer Identifying Number: 33-0883605 | Tax Year(s) Ended | | |
|---|---|---|---|
| | 12/31/2001 | 12/31/2002 | 12/31/2003 |
| ag. Other tax-exempt income | | | |
| (1) Adjustment | 0.00 | 0.00 | 0.00 |
| (2) As reported | 0.00 | 0.00 | 64,690.00 |
| (3) Corrected | 0.00 | 0.00 | 64,690.00 |
| ah. Distributions - money (cash/securities) | | | |
| (1) Adjustment | | 0.00 | 0.00 |
| (2) As reported | 25,251,355.00 | 4,107,777.00 | 3,230,154.00 |
| (3) Corrected | 25,251,355.00 | 4,107,777.00 | 3,230,154.00 |
| ai. Capital Account Ending Balance | | | |
| (1) Adjustment | (18,416,216.00) | (6,729,272.00) | (9,272.00) |
| (2) As reported | 40,789,035.00 | 38,832,301.00 | 34,407,246.00 |
| (3) Corrected | 22,372,819.00 | 32,103,029.00 | 34,397,974.00 |
| | | | |
| (1) Adjustment | | | |
| (2) As reported | | | |
| (3) Corrected | | | |
| | | | |
| (1) Adjustment | | | |
| (2) As reported | | | |
| (3) Corrected | | | |
| | | | |
| (1) Adjustment | | | |
| (2) As reported | | | |
| (3) Corrected | | | |
| | | | |
| (1) Adjustment | | | |
| (2) As reported | | | |
| (3) Corrected | | | |
| | | | |
| (1) Adjustment | | | |
| (2) As reported | | | |
| (3) Corrected | | | |
| | | | |
| (1) Adjustment | | | |
| (2) As reported | | | |
| (3) Corrected | | | |
| | | | |
| (1) Adjustment | | | |
| (2) As reported | | | |
| (3) Corrected | | | |

Notice 2000-44 Case

| ATTACHMENT TO FORM 870-PT | | | |
|---|---|---|---|
| EXPLANATION OF ADJUSTMENTS TO PARTNERSHIP ITEMS AND PARTNERSHIP LEVEL DETERMINATIONS | | | |
| PARTNERSHIP | | TAXPAYER ID | TAX PERIOD |
| J&J Fernandez Ventures, L.P. | | 33-0883605 | 12/31/2001 |
| ITEM | ADJUSTMENT | REPORTED | CORRECTED |
| I CAPITAL GAINS AND LOSSES | $10,513,056.00 | $3,326,833.00 | $13,839,889.00 |

It is determined that the amount of J&J Fernandez Ventures, L.P.'s adjusted basis in shares of the common stock of Invitrogen Corporation is zero (-0-) per share instead of $48.00 per share as claimed on the partnership's return for the taxable year 2001. Therefore, the partnership has net long-term capital gain of $13,839,889.00 for the taxable year 2001 instead of $3,326,833.00 as reported by the partnership.

A REASONS FOR THIS DETERMINATION INCLUDE THE FOLLOWING

1. You failed to establish that that the partnership's adjusted basis in the subject shares was more than zero (-0-) for purposes of determining gain or loss on the sale under I.R.C. § 1001.
2. You failed to establish that there was an adjustment to the basis of the subject shares under I.R.C. §§ 734 or 743.
3. You failed to establish that the partnership's carryover basis in the subject shares under I.R.C. § 723 was more than zero (-0-) when the shares were contributed to the partnership.

B TAX ITEMS OF THE PARTNERS THAT MAY BE AFFECTED INCLUDE THE FOLLOWING

1. The corrected amount of the partnership's net long-term capital gain for the taxable year 2001 is allocated among the partners in accordance with their respective percentage interests in the partnership under I.R.C. § 704.

ITEM

II ACCURACY RELATED PENALTY

It is determined that the accuracy-related penalties provided by I.R.C. §§ 6662(a) and 6662(h) apply to the entire amount of any underpayment of tax attributable to the increase in the amount of J&J Fernandez Ventures, L.P.'s net long-term capital gain for the taxable year 2001.

