**MEADOWS, OWENS, COLLIER, REED, COUSINS & BLAU, L.L.P.**
ATTORNEYS AT LAW
A REGISTERED LIMITED LIABILITY PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS
901 MAIN STREET, SUITE 3700
DALLAS, TEXAS 75202
(214) 744-3700

DAVID E. COLMENERO, P.C.
Partner

FAX (214) 747-3732
WATS (800) 451-0093
dcolmenero@meadowsowens.com

May 26, 2006

Mr. Christopher R. Egan
Trial Attorney
U.S. Department of Justice
Tax Division
717 N. Harwood, Suite 400
Dallas, TX 75201

*Via Federal Express*

**Re: J&J Fernandez Ventures, LP v. United States of America**
**Civil No. 06-27T (U. S. Court of Federal Claims)**

Dear Chris:

This letter responds to your April 26th letter to Todd Welty of this office, whereby the Government alleged that Joseph and Joan Fernandez (the "Taxpayers") under-deposited the tax specified in IRC § 6226(e).

We submitted your computations to Mr. Fernandez's accountant (Larry Poster) for review. He is in agreement with the additional deposit that you have requested for the 2003 tax year. We therefore submitted an additional deposit in the amount of $233,048 on behalf of Mr. and Mrs. Fernandez for the 2003 tax year to the Internal Revenue Service via federal express today. I am attaching a copy of the additional deposit for your review.

He is in disagreement, however, with your computations for the 2001 tax year because it appears that the Government has failed to take into account an available credit and deduction in that year. The Taxpayers reported the following items on their 2001 tax return: (1) a foreign tax credit of $9,788.00; and (2) a charitable contribution of $19,635.00. Because of their income level, the Taxpayers' credit and deduction were limited on their return as originally filed. Thus, they did not claim these items in full. Assuming the validity of the FPAA, the Taxpayers' income for 2001 would increase, which would enable the Taxpayers to claim the full amount of this credit and deduction. The Government's computations do not take these items into account. Once these items are taken into account, there should be no deposit shortfall for the 2001 tax year.

EXHIBIT
tabbies
F

Mr. Poster also disagrees with the Government's computations for the 2002 tax year. According to Mr. Poster, the Government erroneously added back the net operating loss (NOL) that the Taxpayers claimed on their 2002 tax return in computing the AMT liability. Assuming the validity of the FPAA, the Taxpayers would not have an NOL carryover to tax year 2002. Thus, there would be no NOL add-back for purposes of the AMT calculation. Once this error is corrected, there should be no deposit shortfall for the 2002 tax year.

Please take a look at the IRS computations in light of the above information. In the event that the Government disagrees with our analysis, please contact me at your earliest convenience so that we may resolve this matter promptly.

Very truly yours,

DAVID E. COLMENERO, P.C.

David E. Colmenero, President

DEC/APD/lw/338325

Enclosures

Cc: Mr. Joseph Fernandez
Mr. Todd Welty
Mr. Anthony Daddino
Mr. Josh Ungerman