A REASONS FOR THIS DETERMINATION INCLUDE THE FOLLOWING

1. The entire amount of any underpayment of tax attributable to the increase in the amount of the partnership's net long-term capital gain for the taxable year 2001 is attributable to a gross valuation misstatement under I.R.C. § 6662(h).
2. The entire amount of any underpayment of tax attributable to the increase in the amount of the partnership's net long-term capital gain for the taxable year 2001 is attributable to a substantial valuation misstatement under I.R.C. § 6662(e).
3. The entire amount of any underpayment of tax attributable to the increase in the amount of the partnership's net long-term capital gain for the taxable year 2001 is attributable to negligence and disregard of rules and regulations for filing income tax returns under I.R.C. §§ 6662(a), 6662(b)(1), and 6662(c).
4. The entire amount of any underpayment of tax attributable to the increase in the amount of the partnership's net long-term capital gain for the taxable year 2001 is attributable to a substantial understatement of income tax under I.R.C. §§ 6662(a), 6662(b)(2), 6662(d)(1), and 6662(d)(2)(A).
5. The entire amount of any underpayment of tax attributable to the increase in the amount of the partnership's net long-term capital gain for the taxable year 2001 is attributable to a substantial understatement of income tax under I.R.C. §§ 6662(a), 6662(b)(2), 6662(d)(1) and 6662(d)(2)(C).
6. Neither Joseph M. Fernandez nor Joan V. Fernandez, in their respective capacities as officers and shareholders of JMJV Management Corporation, had reasonable cause or acted in good faith for purposes of I.R.C. § 6664 with respect to any underpayment of tax attributable to the increase in the amount of the partnership's net long-term capital gain for the taxable year 2001.

B TAX ITEMS OF THE PARTNERS THAT MAY BE AFFECTED INCLUDE THE FOLLOWING

1. Under I.R.C. § 6221, penalties determined at the partnership level are applied to underpayments attributable to partnership items and affected items at the partner-level, subject to partner-level defenses that may be asserted in an action for refund after assessment and payment.

## Notice 2000-44 Case

| ATTACHMENT TO FORM 870-PT<br>EXPLANATION OF ADJUSTMENTS TO PARTNERSHIP ITEMS<br>AND PARTNERSHIP LEVEL DETERMINATIONS | | | |
|---|---|---|---|
| PARTNERSHIP | | TAXPAYER ID | TAX PERIOD |
| J&J Fernandez Ventures, L.P. | | 33-0883605 | 12/31/2002 |
| ITEM | ADJUSTMENT | REPORTED | CORRECTED |
| I CAPITAL GAINS AND LOSSES | $11,686,944.00 | $4,757,946.00 | $16,444,890.00 |

It is determined that the amount of J&J Fernandez Ventures, L.P.'s adjusted basis in shares of the common stock of Invitrogen Corporation is zero (-0-) per share instead of $48.00 per share as claimed on the partnership's return for the taxable year 2002. Therefore, the partnership has net long-term capital gain of $16,444,890 00 for the taxable year 2002 instead of net long-term capital gain of $4,757,946.00 as reported by the partnership.

A REASONS FOR THIS DETERMINATION INCLUDE THE FOLLOWING

1 You failed to establish that that the partnership's adjusted basis in the subject shares was more than zero (-0-) for purposes of determining gain or loss on the sale under I.R.C. § 1001.

2 You failed to establish that there was an adjustment to the basis of the subject shares under I.R.C. §§ 734 or 743.

3 You failed to establish that the partnership's carryover basis in the subject shares under I.R.C. § 723 was more than zero (-0-) when the shares were contributed to the partnership.

B TAX ITEMS OF THE PARTNERS THAT MAY BE AFFECTED INCLUDE THE FOLLOWING

1 The corrected amount of the partnership's net long-term capital gain for the taxable year 2002 is allocated among the partners in accordance with their respective percentage interests in the partnership under I.R.C. § 704.

ITEM

II ACCURACY RELATED PENALTY

It is determined that the accuracy-related penalties provided by I.R.C. §§ 6662(a) and 6662(h) apply to the entire amount of any underpayment of tax attributable to the increase in the amount of J&J Fernandez Ventures, L.P.'s net long-term capital gain for the taxable year 2002.

A REASONS FOR THIS DETERMINATION INCLUDE THE FOLLOWING

1 The entire amount of any underpayment of tax attributable to the increase in the amount of the partnership's net long-term capital gain for the taxable year 2002 is attributable to a gross valuation misstatement under I.R.C. § 6662(h).

2 The entire amount of any underpayment of tax attributable to the increase in the amount of the partnership's net long-term capital gain for the taxable year 2002 is attributable to a substantial valuation misstatement under I.R.C. § 6662(e).

3 The entire amount of any underpayment of tax attributable to the increase in the amount of the partnership's net long-term capital gain for the taxable year 2002 is attributable to negligence and disregard of rules and regulations for filing income tax returns under I.R.C. §§ 6662(a), 6662(b)(1), and 6662(c).

4 The entire amount of any underpayment of tax attributable to the increase in the amount of the partnership's net long-term capital gain for the taxable year 2002 is attributable to a substantial understatement of income tax under I.R.C. §§ 6662(a), 6662(b)(2), 6662(d)(1), and 6662(d)(2)(A).

5 The entire amount of any underpayment of tax attributable to the increase in the amount of the partnership's net long-term capital gain for the taxable year 2002 is attributable to a substantial understatement of income tax under I.R.C. §§ 6662(a), 6662(b)(2), 6662(d)(1) and 6662(d)(2)(C).

6 Neither Joseph M. Fernandez nor Joan V. Fernandez, in their respective capacities as officers and shareholders of JMJV Management Corporation, had reasonable cause or acted in good faith for purposes of I.R.C. § 6664 with respect to any underpayment of tax attributable to the increase in the amount of the partnership's net long-term capital gain for the taxable year 2002.

B TAX ITEMS OF THE PARTNERS THAT MAY BE AFFECTED INCLUDE THE FOLLOWING

1 Under I.R.C. § 6221, penalties determined at the partnership level are applied to underpayments attributable to partnership items and affected items at the partner-level, subject to partner-level defenses that may be asserted in an action for refund after assessment and payment.

Notice 2000-44 Case

| ATTACHMENT TO FORM 870-PT | | | | |
|---|---|---|---|---|
| EXPLANATION OF ADJUSTMENTS TO PARTNERSHIP ITEMS AND PARTNERSHIP LEVEL DETERMINATIONS | | | | |
| PARTNERSHIP | | | TAXPAYER ID | TAX PERIOD |
| J&J Fernandez Ventures, L.P. | | | 33-0883605 | 12/31/2003 |
| ITEM | | ADJUSTMENT | REPORTED | CORRECTED |
| I | CAPITAL GAINS AND LOSSES | $6,720,000.00 | $3,118,630.00 | $9,838,630.00 |

It is determined that the amount of J&J Fernandez Ventures, L.P.'s adjusted basis in shares of the common stock of Invitrogen Corporation is zero (-0-) per share instead of $48.00 per share as claimed on the partnership's return for the taxable year 2003. Therefore, the partnership has net long-term capital gain of $9,838,630.00 for the taxable year 2003 instead of $3,118,630.00 as reported by the partnership.

A | REASONS FOR THIS DETERMINATION INCLUDE THE FOLLOWING

1. You failed to establish that that the partnership's adjusted basis in the subject shares was more than zero (-0-) for purposes of determining gain or loss on the sale under I.R.C. § 1001.
2. You failed to establish that there was an adjustment to the basis of the subject shares under I.R.C. §§ 734 or 743.
3. You failed to establish that the partnership's carryover basis in the subject shares under I.R.C. § 723 was more than zero (-0-) when the shares were contributed to the partnership.

B | TAX ITEMS OF THE PARTNERS THAT MAY BE AFFECTED INCLUDE THE FOLLOWING

1. The corrected amount of the partnership's net long-term capital gain for the taxable year 2003 is allocated among the partners in accordance with their respective percentage interests in the partnership under I.R.C. § 704.

ITEM

II | ACCURACY RELATED PENALTY

It is determined that the accuracy-related penalties provided by I.R.C. §§ 6662(a) and 6662(h) apply to the entire amount of any underpayment of tax attributable to the increase in the amount of J&J Fernandez Ventures, L.P.'s net long-term capital gain for the taxable year 2003.

A | REASONS FOR THIS DETERMINATION INCLUDE THE FOLLOWING

1. The entire amount of any underpayment of tax attributable to the increase in the amount of the partnership's net long-term capital gain for the taxable year 2003 is attributable to a gross valuation misstatement under I.R.C. § 6662(h).
2. The entire amount of any underpayment of tax attributable to the increase in the amount of the partnership's net long-term capital gain for the taxable year 2003 is attributable to a substantial valuation misstatement under I.R.C. § 6662(e).
3. The entire amount of any underpayment of tax attributable to the increase in the amount of the partnership's net long-term capital gain for the taxable year 2003 is attributable to negligence and disregard of rules and regulations for filing income tax returns under I.R.C. §§ 6662(a), 6662(b)(1), and 6662(c).
4. The entire amount of any underpayment of tax attributable to the increase in the amount of the partnership's net long-term capital gain for the taxable year 2003 is attributable to a substantial understatement of income tax under I.R.C. §§ 6662(a), 6662(b)(2), 6662(d)(1), and 6662(d)(2)(A).
5. The entire amount of any underpayment of tax attributable to the increase in the amount of the partnership's net long-term capital gain for the taxable year 2003 is attributable to a substantial understatement of income tax under I.R.C. §§ 6662(a), 6662(b)(2), 6662(d)(1) and 6662(d)(2)(C).
6. Neither Joseph M. Fernandez nor Joan V. Fernandez, in their respective capacities as officers and shareholders of JMJV Management Corporation, had reasonable cause or acted in good faith for purposes of I.R.C. § 6664 with respect to any underpayment of tax attributable to the increase in the amount of the partnership's net long-term capital gain for the taxable year 2003.

B | TAX ITEMS OF THE PARTNERS THAT MAY BE AFFECTED INCLUDE THE FOLLOWING

1. Under I.R.C. § 6221, penalties determined at the partnership level are applied to underpayments attributable to partnership items and affected items at the partner-level, subject to partner-level defenses that may be asserted in an action for refund after assessment and payment.